UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| XIONGEN JIAO, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-01848 |
| | § | |
| NINGBO XU, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

Defendant Ningbo Xu's moves to dismiss Plaintiffs' § 10b-5 securities fraud claims pursuant to Rule 12(b)(6). (Doc. 32). Defendant raises the following grounds for dismissal: (I) Plaintiffs do not satisfy the heightened pleading standard for securities cases; (II) Plaintiffs Jiao, Yu and Zhou do not have standing to assert a securities fraud claim; (III) Plaintiffs do not plausibly plead that the alleged securities fraud transaction is a domestic transaction. (Doc. 32 at 2). The Court concludes that none of the three grounds is persuasive.

### I. Heightened Pleading

According to Rule 9(b) of the Federal Rules of Civil Procedure and the pleading requirements of the Private Securities Litigation Reform Act ("PSLRA"), securities fraud allegations are subject to a heightened pleading standard and must be asserted with specificity and particularity. FED. R. CIV. P. 9(b); *see also* 15 U.S.C.A. §§ 78u-4(b)(1), 78u-4(b)(2)(A). To meet these requirements a Plaintiff must plausibly allege that a defendant, in connection with the purchase or sale of securities, made a misrepresentation or omission of a material fact, with scienter, that the plaintiff relied on and that caused injury to the plaintiff. *See Masel v. Villarreal*, 924 F.3d 734, 743 (5th Cir. 2019).

Defendant argues that "Plaintiffs do not properly or specifically allege that Defendant Xu (acting with scienter) committed a material misrepresentation in connection with the purchase or sale of any security." (Doc. 32 at 8). But paragraphs 30–55 and 216–238 of the Second Amended Complaint (Doc. 21), along with accompanying exhibits, adequately lay out the relevant alleged

misstatements. Furthermore, events alleged in the complaint provide ample circumstantial evident that Xu's material representations were false when made. These events include Defendant's alleged failure to pay his $3 million capital contribution, falsification of documents, withdrawal of funds for personal use, and willful withholding of dividend distributions. (Doc. 21 at ¶¶ 50–53, 57–62, 63–80). These same alleged events support a "cogent and compelling" inference of scienter. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007); *see also Sec. & Exch. Comm'n v. Sethi*, 910 F.3d 198, 207 (5th Cir. 2018) (affirming district court's finding of misrepresentation and scienter based on a pattern of making false representations). Plaintiffs have also adequately and specifically pleaded that Defendant's alleged fraud caused them to buy or sell securities and that the fraud caused them loss or damage. (Doc. 21 at ¶¶ 42–43, 177, 299–300).

Defendant further argues that, because "Plaintiffs' securities fraud allegations focus exclusively on the alleged conduct of Defendant Xu" none of Plaintiff's fraud allegations "specifically implicate Defendants LCL Company, LLC or Dongtai Investment Group, LLC." (Doc. 32 at 6). However, corporate scienter is necessarily derived from its employees or directors. *See Teamsters Local 445 Freight Pension Fund v. Dynex Capital, Inc.*, 531 F.3d 190, 195 (2d Cir. 2008); *see also Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 365–66 (5th Cir. 2004) ("Statements attributed to individual defendants are also treated as having been made by [the company], as all of them appear from the face of the Complaint to have been made pursuant to their positions of authority within the company"). Defendant is the "sole Managing Member of Dongtai" and also the "sole owner of LCL." (Doc. 21, ¶1). The allegations specifically pleaded against Defendant are attributable to those business entities.

## II.     Standing

To have standing, a Rule 10b-5 plaintiff in a private damages action must have been a purchaser or seller of the securities that form the basis of the material omission, misstatement, or deceptive conduct. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 731 (1975).

Defendant argues that Plaintiffs Jiao, Yu, and Zhou never actually purchased any security from Xu because "Jiao, Yu, and Zhou were assigned their membership interests by Plaintiffs XJ, ZY and PZ after the alleged misrepresentations occurred." (Doc. 32 at 10).

However, "[a]ssignees of a claim, including assignees for collection, have long been permitted to bring suit." *In re: BP p.l.c. Sec. Litig.*, 2016 WL 29300, at *3 (S.D. Tex. Jan. 4, 2016) (J. Ellison) (citing *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 275 (2008)). This holds true in the Rule 10b-5 context unless assignment presents particular policy concerns, including evidentiary or procedural concerns. *Id*. No such concerns exist here. Jiao, Yu, and Zhou were involved in negotiations even prior to assignment and have a solid evidentiary basis for their testimony. Moreover, the assignment appears to have been made in good faith as an ordinary business transaction and will not cause any procedural problems in the current action. The general rule applies— Jiao, Yu, and Zhou have standing to sue as assignees.

### III. Location of Transaction

"[T]he focus of the Exchange Act is not upon the place where the deception originated, but upon purchases and sales of securities in the United States." *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 266 (2010). Defendant argues that "Plaintiffs' complaint does not properly establish that the alleged securities fraud transaction occurred exclusively in the United States as a domestic transaction." (Doc. 32 at 10). However, the complaint makes clear that the purchase involved a Texas limited liability company's member units, and the exhibits attached to the complaint demonstrate that Plaintiffs paid U.S. currency for domestic LLC member units.

### IV. Conclusion

For the above reasons, Defendant's Motion to Dismiss (Doc. 32) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, this the 24th day of January 2020.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE