# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| JIAO, et. al.<br>　　Plaintiff,<br><br>v.<br><br>XU, et. al.<br>　　Defendant. | §<br>§<br>§<br>§<br>§　CIVIL ACTION NO 4:19-CV-01848<br>§<br>§<br>§<br>§<br>§ |

## PROPOSED INTERVENORS' MOTION TO INTERVENE

TO THE HONORABLE KEITH P. ELLISON:

COME NOW, Proposed Intervenors, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON subscribing to Certificate No. AMR-59149 each for themselves alone and no other, severally not jointly, based on their own respective percentage of interest; Indian Harbor Insurance Company; QBE Specialty Insurance Company; Steadfast Insurance Company; General Security Indemnity Company of Arizona; United Specialty Insurance Company; Lexington Insurance Company; Princeton Excess and Surplus Lines Insurance Company; HDI Global Specialty SE (formerly known as International Insurance Company of Hannover SE); Old Republic Union Insurance Company; (collectively "Proposed Intervenors" or "Insurers"), and file this Motion to Intervene for the limited purpose of gaining access to the court records, certain discovery, certain depositions, and related exhibits in this case. In support, Insurers would show as follows:

### BACKGROUND

Insurers subscribe to a commercial property insurance policy Certificate No. AMR-59159 ("Policy") issued to Dongtai Investment Group LLC ("Dongtai") with respect to a Crowne Plaza-branded hotel located at 9090 Southwest Freeway, Houston, Texas 77074, and with effective dates May 30, 2017 to May 30, 2018. Dongtai is currently pursuing a breach of contract claim against

Insurers seeking damages of approximately $15 million stemming from purported wind-related damage to the hotel that occurred on or about August 26, 2017. The claim is in arbitration, and an arbitration hearing is currently set for the week of February 17, 2020.

Insurers recently discovered the lawsuit ("*Jiao* lawsuit") pending before this Court. Based on Insurers' review of the limited information publicly available, it is apparent that both matters involve intertwining material issues concerning, among other things, the cause of the purported loss in value of the hotel. Based on our review of the docketed entries in this matter, and specifically sworn statements and financial disclosures concerning the financial health of the hotel, we believe that Insurers may be necessary or interested parties in the above matter. Insurers have serious concerns that the arbitral proceeding could result in inconsistent findings on overlapping issues concerning the hotel, and the rights of those with an actual interest in it. Insurers also have reason to question whether Dongtai's members and loss payees have been notified about the arbitral proceeding.

## ARGUMENTS & AUTHORITIES

### A. Permissive Intervention is Warranted Under Rule 24(b)

In other contexts, permissive intervention under Rule 24(b) ordinarily requires intervening parties to demonstrate (1) an independent ground for subject matter jurisdiction; (2) that the motion is timely; and (3) that the claim or defense has a question of law or fact in common with the main action. Fed. R. Civ. P. 24(b). However, "[n]onparties to a case routinely access documents and records under a protective order or under seal in a civil case through motions for permissive intervention under Rule 24(b)(2)."[1] *Newby v. Enron Corp.*, 443 F.3d 416, 424 (5th Cir. 2006)

---

[1] Rule 24 of the Federal Rules of Civil Procedure was amended and renumbered shortly after *Newby* was decided. The relevant provision relating to a "claim or defense" that the *Newby* court was referring to as "Rule 24(b)(2)" is now contained in Rule 24(b)(1)(B). *See* Fed. R. Civ. P. 24 (2006); *see also Newby*, 443 F.3d at 422 (mentioning "'claim or defense' when discussing what was then Rule 24(b)(2)).

2

(citing *San Jose Mercury News, Inc.,* 187 F.3d 1096, 1100 (9th Cir. 1999); *EEOC v. National Children's Ctr.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998)); *see also* 6 MOORE'S FEDERAL PRACTICE – CIVIL § 24.11 n.44 (2019) (collecting cases). Indeed, numerous other circuits who have considered the question have recognized that nonparties may intervene under Rule 24(b) to seek access to protected or sealed materials.[2] This is because courts construe the relevant portions of Rule 24(b) "liberally." *Newby*, 443 F.3d at 422–23 (citing *In re* Estelle, 516 F.2d 480, 485 (5th Cir. 1975); *SEC v. United States Realty & Improvement Co.*, 310 U.S. 434, 459 (1940) ("This provision [Rule 24(b)(1)(B)] plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation")).

### 1. Independent Jurisdiction is Not Required For Intervenors Seeking Access to Court Records and Discovery Materials, and the Court Retains Inherent Authority to Modify Orders

The Fifth Circuit has held that a party seeking access to sealed documents or discovery need not establish an independent basis of jurisdiction or standing because the court already has the power to determine whether the documents in the case should be protected or sealed. *Newby*, 443 F.3d at 419–20; *see also Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015) (per curiam) ("[W]hen a party is seeking to intervene only to modify a protective order or unseal documents, and not to litigate a claim on the merits, an independent basis of jurisdiction is not required."); *National Children's Ctr.*, 146 F.3d at 1046. For the same reason, a court retains "ongoing inherent authority—and therefore jurisdiction—to modify its own orders, even after the underlying case has been dismissed." 6 MOORE'S FEDERAL PRACTICE – CIVIL § 24.11. Thus, an intervenor's motion may be considered timely even where it is made *long after* the case has terminated. *Id*. at n.46 (collecting circuit cases finding same).

---

[2] *Pansy v. Boroguh of Stroudsberg*, 23 F.3d 772, 778 (3d Cir. 1994); *Grove Fresh Distributors,Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 896 (7th Cir. 1994); *United Nuclear Corp v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990); *Meyer Goldberg of Lorain v. Fisher Foods*, 823 F.2d 159, 162 (6th Cir. 1987).

Here, it is well-settled that Proposed Intervenors are not required to establish an independent basis for jurisdiction because the Court's jurisdiction already exists. Likewise, Proposed Intervenors only recently discovered the pending matter before this Court and filed this motion as soon as practicable under the circumstances. In any event, as this case remains pending, Proposed Intervenors' motion is well within the range that other courts have found timely.

**2. A Common Question of Law or Fact Exists, Although One is Not Required In These Circumstances**

Additionally, where, as here, an intervenor seeks access to court records or discovery materials that have been sealed or are subject to the court's protective order, and not to litigate a claim on the merits, the "requirement that the applicant for intervention show a question of law or fact in common between the main action and the intervenor's claim or defense is not applicable, because the putative intervenor does not seek to litigate a substantive claim or defense." 6 MOORE'S FEDERAL PRACTICE – CIVIL § 24.11 (citing *National Children's Ctr.*, 146 F.3d at 1045); *see also Newby*, 443 F.3d at 422–23; *In re Estelle*, 516 F.2d at 485; *United States Realty & Improvement Co.*, 310 U.S. at 459. Here, Proposed Intervenors solely seek access to sealed and/or protected court records and discovery materials, and do not seek to litigate a claim on the merits. Thus, Proposed Intervenors are not required to show that a common question of law or fact exists.

Nevertheless, as outlined above and in Proposed Intervenor's initial letter, a review of the limited information available regarding this Court's pending matter indicate that common questions of law and/or fact exist that involve intertwining material issues, including, among other things, the cause of the purported loss in value of the hotel and the rights of those with an actual interest in it. Put another way, in the arbitration, a dispute exists regarding Dongtai's allegations that the hotel lost value due to weather-related damage. In the limited information available regarding the matter before this Court, shareholders appear to have alleged that the hotel in fact lost value as a direct result of the named Defendants' "conduct arising out of Xu's theft of funds,

4

violation of federal securities law, fraud, fraudulent concealment, conversion of Dongtai's and Plaintiffs' funds, and gross mismanagement of Dongtai's business operations including but not limited to the joint venture and investment in the Crowne Plaza Hotel . . . ." *See* Dkt. 21.

### 3. Proposed Intervenor's Motion Will Not Cause Delay or Prejudice the Rights of the Parties

None of the parties will be prejudiced by the Proposed Intervenors' access to court records and discovery materials, and providing access to these records and materials will not delay, let alone unduly delay, the adjudication of the rights of the original parties in any respect. *See* Fed. R. Civ. P. 24(b)(3); *Newby*, 443 F.3d at 424; *In re Enron*, 229 F.R.D. at 130–31; *Gulf State Utils. Code v. Associated Elec. & Gas Ind. Servs., Ltd.*, No. Civ. A. 89-4086, 1992 U.S. Dist. LEXIS 15240, at *1–*2 (E.D. La. Oct. 7, 1992). Importantly, the original parties are not prejudiced by intervention when the intervention is done solely for the limited purpose of seeking access to records and not to intervene on the merits. *See, e.g.*, *United Nuclear Corp*, 905 F.2d at 1427 (in analyzing proposed intervention three years after case settled, holding "[t]he most important circumstance in this case is that intervention was not on the merits, but for the sole purpose of challenging a protective order"); *State Farm Fire & Cas. Co. v. Hood*, 266 F.R.D. 135, 143 (S.D. Miss. 2010) (finding *intervenors* would be prejudiced if not allowed to intervene to seek release of confidential documents even after waiting approximately 15 months to seek intervention); *Gulf State*, 1992 U.S. Dist. LEXIS at *1 (finding original parties are not prejudiced when nonparties do not seek intervention on the merits).

Here, Proposed Intervenors seek to intervene solely for the limited purpose of seeking access to court records and discovery materials, and not to intervene on the merits. Moreover, Proposed Intervenors are not seeking to participate and/or direct discovery. Thus, there can be no prejudice to the original parties and no delay in the adjudication of their rights.

## B. These Circumstances Also Satisfy the Requirements for Intervention as of Right Under Rule 24(a)(2)

The circumstances presented here, where there simultaneously exists pending arbitration and the matter before this Court that each involve adjudication of the intertwining and material questions as to the cause of the alleged loss in value of the hotel also would satisfy the requirements for intervention as of right. *See* Fed. R. Civ. P. 24(a)(2). Intervention as of right is available subject to the following requirements:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996) (en banc).

Proposed Intervenors' motion is timely for the reasons discussed above. Proposed Intervenors only recently became aware of the matter before this Court and filed this motion promptly thereafter. *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1203 (5th Cir. 1992) (noting that post-judgment intervention is permitted). Second, Proposed Intervenors' rights may be affected by the outcome of this case. In particular, it is conceivable that the resolution of this matter and the pending arbitration may arrive at mutually exclusive determinations as to the cause of the alleged loss of value for the hotel that is the subject of both cases. Thus, Proposed Intervenors have a direct interest in a material issue in the matter before this Court, and Proposed Intervenors' ability to protect that interest would be impaired or impeded if not allowed to intervene. Finally, for the same reasons, none of the existing parties are able to adequately represent Proposed Intervenors' interests in the matter before this Court.

6
PD.27927279.1

### C. The Public Has a Common Law Right to Access

The Fifth Circuit has also recognized that the general public has a common law right to access court records. *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017) ("[T]he right of access promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness."); *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) ("We disagree . . . with any suggestion that the public's right of access to judicial records is relevant only when asserted by a third party, such as a journalist, with no direct stake in the proceedings."). "Public confidence in our judicial system cannot long be maintained were important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." *Holy Land*, 624 F.3d at 690 (internal alternation omitted).

### PRAYER

WHEREFORE, Proposed Intervenors respectfully request that the Court (1) allow Proposed Intervenors to intervene in this lawsuit for the purpose of seeking access to the court records, certain discovery, certain depositions, and related exhibits; (2) modify the Court's orders previously entered in this case to allow Proposed Intervenors access to the court records, certain discovery, certain depositions, and related exhibits; and (3) grant any such further relief as it deems reasonable and just.

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:    */s/ Paige C. Jones*
       Paige C. Jones
       Attorney-In-Charge
       Texas Bar No. 24054609
       paige.jones@phelps.com
       115 Grand Avenue, Ste. 222
       Southlake, Texas 76092
       Telephone: (817) 488-3134
       Telecopier: (817) 488-3214

**ATTORNEYS FOR PROPOSED INTERVENORS**

**OF COUNSEL:**
Ashley M. Parker
Texas Bar No. 24081085
Federal Bar No. 1512920
ashley.parker@phelps.com
PHELPS DUNBAR LLP
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopies: (713) 626-1388

# CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing instrument has been served upon all known counsel of record as listed below by placing a copy of same in the United States mail, certified, return receipt requested, electronically, and/or hand delivery on February 4, 2020.

| | |
|---|---|
| Yaou Li<br>Brian Michael Gargano<br>NGUYEN & CHEN, LLP<br>11200 Westheimer Rd., Suite 120<br>Houston, TX 77042<br>*COUNSEL FOR PLAINTIFFS* | **VIA E-FILE NOTIFICATION:**<br>service@nguyen-chen.com<br>bgargano@nguyen-chen.com<br>jimleavens@wt.net<br>todd@trobleylaw.com<br>neal@ncannonlaw.com<br>adambrownlaw@yahoo.com |

James Edward Leavens
SOAPE LEAVENS ET AL
9525 Katy Fwy., Suite 250
Houston, TX 77024

Joseph Todd Trombley
THE TROMBLEY LAW FIRM, PLLC
440 Louisiana, Suite 2000
Houston, TX 77002

Neal Durant Cannon, Jr.
NEAL DURANT CANNON, ATTORNEY AT LAW
P.O. Box 572226
Houston, TX 77257

Adam Banks Brown
THE ADAM BANKS BROWN LAW FIRM
300 Main St., Suite 200
Houston, TX 77002
*COUNSEL FOR DEFENDANTS*

              */s/ Ashley M. Parker*