**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| XIONGEN JIAO, an individual, et al., | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | |
| NINGBO XU, an individual, and LCL COMPANY LLC, a Texas limited liability company, | § § § § | C.A. NO. 4:19-CV-01848 Hon. Keith P. Ellison |
| Defendants, | § § § | |
| And | § § | |
| DONGTAI INVESTMENT GROUP, LLC, a Texas limited liability company | § § § | |
| Nominal Defendant. | § § § | |

**PROPOSED INTERVENOR'S MOTION TO INTERVENE**

TO THE HONORABLE JUDGE ELLISON:

Proposed Intervenors, New Era Life Insurance Company, and Philadelphia American Life Insurance Company (collectively, "Lenders"), file this motion to intervene under Federal Rule of Civil Procedure 24, complaining of Dongtai Investment Group, LLC and would respectfully show the Court as follows:

**I.    SUMMARY OF RELIEF REQUESTED**

1.    Proposed Intervenors are holders of the notes made by Dongtai, which total more $9.5 million. The notes are secured by a deed of trust in connection with the real property and improvements known as the Crowne Plaza Hotel located at 9090 Southwest Freeway Houston TX 77049 which is owned by Dongtai. And Dongtai has failed to satisfy its obligations to Proposed Intervenors under the relevant lending documents.

2.    Proposed Intervenors are entitled to intervene because:

a) They have a direct, substantial, and legally protectable claims against Defendants and Plaintiffs;

b) Defendants' wrongdoings including any frauds, theft, conversion, and mismanagement of Dongtai at issue in this lawsuit have caused damage to them;

c) Dongtai's default on its obligations under its loan agreements, promissory notes, and deed of trust with Proposed Intervenors fall within the scope of the court-appointed receiver's responsibilities to the Court;

d) The parties to the suit have failed to maintain or repair the Hotel; and

e) Proposed Intervenors have a secured interest in Dongtai's assets, accounts, and any insurance settlement proceeds received in connection with any policy securing the Hotel.

## II.    RELEVANT BACKGROUND

3.       On or about May 19, 2017, Proposed Intervenors New Era Life Insurance Company, and Philadelphia American Life Insurance Company ("NELIC" and "PALIC" respectively) executed certain Loan Agreements and Promissory Notes with Dongtai pertaining to the Crowne Plaza-branded hotel located at 9090 Southwest Freeway, Houston, Texas 77074. Under the Loan Agreements, Dongtai made a number of affirmative covenants to NELIC and PALIC including but not limited to 1) produce all existing annual financial reports, balance sheets, statements of income, etc., to 2) make available all of Borrower's books of account and other records to Lenders, to 3) provide notice of all litigation and proceedings 4) pay taxes.

4.       On or about May 19, 2017, Dongtai executed an Assignment of Leases, Rents and Profits to NELIC and PALIC. Dongtai thereby assigned and transferred to NELIC and PALIC all of its rights, titles and interests as owner, licensor, lessor, landlord and otherwise in, to and under any and all leases, licenses, contracts, written or oral then in existence of thereafter entered into covering space in or applicable to the Crowne Plaza-branded hotel located at 9090 Southwest Freeway, Houston, Texas 77074 (the "Hotel").

5.      Dongtai gave the Assignment as security for the payment of the indebtedness evidenced by the Promissory Notes, the performance of the terms of a Deed of Trust and Security Agreement, and the repayment of all sums secured by them. Under the Assignment, in the event of Dongtai's breach or default on its obligations, NELIC and PALIC may take certain actions including but not limited to taking possession of the Hotel; collecting and receiving all rents, revenues and profits of the Hotel; and applying such rents, revenues and profits to items such as renovation and repair of the Hotel and payment of the secured indebtedness.

6.      On or about May 30, 2017, Dongtai executed a Deed of Trust and Security Agreement for the benefit of Beneficiaries NELIC and PALIC pertaining to the Hotel.

7.      Under Dongtai's loan agreements, it agreed to promptly give notice of all litigation and proceedings affecting it which, if adversely determined, would have a material adverse effect upon its activities, assets, or condition, financial or otherwise.

8.      Further, under Dongtai's Deed of Trust for the mortgaged property at 9090 Southwest Freeway, Houston Texas 77074, NELIC and PALIC are Beneficiaries. Under that Deed of Trust, Dongtai was and is required to maintain liability insurance on the mortgaged property, as well as property insurance against loss or damage by windstorm and other hazards. Moreover, any proceeds under these insurance policies may be applied by Beneficiaries NELIC and PALIC at their sole discretion, including but not limited to permitting Grantor Dongtai to use the proceeds to repair or replace all damaged or destroyed property covered by the insurance policies.

9.      On November 4, 2020, NELIC and PALIC issued a Notice of Default and Notice of Intent to Accelerate to Dongtai. The Notice memorialized that Dongtai had failed to make payment of amounts owing under the Promissory Note. Dongtai was given notice that its failure to pay the amounts due constituted a monetary default under the terms of the Note

and the Deed of Trust. Demand was made for payment in full of the past-due amounts, together with all lawful accrued and unpaid interest due. Dongtai did not and has not made any payment on the amounts due.

10.     On December 7, 2020, NELIC and PALIC wrote to the Receiver to give notice of and demand compliance with several issues that had come to light. First, concerning Dongtai's ongoing and unresolved default under its loan agreements, promissory notes, and deed of trust. Second, that NELIC and PALIC had been informed that IPFS Corporation had provided Dongtai with notice of intent to cancel insurance policies for the Hotel and demanded payment. NELIC and PALIC were subsequently informed by the Receiver that Dongtai was not able to make this payment, which constitutes a non-monetary default.

11.     Third, NELIC and PALIC demanded Dongtai's compliance with its affirmative covenants within 10 days of the date of the letter, including but not limited to 1) produce all existing annual financial reports, balance sheets, statements of income, etc. from 2017 to present, to 2) make available all of its books of account and other records to Lenders, to 3) take all reasonable and necessary steps to ensure that it comply with its obligation to provide notice of all litigation and proceedings, such as a lawsuit filed October 29, 2020 by Harris County and Houston Sports Authority against Dongtai contending that $23,892.81 is due for hotel occupancy taxes, penalties and interest, which includes an action for temporary injunction that would seek to enjoin Dongtai from operating the Hotel, and a lawsuit filed August 29, 2020 by Southwest Management District, Harris County against Dongtai contending that $399,742.46 is due for delinquent ad valorem taxes, and to 4) take all reasonable and necessary steps to ensure that it comply with its obligation regarding payment of taxes, including by paying and discharging of the above-referenced lawsuits, and provide documentation confirming that this has occurred.

12.     Fourth, NELIC and PALIC demanded to conduct a site visit of the Hotel, because Dongtai's failure to pay insurance had created significant concerns about the condition and security of the property.

13.     In response, the Court-appointed Receiver has complied in part however significant issues that were identified in NELIC and PALIC's letter remain unaddressed and unresolved.

14.     On December 10, 2020, NELIC and PALIC conducted a site visit at the Hotel. The site visit revealed numerous issues with the condition and security of the Hotel. The roof has severe leakage and bubbling which has led to water damage on the 9th floor below it. A fire sprinkler pipe burst on the 4th floor which caused water damage and mildew down to the 1st floor. Approximately 100 rooms are out of commission and in need of repair. Of the Hotel's four elevators, two have recently been replaced but additional work to operate; the other two require replacement. By all accounts, completing necessary and basic renovations and bringing the Hotel back to operation will cost millions of dollars.

15.     Lenders recently learned that on or about February 11, 2020, the Insurers filed suit against Dongtai Investment Group, LLC d/b/a Crowne Plaza Suites in New York State Supreme Court, County of New York, case number 650922/2020. At the time, Dongtai did not notify Lenders of this lawsuit, as it was obligated to do under the Deed of Trust.

16.     According to the lawsuit, the Insurers had issued a commercial property insurance policy to Dongtai under account number 445023, effective May 30, 2017 to May 30, 2018. The policy covered loss or damage to the Hotel, subject to the policy's terms and conditions. Michael Udayan, on behalf of Dongtai, submitted a notice of claim regarding wind damage to the Hotel from Hurricane Harvey. The insurers invoked the policy's arbitration clause, and according to the lawsuit arbitration proceedings were scheduled to begin later that month. On or about February 12, 2020 the lawsuit was removed to the United States District Court

for the Southern District of New York, case number 1:20-cv-01231-LJL. On February 14, 2020, the lawsuit was dismissed without prejudice.

17.     Lenders have been informed that the above-referenced lawsuit/arbitration has been settled or is about to be settled.

18.     More importantly, Lenders have been informed that Plaintiffs may be seeking to use the settlement proceeds for purposes contrary to Dongtai's commitments in its Deed of Trust.

19.     On December 15, 2020, Lenders sent a request to Plaintiffs' counsel that Dongtai produce all relevant documentation and information pertaining to the above-referenced lawsuit/arbitration, including copies of all insurance policies. Further, Lenders requested that Dongtai produce copies of all other relevant insurance policies pertaining to Dongtai Investment Group, LLC and/or the Crowne Plaza Hotel, including but not limited to policies naming Lenders as beneficiaries or additional insureds. Further, Lenders requested that Dongtai produce all relevant documentation and information pertaining to all claims, lawsuits, or arbitrations including but not limited to (1) matters involving damage to the Crowne Plaza Hotel, arising out of Hurricane Harvey or otherwise; (2) suits by any taxing authority related to the Crowne Plaza Hotel; and (3) all suits involving a claim for damages against Dongtai Investment Group, LLC or any of its members.

20.     Lenders requested that Dongtai produce all of the above to Lenders' counsel as soon as possible and no later than 5:00 p.m. CDT on Friday December 18, 2020. Moreover, Lenders gave notice that Dongtai's failure to provide the information as requested would give rise to a basis for finding additional fault under the lending agreement by and between Dongtai, its members as guarantors, and Lenders.

21.     Plaintiffs have provided mere cursory response to that request but have not provided any information regarding the status of settlement negotiations nor have they sought Lenders' approval to accept any such settlement proceeds. Furthermore, neither Plaintiffs nor

Dongtai have paid the amounts now due and owing under the Loan Agreements and related documents.

### III.   ARGUMENT & AUTHORITIES

22.     Federal Rule of Civil Procedure 24 establishes two kinds of intervention: intervention of right (Rule 24(a)) and permissive intervention (Rule 24(b)). *NipponKoa Ins. Co. v. Port Terminal R.R. Ass'n*, No. H-10-0284, 2011 U.S. Dist. LEXIS 29892, at *5 (S.D. Tex. 2011).

### A.  Intervention of right

23.     Intervention of right is available where (1) the application for intervention is timely, (2) the applicant claims an interest relating to the property or transaction that is the subject of the action, (3) the applicant is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, (4) the applicant's interest is inadequately represented by the existing parties to the suit. FED. R. CIV. P. 24(a); *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996) (en banc).

24.     Proposed Intervenors' application is timely. *See NAACP v. New York*, 413 U.S.345, 365 (1973). Proposed Intervenors neither could have known nor reasonably should have known of their interest in the suit before recent events that prompted filing of this motion. *See Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1294-95 (11th Cir. 2017); *see Doe #1 v. Glickman*, 256 F.2d 371, 376 (5th Cir. 2001). This is so, in no small measure, because Dongtai and Plaintiffs have failed to disclose, and may have willfully decided not to disclose, pertinent information such as the resolution of the insurance lawsuit. Proposed Intervenors only recently became aware of these issues and filed this motion promptly thereafter. *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1203 (5th Cir. 1992) (noting that post-judgment intervention is permitted).

25.     Proposed Intervenors have a direct, substantial, and legally protectable interest in the subject matter of the suit. *Brumfield v. Dodd*, 749 F.3d 339, 343-44 (5th Cir. 2014).

a) Dongtai's default on its obligations under its loan agreements, promissory notes, and deed of trust with Proposed Intervenors. *See e.g., Asset Holding Co. 5, LLC v. Cornblum*, No. 2:12-CV-00034-MR, 2013 WL 5883800, at \*3 (W.D.N.C. Oct. 31, 2013) (recognizing interest in the subject matter of action by reason of security agreement pertaining to loan and default on payment obligations).

b) The failure of the parties to the suit to maintain or repair the Hotel, which Dongtai in particular is obligated to do.

c) Disposition of proceeds from the settlement of the lawsuit between Dongtai and the Insurers.

d) Defendants' wrongdoings including frauds, theft, conversion, and mismanagement of Dongtai in this lawsuit have caused damage to Lenders.

26.     There is a risk that Proposed Intervenors' ability to protect its interest may be impaired without intervention. *Adam Joseph Res. (M) Sdn. Bhd. V. CAN Metals, Ltd*, 919 F.3d 856, 867-68 (5th Cir. 2014); *Pennsylvania*, 888 F.3d at 59-60; *Huff v. Comm'r*, 743 F.3d 790, 800 (11th Cir. 2014). Specifically, Proposed Intervenors are entitled to the proceeds of any insurance settlement that Dongtai may secure in connection with claims made under policies covering the Hotel. If for any reasons the funds from such a settlement, including the claim pending resolution of a wind and hail claim made for the Hotel, is not tendered to Proposed Intervenors they will incur out-of-pocket costs to complete the necessary funds without the benefit of the insurance proceeds. Further, due to Dongtai's apparent failure to maintain the Hotel, as is required by the lending documents, along with the Deed of Trust to maintain insurance for the Hotel, Proposed Intervenors will suffer at the continued, rapid depreciation of the asset securing Dongtai's debt.

27.     The present parties in the suit, and the temporary receiver appointed by the Court, have not and will not adequately represent Proposed Intervenor's interest. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 & n.10 (1972); *Texas v. United States*, 805 F.3d 653, 661-62 (5th Cir. 2015). To wit, prior to his appointment as temporary receiver for the Hotel, the

receiver had served and continues to serve as property manager. Further, the receiver appears to have a personal, financial stake in the Hotel and in addition to his obligation to pay Dongtai's debts is, himself, one of Dongtai's creditors. With a financial interest apparently beyond that of the court-approved reimbursement for his costs, the current receiver has a personal, vested interest in Dongtai's assets. This conflict along with Dongtai's continued accumulation of debts, along with the failure to timely pay all local property taxes, have resulted in an increase in creditors' claims against the Hotel—all of which constitute violations of the lending documents by and between Dongtai and Proposed Intervenors.

28.	In sum, Lenders have a direct, substantial, and legally protectable interest in the suit, the intervention is essential to protect its interest, and the intervention will not complicate the case by an excessive multiplication of the issues.

## B. Permissive intervention

29.	Under Rule 24(b)(1), on timely motion, this Court may permit anyone to intervene who: (a) is given a conditional right to intervene by a federal statute, or (b) has a claim or defense that shares with the main action a common question of law or fact. FED. R. CIV. P. 24(b).

30.	Rule 24(b)(1)(B) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Accordingly, permissive intervention under Rule 24(b) "is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987).

31.	Intervention is appropriate when: "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights

of the original parties." *Frazier v. Wireline Solutions, LLC*, No. C-10-3, 2010 U.S. Dist. LEXIS 57356, 2010 WL 2352058, at \*4 (S.D. Tex. June 10, 2010).

32.     Whether a motion to intervene is timely depends on four factors: (1) the length of time the applicants knew or should have known of their interest in the case, (2) prejudice to existing parties caused by the applicants' delay, (3) prejudice to the applicants if their motion is denied, and (4) any unusual circumstances. *United States v. Covington Cty. Sch. Dist.*, 499 F.3d 464, 465-66 (5th Cir. 2007). Proposed Intervenors' application is timely, for the same reasons as discussed above.

33.     Proposed Intervenors have a claim that shares a common question of law or fact with:

a)   Plaintiffs' claims against Defendants in this lawsuit, if and to the extent the Defendants' wrongdoings including frauds, theft, conversion, and mismanagement of Dongtai in this lawsuit have caused damage to them;

b)   Regarding Dongtai's default on its obligations under its loan agreements, promissory notes, and deed of trust with Proposed Intervenors;

c)   The failure of the parties to the suit to maintain or repair the Hotel, which Dongtai in particular is obligated to do; and

d)   Disposition of proceeds from the settlement of the lawsuit between Dongtai and the Insurers.

34.     Lastly, intervention will not unduly delay or prejudice the adjudication of the rights of the original parties, for the reasons as discussed above.

## IV.     PRAYER

35.     For these reasons, Proposed Intervenors respectfully request that the Court

a)   allow Proposed Intervenors to intervene in this lawsuit;

b)   modify the Court's orders previously entered in this case to allow Proposed Intervenors access to the court records, certain discovery, certain depositions, and related exhibits; and

c)   Such other and further relief to which they may be justly entitled.

Respectfully submitted,

**WILSON, CRIBBS & GOREN, P.C.**

By:    */s/ Scot Clinton*
      Scot Clinton
      Texas Bar No. 24045667
      Sara Prasatik
      Texas Bar No. 24088251
2500 Fannin Street
Houston, Texas 77002
Tel. (713) 222-9000
Fax. (713) 229-8824
sclinton@wcglaw.com
sprasatik@wcglaw.com

**ATTORNEYS FOR PROPOSED
INTERVENORS NEW ERA LIFE
INSURANCE COMPANY AND
PHILADELPHIA AMERICAN LIFE
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2021 a true and correct copy of the above and foregoing was filed on the CM/ECF system and served to all counsel of record via electronic notices, facsimile, and/or U.S. Postal Mail in compliance with the Federal Rules of Civil Procedure.

      */s/ Scot Clinton*
      Scot Clinton