# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 11, 2022

Lyle W. Cayce
Clerk

No. 20-20106

---

Xiongen Jiao; Qianju Jiao; Zhonghua Yu; Jiatong Yu; Pengfei Zhou; Xuanmei Zhou,

*Plaintiffs—Appellees,*

*versus*

Ningbo Xu; LCL Company, L.L.C.; Dongtai Investment Group, L.L.C.,

*Defendants—Appellants.*

United States Courts
Southern District of Texas
**FILED**
April 04, 2022
Nathan Ochsner, Clerk of Court

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1848

---

Before Smith, Costa, and Wilson, *Circuit Judges.*

Cory T. Wilson, *Circuit Judge:*

Assignors and assignees of membership interests in Dongtai Investment Group, LLC sued Dongtai's managing member, Ningbo "Kevin" Xu, alleging that Xu committed various fraudulent acts. The district court granted injunctive and declaratory relief and ordered Xu to turn over his remaining Dongtai membership units partially to satisfy the judgment. We affirm.

No. 20-20106

## I.

In late 2016, Ningbo Xu, Xiongen Jiao, Zhonghua Yu, and Pengfei Zhou formed Dongtai Investment Group, LLC for the purpose of acquiring the Crowne Plaza Hotel in Houston. Jiao, Yu, and Zhou each made a capital contribution of $1,000,000 for a 16.66% membership interest in Dongtai. Xu was contractually obligated to pay $3,000,000 for a 50.02% membership interest. Jiao, Yu, and Zhou later assigned their Dongtai membership interests to their children, Qianju Jiao, Jiatong Yu, and Xuanmei Zhou.[1]

Upon discovering financial wrongdoing by Xu, the assignors and assignees brought various claims against Xu and LCL Company, LLC (collectively, Xu), alleging, *inter alia*, breach of contract, fraud, derivative and non-derivative breach of fiduciary duty, and violations of § 10(b) of the Securities Exchange Act.[2] The parties entered an agreed order for temporary relief, which suspended Xu's powers as managing member of Dongtai and prohibited him from accessing or withdrawing funds from Dongtai's bank accounts. Xu subsequently violated the agreed order on multiple occasions, which led the district court to hold Xu in contempt and impose sanctions against him.

Meanwhile, Plaintiffs filed a motion for injunctive and declaratory relief. In response, Xu filed two motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which the district court denied.[3] The district

---

[1] As discussed *infra*, Xu contends that the children were not proper assignees of membership interests in Dongtai.

[2] According to Plaintiffs' complaint, Xu acted through LCL Company—an LLC solely owned by Xu. Dongtai is named as a nominal defendant only; Plaintiffs "also bring their claims derivatively on behalf of and for the benefit of Dongtai."

[3] For simplicity, we refer to Xu's motions to dismiss as a singular motion in the remainder of this opinion.

No. 20-20106

court granted Plaintiffs' motion for preliminary injunction and declaratory judgment against Xu. In its order, the court found that Xu did not make the agreed-upon $3,000,000 capital contribution for his membership interest in Dongtai but instead only paid $867,889.11. Based on that finding, the court declared Xu's unit certificates invalid and ordered Dongtai to provide Xu with new certificates reflecting the ownership interest derived from the amount Xu had actually paid. Finally, the court declared that Xu owed Dongtai $1,304,400.80 because of Xu's numerous unauthorized withdrawals from Dongtai's accounts.[4]

The district court then entered a turnover order that required Xu to return his membership interest in Dongtai to the company as a partial satisfaction of the declaratory judgment award.

Xu now appeals the district court's denials of his motions to dismiss, its grant of injunctive and declaratory relief, and its turnover order.

## II.

As an initial matter, we must examine the basis of our jurisdiction. *Lakedreams v. Taylor*, 932 F.2d 1103, 1106 (5th Cir. 1991). We conclude that we have jurisdiction to address the rulings challenged by Xu in this case: The preliminary injunction is an interlocutory order made appealable by 28 U.S.C. § 1292(a)(1).[5] The declaratory relief constitutes a final order, and we

---

[4] According to the court's order, this amount did "not include the amount in consequential and other damages" or "attorneys' fees and costs Plaintiffs."

[5] *See* 28 U.S.C. § 1292(a)(1) (providing appellate jurisdiction over appeals from "[i]nterlocutory orders of the district courts of the United States ... granting, continuing, modifying, refusing or dissolving injunctions."); *Janvey v. Alguire*, 647 F.3d 585, 591 (5th Cir. 2011) ("We have jurisdiction over the appeal of the district court's preliminary injunction under 28 U.S.C. § 1292(a)(1).").

have appellate jurisdiction under 28 U.S.C. § 2201.[6] The turnover order is likewise final, and we have appellate jurisdiction to review it under 28 U.S.C. § 1291. *See Hewlett-Packard Co. v. Quanta Storage, Inc.*, 961 F.3d 731, 741–42 (5th Cir. 2020) ("Turnover Orders are final and . . . review is proper under 28 U.S.C. § 1291.").

Typically, we would not have jurisdiction over the district court's denial of Xu's motion to dismiss. *See Lakedreams*, 932 F.2d at 1107 (no jurisdiction to review denial of motion to dismiss where record showed "no indication that the district court consolidated the preliminary injunction with a trial on the merits," and "the order granting the preliminary injunction ma[de] no mention of the motion to dismiss"). But to the extent the underpinnings of Xu's motion are inextricably intertwined with the district court's subsequent rulings challenged on appeal, we determine that we have jurisdiction to address those issues. *See Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1580 (5th Cir. 1992) ("[O]ur jurisdiction is not limited to the specific [injunctive] order appealed from, and we may review all matters which establish the immediate basis for granting injunctive relief."); *see also In re Lease Oil Antitrust Litig. (No. II)*, 200 F.3d 317, 320 (5th Cir. 2000) (reaching denial of motion to dismiss as part of § 1292(a)(1) appeal where issues were "so entangled as to arrive here together" and "[d]elaying review . . . would make no practical sense").

## III.

### A.

We briefly address Xu's assertions regarding his motion to dismiss that are intertwined with the rest of this appeal. Xu first contends the district

---

[6] *See* 28 U.S.C. § 2201 ("Any [declaratory judgment] shall have the force and effect of a final judgment or decree and shall be reviewable as such.").

court erred in denying his motion because Plaintiffs lack standing to assert shareholder derivative claims. But under Texas law, a member of a closely held limited liability company can bring a derivative proceeding. TEX. BUS. ORGS. CODE § 101.463(c). It is undisputed that Dongtai is a closely held limited liability company. The original investors were members of Dongtai and assigned their membership interests to their children. "An assignor of a membership interest in a limited liability company continues to be a member of the company and is entitled to exercise any unassigned rights or powers of a member of the company until the assignee becomes a member of the company." TEX. BUS. ORGS. CODE § 101.111(a). Thus, even if the assignees failed to comply with the requirements set out in Dongtai's operating agreement for becoming members, as Xu alleges, the assignors would still be members of Dongtai. Either way, at least one group, if not both, has sufficient membership interest in Dongtai to confer standing to bring a derivative proceeding. *See, e.g., Rumsfeld v. F. for Acad. & Institutional Rts., Inc. (FAIR)*, 547 U.S. 47, 52 n.2 (2006) ("[T]he presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement.")

Xu also contends that the district court erred in declining to dismiss Plaintiffs' securities fraud claims because (1) Plaintiffs fail to satisfy the heightened pleading requirement for securities fraud claims; (2) Plaintiffs' complaint fails to establish that the alleged securities fraud transaction occurred in the United States, and (3) Plaintiffs' security fraud allegations do not implicate LCL Company or Dongtai. Again, we find no error in the district court's assessment of these issues.

To meet the heightened pleading requirements set forth in Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act (PSLRA), "a plaintiff must plead (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the

No. 20-20106

misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Masel v. Villarreal*, 924 F.3d 734, 743 (5th Cir. 2019) (internal quotation marks and citation omitted). The district court properly assessed Plaintiffs' complaint under these requirements and denied Xu's argument that Plaintiffs did not satisfy the requisite heightened pleading standard.

Similarly, the court properly overruled Xu's contention that Plaintiffs' securities fraud claims should be dismissed because Plaintiffs' complaint lacks evidence that the membership units were purchased in the United States. As noted by the district court, "the complaint makes clear that the purchase involved a Texas limited liability company's member units, and the exhibits attached to the complaint demonstrate . . . Plaintiffs paid U.S. currency for domestic LLC member units." But even if this were not the case, whether § 10(b) reaches certain conduct is a merits question that does not implicate subject matter jurisdiction. *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 253–54 (2010).

Finally, as stated above, Plaintiffs' complaint alleges that Xu acted through LCL Company—an LLC solely owned by Xu. So Xu's contention that "[n]one of the securities fraud allegations asserted by Plaintiffs specifically implicate . . . LCL Company" is simply untrue. And, again, Dongtai is named only as a nominal defendant.

**B.**

We next address the district court's order granting a preliminary injunction, which is "an extraordinary remedy." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, the movant must establish four elements:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (quoting *Speaks v. Kruse*, 445 F.3d 396, 399–400 (5th Cir. 2006)). We review the grant of a preliminary injunction for abuse of discretion. *Women's Med. Ctr. of Nw. Hous. v. Bell*, 248 F.3d 411, 418–19 (5th Cir. 2001). "Factual findings are reviewed for clear error, while legal conclusions are reviewed de novo." *Moore v. Brown*, 868 F.3d 398, 403 (5th Cir. 2017).

Xu's sole contention is that the district court abused its discretion in granting the preliminary injunction because Plaintiffs failed to establish a substantial threat of irreparable injury. "[A] harm is irreparable where there is no adequate remedy at law, such as monetary damages. However, the mere fact that economic damages may be available does not always mean that a remedy at law is 'adequate.'" *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011) (citation omitted). "[A]n exception exists where the potential economic loss is so great as to threaten the existence of the movant's business." *Atwood Turnkey Drilling, Inc. v. Petroleo Brasileiro, S.A.*, 875 F.2d 1174, 1179 (5th Cir. 1989).[7]

In holding that Plaintiffs faced irreparable injury, the district court found that Plaintiffs were in imminent danger of losing the hotel's IHG franchise and even the hotel itself. The district court's findings are

---

[7] *See also Fla. Businessmen for Free Enter. v. City of Hollywood*, 648 F.2d 956, 958 n.2 (5th Cir. 1981) ("A substantial loss of business may amount to irreparable injury if the amount of lost profits is difficult or impossible to calculate, especially where . . . the loss of business may result in bankruptcy.").

supported by the record, including testimony of both fact and expert witnesses, and are not clearly erroneous. Accordingly, the district court did not abuse its discretion by concluding that Plaintiffs established a substantial threat they would suffer irreparable injury if an injunction was not granted.

### C.

Next, we consider the district court's authority to award declaratory relief in this case. The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . . Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). Here, the district court found that Xu only paid $867,889.11 for his membership interest, declared his unit certificates invalid, and ordered Dongtai to provide Xu with new certificates based on the amount he actually paid. The court also declared that Xu "owes and is indebted to Dongtai for $1,304,400.80."

Xu asserts that the district court violated § 101.107 of the Texas Business Organization Code by declaring part of his membership interest invalid, because the declaration is the functional equivalent of expelling him from the company. *See* TEX. BUS. ORGS. CODE § 101.107 ("A member of a limited liability company may not withdraw or be expelled from the company."). But the declaratory judgment does not expel Xu from the company. Though the judgment invalidated Xu's current unit certificates on the basis that Xu had not paid for all the membership units he had contractually agreed to purchase, the district court ordered that Xu be provided new certificates based on the amount of capital he actually

contributed. We find no error in the district court's determination in this regard.

Xu also asserts that the district court's declaratory relief violates § 101.112(d) of the Texas Business Organizations Code, which provides the "exclusive remedy" for satisfying a judgment out of the judgment debtor's membership interest. TEX. BUS. ORGS. CODE § 101.112(d). This contention lacks merit because the district court's declaratory relief does not implicate § 101.112(d). The declaratory relief is not a satisfaction of a judgment out of Xu's membership interest; it is a declaration of the percentage of Xu's company ownership, based on the amount of capital Xu paid into the company.

Similarly, Xu asserts that the declaratory relief violates the plain language of Dongtai's operating agreement, which limits the liability of a member "for the losses, debts, liabilities and obligations" of Dongtai and provides that "[n]o member shall have the right to demand and receive any distribution from [Dongtai] in any form other than cash." But these provisions have no bearing on the district court's declaration that Xu failed to pay for his full membership interest and is therefore only entitled to the membership units for which he paid.

In sum, we discern no error in the declaratory relief fashioned by the district court in this case.

### D.

Finally, "the entry of a turnover order is reviewed for an abuse of discretion." *Af-Cap, Inc. v. Republic of Congo*, 462 F.3d 417, 425 (5th Cir. 2006). Under Texas law, a court may order a "judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control." TEX. CIV. PRAC. & REM. CODE § 31.002(1). Here, the district court ordered that Xu turn over his remaining 14.45% membership

No. 20-20106

interest in Dongtai "in partial satisfaction of Dongtai's Declaratory Judgment award of $1,304,400.80 against Xu."

The parties dispute whether the district court's turnover order violates § 101.112 of the Texas Business Organizations Code, which states that "[t]he entry of a charging order is the exclusive remedy by which a judgment creditor of a member or of any other owner of a membership interest may satisfy a judgment out of the judgment debtor's membership interest." TEX. BUS. ORGS. CODE § 101.112(d). Xu contends that because the district court's order was a turnover order, rather than a charging order, it violates the plain language of § 101.112(d). Plaintiffs counter that the facts in this case fall under an exception to § 101.112(d).

As set forth in *Hux v. Southern Methodist University*,

> In applying Texas law, we look first to the decisions of the Texas Supreme Court. If that court has not ruled on the issue, we make an *Erie*[8] guess, predicting what it would do if faced with the facts before us. Typically, we treat state intermediate courts' decisions as the strongest indicator of what a state supreme court would do, absent a compelling reason to believe that the state supreme court would reject the lower courts' reasoning.

819 F.3d 776, 780–81 (5th Cir. 2016) (internal citations omitted).

The Texas Supreme Court has not spoken to the interplay between turnover orders and § 101.112(d), but Texas intermediate courts have held that § 101.112(d) does not preclude the turnover of a member's interest in a limited liability company "when the judgment creditor seeking the membership interest is the entity from which the membership interest derives" and the turnover order "involves an explicit award of the

---

[8] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

No. 20-20106

membership interest itself from one party to the other as part of the judgment." *Gillet v. ZUPT, LLC*, 523 S.W.3d 749, 758 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *see also Heckert v. Heckert*, No. 02-16-00213-CV, 2017 WL 5184840, at *8 (Tex. App.—Fort Worth Nov. 9, 2017, no pet.). This is because "the reasoning behind requiring a charging order as the exclusive remedy is inapposite" in such circumstances. *Gillet*, 523 S.W.3d at 758; *accord Heckert*, 2017 WL 5184840, at *8 ("[I]n these types of situations, the purpose of a charging order has not come into play: the charging order was developed to prevent a judgment creditor's disruption of an entity's business by forcing an execution sale of the . . . member's entity interest . . . ."). In this case, Dongtai is the judgment creditor seeking Xu's membership interest in Dongtai, and the turnover order involves an explicit award of the membership interest from Xu to Dongtai. Accordingly, § 101.112(d) does not preclude the turnover of Xu's interest to partially satisfy Dongtai's judgment against him.

## IV.

For the reasons discussed above, the district court properly denied Xu's motion to dismiss. And we find no reversible error in the district court's entry of a preliminary injunction, the declaratory relief it fashioned, or the court's turnover order.

AFFIRMED.