## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **XIONGEN JIAO, an individual, QIANJI JIAO, an individual, ZHONGHUA YI, an individual, PENGFEI ZHOU, an individual, XUAMEI ZHOU, an individual,**<br><br>*Plaintiffs,*<br><br>vs.<br><br>**NINGBO XU, an individual, and LCL COMPANY, LLC, a Texas Limited Liability Company,**<br><br>*Defendants,*<br><br>**and**<br><br>**DONGTAI INVESTMENT GROUP, LLC, a Texas Limited Liability Company,**<br><br>**Nominal Defendant.** | **Case No.: 4:19-CV-01848**<br><br>**Judge: Hon. Keith P. Ellison** |

### RECEIVER'S MOTION TO ESTABLISH CLAIMS BAR DATE WITH PUBLICATION NOTICE

COMES NOW, Ronald J. Sommers, Receiver. ("**Receiver**") for Dongtai Investment Group, LLC ("**DIG**"), through undersigned counsel, and files this Receiver's Motion to Establish Claims Bar Date with Publication Notice ("**Motion**") and represents as follows:

### Nature of the Motion

1.      The Receiver is the successor to Michael Udayan who served as the DIG receiver until his death in early 2022. Based on information and belief, Mr. Udayan sold the Crown Plaza Hotel and negotiated and settled debts with DIG's creditors. The Receiver does not know whether Mr. Udayan paid all of the creditors of DIG. The Receiver has actual notice of at least one potential

creditor of DIG who has not been paid. Additionally, the Receiver does not have possession of DIG's books and records.[1]  The Receiver requests that the Court establish a deadline of December 16, 2022, for creditors to file claims for payment from DIG.

## Background

2.       On July 1, 2022, the Court granted an order for the appointment of Ronald J. Sommers as the duly appointed Receiver in this case.

3.       The Receiver is in the process of winding down the business affairs of DIG and intends to dissolve DIG and distribute funds to DIG's members after payment of the claims of creditors. Prior to the dissolution of DIG, the Receiver seeks approval of an order authorizing a claims bar date.

## Standard

4.       A district court has broad authority to place assets into receivership "to preserve and protect the property pending its final disposition." *SEC v. Stanford Int'l Bank Ltd.*, 927 F.3d 830, 839 (5th Cir. 2019) (quoting *Gordon v. Washington*, 295 U.S. 30, 37 (1935)). The purpose of the equitable receivership is the marshaling of the estate's assets for the benefit of aggrieved investors and other creditors of the receivership entities. *Id.* (citing *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986)). Receivers appointed by a federal court are directed to "manage and operate" the receivership estate "according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof." 28 U.S.C. § 959(b).

---

1 The Receiver is attempting to obtain access to those books and records through the executor(s) or personal representative(s) of Mr. Udayan's estate, if any. Should the Court grant the relief requested herein and the Receiver is able to identify any additional creditors on the books and records of DIG, he will promptly provide actual notice to them of the claims bar date requested herein.

5.      The federal enabling statute grants a federal equitable receiver broad power to acquire, organize and distribute the property of the receivership. A properly appointed receiver is "vested with complete jurisdiction and control of all [receivership] property with the right to take possession thereof." 28 U.S.C. § 754. The Receiver is required to allocate receivership assets among the competing claimants according to their respective rights and, in this case, under the laws of Texas. *Stanford Int'l Bank Ltd.*, 927 F.3d at 840; *see also* 28 U.S.C. § 3103.

6.      Once assets have been placed in receivership, "[i]t is a recognized principle of law that the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership." *SEC v. Safety Fin. Serv., Inc.*, 674 F.2d 368, 372-73 (5th Cir. 1982); (citing *SEC v. Lincoln Thrift Assoc.*, 577 F.2d 600, 606 (9th Cir. 1978)).

> Courts have accordingly exercised their discretion to issue bar orders to prevent parties from initiating or continuing lawsuits that would dissipate receivership assets or otherwise interfere with the collection and distribution of the assets. *See SEC v. Stanford Int'l Bank Ltd.*, 424 F. App'x 338, 340 (5th Cir. 2011) ("It is axiomatic that a district court has broad authority to issue blanket stays of litigation to preserve the property placed in receivership pursuant to SEC actions."). Receivership courts, like bankruptcy courts, may also exercise discretion to approve settlements of disputed claims to receivership assets, provided that the settlements are "fair and equitable and in the best interests of the estate." *Ritchie Capital Mgmt., L.L.C. v. Kelley*, 785 F.3d 273, 278 (8th Cir. 2015) (citing *Tri–State Fin., LLC v. Lovald*, 525 F.3d 649, 654 (8th Cir. 2008)).

*Stanford Int'l Bank Ltd.*, 927 F.3d at 840.

7.      Neither a receiver's nor a receivership court's power is unlimited, however. *See Whitcomb v. Chavis,* 403 U.S. 124, 161, 91 S. Ct. 1858, 1878, 29 L.Ed.2d 363 (1971) ("The remedial powers of an equity court must be adequate to the task, but they are not unlimited."). Courts often look to the powers of bankruptcy trustees when deciding cases involving receivership estates. The purpose of bankruptcy and equity receiverships is "essentially the same—to marshal assets, preserve value, equally distribute to creditors, and, either reorganize, if possible, or orderly liquidate." *Janvey v. Alquire*, No. 3:09-cv-0724, 2014 WL 12654910, at *17 (N.D. Tex. July 30,

2014); *see also SEC v. Wealth Mgmt. LLC*, 628 F.3d 323, 334 (7th Cir. 2010) ("The goal in both securities-fraud receiverships and liquidation bankruptcy is identical—the fair distribution of the liquidated assets").

8.      A district court's entry of a bar order, like other actions in supervising an equity receivership, is left to the sound discretion of the trial court and we will not overturn the court's decision absent a clear showing of abuse of that discretion." *SEC v. Safety Fin. Serv., Inc.*, 674 F.2d 368, 373 (5th Cir. 1982); *Newby v. Enron Corp.*, 542 F.3d 463, 468 (5th Cir. 2008).

9.      Undersigned counsel is unaware of any Fifth Circuit precedent discussing the requirements for notice of a claims bar in the context of a federal equitable receivership. However, in the context of a failed financial institution receivership under the Financial Institution Reform, Recovery and Enforcement Act of 1989 (FIRREA), the Fifth Circuit has permitted notice by (1) actual notice to a known potential claimant via U.S. mail; and (2) publication notice to unknown creditors via publication in a paper of circulation in the county where the receivership property is located. *See Meliezer v. Resolution Tr. Co.*, 952 F.2d 879, 883 (5th Cir. 1992); *Greater Slidell Auto Auction, Inc. v. Am. Bank & Tr. Co. of Baton Rouge, La.*, 32 F.3d 939, 942 (5th Cir. 1994); *see also Champion v. Plainscapital Bank*, No. 7:18-CV-341, 2020 WL 8330195, at \*2 (S.D. Tex. Nov. 12, 2020) (noting that FIRREA requires publication notice at least 90 days prior to the requested bar date with two successive publications).

### Requested Relief

10.      The Receiver requests that the Court enter an order establishing a deadline of December 16, 2022, for filing claims seeking approval of payment of money owed by DIG ("**Claims Bar Date**"), to be set not less than ninety (90) days after the entry of such an order by the Court.

11.      The proposed Claims Bar Date will assist the Receiver in administering the

receivership by quantifying the amount of claims that require payment prior to DIG's dissolution. It will also provide adequate notice to all potential creditors of the deadline to file a claim. A copy of the Notice of Claims Bar Date ("Notice") is attached as **Exhibit A**.

12.     The Receiver will deliver Notice to those creditors now known, if any, (i) at the creditor's last address appearing in such books; or (ii) upon discovery of the name and address of a claimant not appearing on the institution's books within fifteen (15) days after the discovery of such name and address.

13.     The Notice will be published in the *Houston Chronicle* for each Friday commencing the second Friday after the entry of an order authorizing the setting of the Claims Bar Date. The Notice will be published each Friday for two consecutive weeks thereafter (3 publications in total).

Accordingly, the Receiver requests the Court enter an Order setting the Claims Bar Date and grant such other and just relief to which the Receiver is entitled.

Dated: August 26, 2022.

Respectfully Submitted,

NATHAN SOMMERS JACOBS
A PROFESSIONAL CORPORATION

By: /s/ *Iain L. C. Kennedy*
        Iain L. C. Kennedy
        Texas Bar. No. 24068094
        2800 Post Oak Blvd. 61st Floor
        Houston, TX 77056
        (713) 960-0303 (main)
        (713)892-4800 (fax)
        ikennedy@nathansommers.com

**ATTORNEY FOR RONALD J. SOMMERS, RECIEVER**

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 26, 2022, a true and correct copy of the foregoing was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system. The undersigned further certifies that the foregoing was served upon all parties listed below no later than the next day after the filing of the foregoing.

LW Houston VIII, LLC                                    By First Class Mail
Attn: Chris Everhardt
70 Southeast 4th Avenue
Delray Beach, Florida 33483

Texas Comptroller                                        By First Class Mail
PO Box 13528 Capital Station
Austin, Texas 78711-3528

Harris County Tax Office                                 By First Class Mail
Attn: Ann Harris Bennett
PO Box 4089
Houston, Texas 77210-4089

Heidi Weelborg                        By E-Mail (Heidi@weelborglawfirm.com)
2121 Sage Rd, Suite 100,
Houston, Texas 77056

Stephanie Davis                        By E-Mail (stephanie@scdlawpllc.com)
1117 FM 359 Road, Suite 200
Richmond, TX 77406

M Cody Moore                          By E-Mail (m.cmoore@codymoorelaw.com)
19901 Southwest Freeway
Sugar Land, TX 77479

Keval Patel                              By E-Mail (kpatel@patel-law.com)
19855 Southwest Freeway, Suite 330
Sugarland, Texas 77479

Grace Liu                             By E-Mail (graceliu12105@gmail.com)

Yaou Li                                   By E-Mail (yli@mp-lg.com)

Fan Chen                                 By E-Mail (fchen@mp-lg.com)

Michael Herskowitz                      By E-Mail (Michael@lawofficemh.com)

                            __/s/ Iain L.C. Kennedy_____
                                 Iain L.C. Kennedy