IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **XIONGEN JIAO, an individual, QIANJI JIAO, an individual, ZHONGHUA YI, an individual, PENGFEI ZHOU, an individual, XUAMEI ZHOU, an individual,** *Plaintiffs,* vs. **NINGBO XU, an individual, and LCL COMPANY, LLC, a Texas Limited Liability Company,** *Defendants,* And **DONGTAI INVESTMENT GROUP, LLC,** a Texas Limited Liability Company, Nominal Defendant. | Case No.: 4:19-CV-01848 Judge: Hon. Keith P. Ellison |

**RECEIVER'S MOTION TO ESTABLISH PROCEDURES TO DETERMINE AND/OR DISALLOW DISPUTED CLAIMS AGAINST THE RECEIVERSHIP**

Ronald J. Sommers, Receiver ("Receiver") for Dongtai Investment Group, LLC ("DIG"), files this Motion to Establish Procedures to Determine and/or Disallow Disputed Claims Against the Receivership ("Motion").

**INTRODUCTION & BACKGROUND**

The Receiver requests that the Court establish procedures through which the Receiver may allow, estimate or liquidate an amount for each disputed claim against the Receivership.

On August 26, 2022, Receiver filed his Motion to Establish Claims Bar Date with Publication Notice (the "Bar Date Motion") (Dkt. 179). The Bar Date Motion requested entry of a

deadline for creditors to file claims for money owed by DIG to be December 16, 2022 ("Claims Bar Date"). The Court granted the Receiver's Bar Date Motion on September 28, 2022 and entered the Bar Date Order. (Dkt. 181). On October 6, 2022, the Receiver filed a Motion to Modify the Bar Date Order to extend claims bar date of March 1, 2023. The Court granted that Order. (Dkt. 183).

To date, the Receiver has received nine (9) claims in this matter with an aggregate claims amount of $2,220,714.03. In conducting a preliminary analysis of these claims, the Receiver anticipates that multiple claims may be disputed, unliquidated and/or contingent.[1] The Receiver also anticipates that the aggregate value of claims may exceed the assets available for distribution. In light of this, the Receiver wishes to establish a claims allowance procedure that would permit the Court to determine the allowance, liquidation and estimation of claims in a manner akin to the claims allowance and estimation process utilized in bankruptcy court. *See* 11 U.S.C. § 502.

**ARGUMENT**

The Receiver proposes that the Court implement summary proceedings with respect to allowing, liquidating and estimating purported claims against the Receivership.[2] "[A] district court may employ summary rather than plenary proceedings to adjudicate the rights to property allegedly within the receivership estate. Such summary proceedings related to receiverships do not offend the parties' due process rights 'so long as there is adequate notice and opportunity to be heard.'" *SEC v. Amerifirst Funding, Inc.*, No. 3:07-cv-1188-D, 2008 WL 282275, at *15 (N.D. Tex. Feb. 1, 2008), *aff'd in part, vacated in part, on other grounds, remanded sub nom. Whitcraft*

---

[1] Although his analysis is ongoing, the Receiver anticipates that he may file three (3) claim objections.

[2] For the purposes of the Motion, any "claim" includes, but is not limited to, a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured. This definition parallels that found in Section 101(5) of the Bankruptcy Code. 11 U.S.C. § 101(5).

2

*v. Brown*, 570 F.3d 268 (5th Cir. 2009) (quoting *SEC v. Am. Capital Investments, Inc.*, 98 F.3d 1133, 1146 (9th Cir. 1996)); *SEC v. Universal Fin.*, 760 F.2d 1034, 1037 (9th Cir. 1985).[3] The use of such summary proceedings "promotes judicial efficiency and reduces litigation costs to the receivership, thereby preserving receivership assets for the benefit of [claimants]." *FDIC v. Bernstein*, 786 F. Supp. 170, 177 (E.D.N.Y. 1992) (internal citations omitted).

In employing summary procedures, courts have instructed that "the rights of creditors of a receivership must be balanced against the need for expeditious administration of the receivership." *SEC v. Hardy*, 803 F.2d 1034, 1039 (9th Cir. 1986). Accordingly, during the claims process, the Court may properly deny investor or creditor claims that are not adequately substantiated by the claimant with accurate documentation. *United States v. Fairway Capital Corp.*, 433 F. Supp. 2d 226, 246–47 (D.R.I. 2006), *aff'd*, 483 F.3d 34 (1st Cir. 2007).

1. **Enacting Procedures for Claim Objections/Estimation Will Increase Judicial Efficiency**

The Receiver proposes that any disputed claims should be resolved by summary proceedings to be tried either on the papers or in a final hearing by the Court, as the Court deems appropriate. The Receiver proposes the following schedule for determination of those disputed claims:

| Event/Deadline | Date |
|---|---|
| Claims Bar Date | March 1, 2023 |

---

[3] *See also SEC v. Elliott*, 953 F.2d 1560, 1567 (11th Cir. 1992) ("[A] district court does not generally abuse its discretion if its summary procedures permit parties to present evidence when the facts are in dispute and to make arguments regarding those facts."); *McFarland v. Winnebago South, Inc.*, 863 F. Supp. 1025, 1034 (W.D. Mo. 1994) ("[T]he receivership court has the power to use summary procedures in allowing, disallowing, and subordinating claims of creditors, so long as creditors have fair notice and a reasonable opportunity to respond."); *FDIC v. Bernstein*, 786 F. Supp. 170, 177 (E.D.N.Y. Jan. 10, 1992) ("A district court has extremely broad discretion in supervising an equity receivership and in determining the appropriate procedures to be used in its administration."); 13 Moore's Federal Practice (3d ed.) § 66.06[4][b] ("The powers of the courts include the allowance, disallowance, and subordination of the claims of creditors.").

| Event/Deadline | Date |
|---|---|
| Deadline for Receiver to file a written statement of all individuals/entities having filed a claim and stating the amount of the claim | Approximately 7 days after entry of this Court's order |
| Deadline for the Receiver or any interested party to file a written objection to such claim. Any evidence supporting such objection should be submitted in the same manner as that required under Fed. R. Civ. P. 56 practice. | Approximately 30 days after entry of this Court's order |
| Deadline for an entity having an objected claim to file a response, if any, to the claim objection(s). Any evidence supporting such Response should be submitted in the same manner as that required under Fed. R. Civ. P. 56 practice. | Approximately 60 days after entry of this Court's order |
| Deadline for any party that filed a claim objection to file a reply, if any, in support of the claim objection(s). Any evidence supporting such Reply should be submitted in the same manner as that required under Fed. R. Civ. P. 56 practice. | Approximately 75 days after entry of this Court's Order |
| Deadline for the parties to mediate any claim objections. Notices of proposed settlements to be submitted to the Court within seven (7) days thereafter for approval. | Approximately 100 days after entry of this Court's order |
| Court to conduct a status conference/pre-trial conference regarding the claim objection. The parties should be prepared to inform the Court what discovery, if any, they believe is necessary for the presentment of their claim at final hearing. The parties should also announce whether they believe that their claim may be decided upon the submitted evidence or will require a hearing. The Court will consider approval of any proposed settlements of a claim objection at this time. | _____, 2023 at _____ |

The Receiver anticipates that few of the claim objections will involve meaningful factual disputes. However, to the extent that factual disputes do exist, the proposed schedule allows for the Court to consider entry of a discovery order which could guide a streamlined discovery process

for those claim objections and to set a final hearing upon such claims, if necessary.

Implementing such a plan will increase judicial efficiency by streamlining the process for resolving claim disputes.

### 2. Claimants Have Been Provided Notice of The Receiver's Plan

The present Motion has been served on all counsel of record and pro se parties who have filed a proof of claim in this matter, along with all other counsel who have requested notice through CM/ECF. As such, each party that has filed a proof of claim has been given notice and opportunity to be heard with respect to the present Motion.[4]

### 3. The Proposed Procedures Are Fair to All Claimants

The procedures proposed by the Receiver are fair and equitable to all Claimants. All interested parties will receive notice and an opportunity to dispute a claim prior to its approval. All claimants will receive notice and an opportunity to be heard in asserting a claim that has been lodged in this matter. Any disputed claims will be subjected to Court determination or approval. Such a contested summary proceeding is routinely used in the bankruptcy context for resolving disputed claims. The Receiver believes that such a process will reduce litigation costs and preserve receivership assets. The process properly balances the need for an expeditious administration of the receivership while maintaining the rights of creditors.

### CONCLUSION

WHEREFORE, the Receiver prays that upon consideration of this matter that the Court enter an Order consistent with the procedures for allowance of disputed claims consistent with the foregoing allow and for such other and further relief, general or special, at law or in equity, to which the Receiver may show himself justly entitled.

---

[4] The Receiver anticipates that additional claims may be filed between now and the March 1, 2023 claims bar date. Receiver will provide a copy of this Motion to any party that files a claim between the filing of this Motion and March 1, 2023, and will file an updated certificate of service reflecting such additional service if necessary.

Respectfully Submitted,

**NATHAN SOMMERS JACOBS
A PROFESSIONAL CORPORATION**

By: /s/ *Iain L. C. Kennedy*
    Iain L. C. Kennedy
    Texas Bar. No. 24068094
    Federal ID No. 1066018
    Julie P. Le
    Texas Bar No. 24111324
    Federal ID No. 3778242
    2800 Post Oak Blvd. 61st Floor
    Houston, TX 77056
    (713) 960-0303 (main)
    (713)892-4800 (fax)
    ikennedy@nathansommers.com
    jle@nathansommers.com

**ATTORNEYS FOR RONALD J. SOMMERS, RECIEVER**

## CERTIFICATE OF CONFERENCE

The Receiver has conferred with counsel for Plaintiffs who advised that they are agreeable to the relief sought in this Motion. The Receiver attempted to confer with counsel for the claimants who provided the following responses, if any:

| Claimant | Response |
|---|---|
| Qianju Jiao | Unopposed |
| Jiatong Yu | Unopposed |
| Xuanmei Zhou | Unopposed |
| Natura A-R | Unopposed |
| Peter Hui & Hospitality Unlimited | No response prior to filing |
| United Air Services | Unopposed |
| Estate of Michael Udayan | No response prior to filing |
| Property Care Services LLC | Unopposed |

    /s/ *Iain L.C. Kennedy*
    Iain L.C. Kennedy

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 23, 2023, a true and correct copy of the foregoing was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system. The undersigned further certifies that the foregoing was served upon all parties listed below by e-mail and first class mail by no later than the next day after the filing.

| |
|---|
| Qianju Jiao<br>c/o MOSAIC Paradigm Law Group PC<br>10370 Richmond Ave., Suite 850<br>Houston, Texas 77042 |
| Jiatong Yu<br>c/o MOSAIC Paradigm Law Group PC<br>10370 Richmond Ave., Suite 850<br>Houston, Texas 77042 |
| Xuanmei Zhou<br>c/o MOSAIC Paradigm Law Group PC<br>10370 Richmond Ave., Suite 850<br>Houston, Texas 77042 |
| Natura A-R<br>Janice Confer<br>6436 Babcock Rd.<br>San Antonio , Texas 78249 |
| Peter Hui & Hospitality Unlimited<br>c/o The Mussalli Law Firm<br>2441 High Timbers Drive, Suite 220<br>The Woodlands, TX 77380 |
| United Air Services<br>c/o Noe Llamas<br>2815 Connorvale Rd.<br>Houston, TX 77039 |
| Estate of Michael Udayan<br>c/o Stephanie Clarke Davis, Court-appointed Temporary 3rd Party Dependent Administrator<br>1117 FM 359, Ste. 200<br>Richmond, Texas 77406 |
| Property Care Services LLC<br>c/o Carlos Campos<br>4118 Southfield Court<br>Houston, Texas 77045 |

                                                   __/s/ Iain L.C. Kennedy__
                                                         Iain L.C. Kennedy