IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **XIONGEN JIAO, an individual, QIANJI JIAO, an individual, ZHONGHUA YI, an individual, PENGFEI ZHOU, an individual, XUAMEI ZHOU, an individual,**<br><br>*Plaintiffs,*<br><br>vs.<br><br>**NINGBO XU, an individual, and LCL COMPANY, LLC, a Texas Limited Liability Company,**<br><br>*Defendants,*<br><br>And<br><br>**DONGTAI INVESTMENT GROUP, LLC,** a Texas Limited Liability Company,<br><br>*Nominal Defendant.* | **Case No.: 4:19-CV-01848**<br><br>**Judge: Hon. Keith P. Ellison** |

### RECEIVER'S EXPEDITED MOTION TO STAY PROCEEDING AGAINST THE RECEIVER AND THE RECEIVERSHIP ESTATE[1]

Ronald J. Sommers, Receiver ("Receiver") for Dongtai Investment Group, LLC ("DIG"), files this Motion to Stay Proceeding against the Receiver and the Receivership Estate ("Motion").

**MOTION**

1.   On July 1, 2022, the Court granted an order for the appointment of Ronald J.

---

[1] The Receiver respectfully requests expedited consideration of this Motion so that he may avoid expending Estate resources in defending the improvidently filed State Court Litigation. However, given the lack of response from Plaintiffs' counsel in the State Court Litigation to a requested stay/extension of the Receiver's Response deadline and the upcoming March 2, 2023 deadline to respond to Plaintiffs' original petition in the State Court Litigation, Receiver anticipates filing a special appearance and general denial subject to that special appearance in that matter pending a determination of this Motion should the Receiver be unable to obtain a determination of this Motion or an agreed extension from Plaintiffs' counsel.

Sommers as the duly appointed Receiver in this case.

2. The Receiver is in the process of winding down the business affairs of DIG and intends to dissolve DIG and distribute funds to DIG's members after payment of the claims of creditors.

3. On October 21, 2022, Plaintiffs Peter Hui and Hospitality Unlimited Investments, Inc. (the "State Court Litigation Plaintiffs") filed suit against the Receiver and the receivership estate in an action styled *Hui and Hospitality Unlimited Investments, Inc. v. Sommers, as Receiver to Dontai Investment Group, LLC, et al.*, in the 269th Judicial District Court in and for Harris County, Texas (the "State Court Litigation").[2] In the State Court Litigation Plaintiffs' Original Petition, they allege they are owed contractual indemnity arising out of a commercial real estate transaction. A true and correct copy of the Original Petition is attached as <u>Exhibit A</u>. Upon information and belief, the State Court Litigation Plaintiffs did not obtain leave from this Court prior to filing their Original Petition.

4. The State Court Litigation Plaintiffs agreed to extend the Receiver's deadline to respond to the Original Petition until March 2, 2023.

5. On October 19, 2022, Plaintiffs submitted a claim in the receivership for these same costs. A copy of the claim submitted by Plaintiffs is attached as <u>Exhibit B</u>.

6. The Receiver has requested further extensions or stays of his March 2 deadline to respond to the State Court Litigation; however, as of the filing of this Motion, the State Court Litigation Plaintiffs have not affirmatively responded to those further requests.

7. As reflected in the Order of this Court appointing a receiver, the appointment of the

---

[2] The State Court Litigation Plaintiffs also name Ningbo Xu as a co-defendant. Mr. Xu has not appeared in the litigation, and it is unclear to the Receiver if he has been served by the State Court Litigation Plaintiffs with their Original Petition.

2

Receiver is intended to assist by taking any action the Receiver considers appropriate or expedient to liquidate DIG's assets and wind up its business affairs; and pursue, settle, release or obtain release of, for cash or other consideration, claims and demands against or in favor of DIG; and pay out the assets of DIG all approved claims of indebtedness in accordance with priorities  (Doc. # 175).

8. Actions brought against the Receiver or the receivership estate in any other jurisdiction conflict with this Court's exclusive jurisdiction over the Receiver and the receivership estate assets.  Courts have routinely held that litigation against a receiver outside of the Court where the receivership is improper absent leave of the receivership court.  *Sec. & Exch. Comm'n v. Stanford Int'l Bank, Ltd.*, No. 3:09-CV-0298-N, 2018 WL 10447375, at *3, n.2 (N.D. Tex. May 10, 2018) ("the United States Supreme Court held that, absent statutory authority, a receiver cannot be sued without leave of the appointing court"); *Villegas v. Schmidt*, 788 F.3d 156, 159 (5th Cir. 2015) (Under the "*Barton* doctrine," the bankruptcy court may require a party to "obtain leave of the bankruptcy court before initiating an action in district court when the action is against the trustee") (quoting *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000)).

9. It has long been recognized that federal courts have the power to impose a receivership free from interference in other proceedings.  *See SEC v. Wencke*, 622 F. 2d 1363, 1372 (9th Cir. 1980).  In the exercise of its jurisdiction, this Court has power to issue injunctions and all other writs necessary to protect the receivership estate from interference and to insure an orderly administration thereof.

10. The Receiver has filed a Motion to Establish Procedures for Allowing Disputed Claims (Dkt. # 190).  This Motion will establish a procedure for adjudicating Plaintiffs' claim asserted in this matter and in the State Court Litigation.  As such, the relief requested in the State

3

Court Litigation is duplicative of the relief available to the State Court Litigation Plaintiffs in the receivership and will necessarily interfere with the administration of the receivership.

11. This Court has the power to enjoin particular actions or to issue a "blanket stay" order effective against all persons, including non-parties, of all proceedings against the receivership entity in order to prevent interference with administration of the receivership. The power of a federal court to enter such stays does not depend on specific congressional authorization. Rather, this authority is based upon the inherent and broad equitable powers of federal courts to protect its jurisdiction over the property for which it has taken possession. *Eller Industries, Inc. v. Indian Motorcycle Manufacturing, Inc.*, 929 F. Supp. 369, 373 (D. Colo. 1995) (citations omitted).

12. In the instant case, the purposes of this receivership, to protect assets for the benefit of all creditors, can only be achieved by an equitable stay of foreign actions. The stay of all pending and future actions against the Receiver and the receivership estate is necessary to achieve the purposes of the receivership and to prevent interference with the administration of the receivership estate and hardship to other creditors.

WHEREFORE, the Receiver respectfully requests this Court enter an Order issuing a stay of all proceedings against the Receiver and receivership estate, including the State Court Litigation, in order to prevent interference with the administration of the receivership, and grant such other and further relief, general or special, at law or in equity, to which the Receiver may show himself justly entitled.

Respectfully Submitted,

**NATHAN SOMMERS JACOBS**
**A PROFESSIONAL CORPORATION**

By: /s/ *Iain L. C. Kennedy*
      Iain L. C. Kennedy
      Texas Bar. No. 24068094
      Julie P. Le
      Texas Bar No. 24111324
      Federal ID: 3778242
      2800 Post Oak Blvd. 61st Floor
      Houston, TX 77056
      (713) 960-0303 (main)
      (713)892-4800 (fax)
      ikennedy@nathansommers.com
      jle@nathansommers.com

**ATTORNEYS FOR RONALD J. SOMMERS, RECIEVER**

## CERTIFICATE OF CONFERENCE

The Receiver has conferred with counsel for Plaintiffs in the receivership, who advised that they are agreeable to the relief sought in this Motion. The Receiver attempted to confer with counsel for the State Court Litigation Plaintiffs on February 10, 2023 and February 21, 2023; however, as of the filing of this Motion, the State Court Litigation Plaintiffs have not stated their position on the relief requested herein.

      /s/ *Iain L.C. Kennedy*
      Iain L.C. Kennedy

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 27, 2023, a true and correct copy of the foregoing was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system. The undersigned further certifies that the foregoing was served upon all parties listed below by e-mail and first class mail by no later than the next day after the filing.

Peter Hui & Hospitality Unlimited
c/o The Mussalli Law Firm
2441 High Timbers Drive, Suite 220
The Woodlands, TX 77380

      /s/ *Iain L.C. Kennedy*
      Iain L.C. Kennedy