Case 4:19-cv-01848   Document 191-1   Filed on 02/27/23 in TXSD   Page 1 of 5

10/21/2022 2:51 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 69462281
By: Iris Collins
Filed: 10/21/2022 2:51 PM

CAUSE NO. _____

| | | |
|---|---|---|
| PETER HUI AND HOSPITALITY UNLIMITED INVESTMENTS, INC. | § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § § | \_\_\_\_ JUDICIAL DISTRICT |
| RONALD SOMMERS, AS COURT APPOINTED RECEIVER FOR DONGTAI INVESTMENT GROUP, LLC, DONGTAI INVESTMENT GROUP, LLC, AND NINGBO XU, IN HIS REPRESENTATIVE CAPACITY AS AN AUTHORIZED SIGNATORY, MEMBER AND MANAGER OF DONGTAI INVESTMENTS, LLC | § § § § § § § § § § § § § | EXHIBIT A |
| Defendants. | § § § | HARRIS COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs, Peter Hui and Hospitality Unlimited Investments, Inc. ("Plaintiffs"), and file this Original Petition against Ronald Sommers, as Court Appointed Receiver for Dongtai Investments, LLC, Dongtai Investments, LLC, and Ningbu Xu, in his representative capacity as an Authorized Signatory, Member and Manager of Dongtai Investments, LLC and would respectfully show as follows:

### INTRODUCTION

1. This lawsuit seeks contractual indemnity from Defendants, arising out of a commercial real estate transaction. More specifically, in 2017, and in connection with their purchase of a Crowne Plaza Suites Hotel located at 9090 Southwest Fwy., Houston, Texas 77074

1

(the "Hotel"), Defendants Dongtai Investment Group, LLC ("Dongtai") and Ningbu Xu ("Xu") entered into a written purchase agreement to acquire the Hotel ("Agreement"). In the Agreement, Dongtai and Xu agreed to "fully and completely" indemnify Seller and Seller's agent from any and all commission disputes by any parties including any alleged buyer's agent. In the Agreement, Defendants also represented to Plaintiffs that an individual named "Joanna Xie" was the only broker working for the Buyer when the transaction closed. Plaintiffs relied on such representations and caused or otherwise permitted Joanna Xie to receive a broker's fee. The Agreement was signed in January 2018, closed thereafter and title was conveyed in accordance with the terms of the Agreement.

2.  Several months after the sale, in October 2018, Plaintiffs were named as Defendants in a lawsuit filed in Harris County District Court by Gerrit Stryker ("Stryker") and Intergroup Realty, Inc., ("Intergroup"), both of whom claimed therein that they were entitled to receive a broker's fee in connection with the ultimate purchase by Defendants, even though to Plaintiffs' knowledge and belief, they did not perform in accordance with the terms of a Cooperating Broker Agreement (the "Broker Agreement") to which they were parties in order to have entitlement to any such fee. The factual allegations, complaints and causes of action asserted by Stryker and Intergroup are found in the pleadings filed by those parties in Cause No. 2018-69123, pending in the 334th District Court, Harris County, Texas.

3.  Plaintiffs appeared in the lawsuit, denied all claims of liability and asserted certain factual and legal defenses. The lawsuit progressed very slowly, with Stryker and Intergroup exerting minimal efforts and expense to pursue the case, while initial efforts made to locate Dongtai and Xu and elicit their cooperation failed. Through their investigation, Plaintiffs learned Dongtai had become a defunct entity in Texas for which the State Comptroller filed a Tax

Forfeiture with the Texas Secretary of State in or around August 20, 2021. Plaintiffs later learned that in fact, Dongtai's corporate status was reinstated and more recently, in connection with a separate lawsuit filed by one or more owners or investors of Dongtai in the Southern District of Texas, Houston Division styled *In re: Dongtai Investment Group, LLC* under Case No. 4:19-CV-01848, Ronald J. Sommers was appointed as Receiver of Dongtai. Accordingly, Mr. Sommers is named herein strictly in such capacity.

4. For all of the above reasons and as further described below, Plaintiffs file this Original Petition for all relief sought herein.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this claim as Defendants have their principal place of business in Texas and/or for jurisdictional purposes, are residents of Texas.

6. Venue is proper in this Court because the Receiver is domiciled in Harris County, the Defendants' principal place of business and the county of Defendants' residence is Harris County, Texas.

## PARTIES AND SERVICE

7. Defendant, Dongtai Investment Group, LLC, has its principal place of business at 2800 Post Oak Blvd., Houston, Harris County, Texas 77056. Its Registered Agent as appearing in the records of the Texas Secretary of State is Ningbo Xu, residing at 1810 Alcorn Bayo Dr., Sugar Land, Texas 77479. The Manager of Dongtai Inevestment Group, LLC is also Ningbo Xu, who resides at 1810 Alcorn Bayou Dr., Sugar Land, Texas 77479. Notwithstanding the foregoing, upon information and belief, all of Xu's management and ownership roles with and for Dongtai have ceased to exist and the Receiver is now empowered to serve in such capacities, subject to permission from the Court, as may be applicable.

8.     Plaintiffs request that citation be issued for Dongtai Investment Group, LLC, Ronald Sommers and Ningbu Xu.

**BREACH OF CONTRACT-DUTY TO INDEMNIFY**

9.      Plaintiffs reallege and incorporate by reference all factual recitations contained above as if set forth fully herein.  In the Agreement, "Buyer" is defined as both Dongtai Investments, LLC and Ningbo Xu.  Plaintiffs were sued by a broker for a broker's fee related to the Hotel, and in particular, the sale of the Hotel.  In the Lawsuit, Stryker and Intergroup allege that they were responsible for the introduction of Ningbu Xu to Seller and further allege that he was a registered prospect, even though to Plaintiffs' knowledge, no such registration ever occurred.  The Lawsuit was tried to the Bench in October 2022.  To date, the Court has not rendered judgment; however regardless of the outcome, in Plaintiffs' defense of the Lawsuit, they were caused to incur significant legal expense exceeding $100,000.00, an amount within this Court's jurisdictional limits.  Demand for indemnity has been made because under the Agreement, Defendants owe Plaintiffs full and compete indemnity for the claims made by Stryker and Intergroup in the Lawsuit, not only for legal fees but any damages which the Court may find are warranted in that Lawsuit, as well as expenses or other costs incurred therein.  Defendants have breached such duties by failing to honor their contractual indemnity obligations and such breach has caused economic harm to Plaintiffs.  Moreover, regarding the attorney's fees and costs of court that Plaintiffs are now incurring in the filing and prosecution of this cause due to Defendants breach and failure to unconditionally accept the indemnity obligations, Plaintiffs seek full indemnity for same from Defendants.  In summary, Plaintiffs seek a) indemnity and recovery of monetary damages for all legal fees, costs of court and expenses incurred in defending the Lawsuit; b) to the extent Stryker and Intergroup are successful in obtaining a

judgment against either or both Defendants in the Lawsuit, Defendants seek full indemnity regarding any such amounts awarded, if any; and c) attorney's fees incurred in this cause pursuant to the terms of the Agreement and as permitted by the Texas Civil Practice and Remedies Code.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs, Peter Hui and Hospitality Unlimited Investments, Inc. respectfully pray that upon hearing, they have and recover judgment against Defendants, Ronald Sommers, as Court Appointed Receiver for Dongtai Investment Group, LLC, Dongtai Investment Group, LLC, and Ningbu Xu, in his representative capacity as an Authorized Signatory, Member and Manager of Dongtai Investment Group, LLC for all damages and relief of any nature of which they show themselves justly entitled, at law or in equity, together with all damages, attorney's fees, costs of court and both pre-and post-judgment interest as permitted by law.

Respectfully submitted,

THE MUSSALLI LAW FIRM

By: _____
Matthew J. Mussalli
State Bar No. 24005220
matt@mussallilaw.com
Kelsey D. Ratz
State Bar. No.24092333
kelsey@mussallilaw.com
2441 High Timbers Drive, Ste 220
The Woodlands, TX 77380
(281) 651-5577
(832) 218-1171
**Attorney for Plaintiffs**