IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **XIONGEN JIAO, an individual, QIANJI JIAO, an individual, ZHONGHUA YI, an individual, PENGFEI ZHOU, an individual, XUAMEI ZHOU, an individual,**<br><br>*Plaintiffs,*<br><br>vs.<br><br>**NINGBO XU, an individual, and LCL COMPANY, LLC, a Texas Limited Liability Company,**<br><br>*Defendants,*<br><br>and<br><br>**DONGTAI INVESTMENT GROUP, LLC,** a Texas Limited Liability Company,<br><br>*Nominal Defendant.* | Case No.: 4:19-CV-01848<br><br>Judge: Hon. Keith P. Ellison |

**RECEIVER'S OBJECTION TO CLAIM NO. 8 FILED BY UNITED AIR SERVICE**

Ronald J. Sommers, Receiver ("Receiver") for Dongtai Investment Group, LLC ("DIG"), pursuant to this Court's Order establishing procedures for the adjudication of claims (Dkt. 193), files this Receiver's Objection (the "Objection") to Claim No. 8 (the "Claim") filed by United Air Services, LLC ("Claimant").

**I. RELEVANT FACTUAL BACKGROUND**

1. On January 11, 2021, DIG entered into a Purchase Sale Agreement ("PSA"), pursuant to which DIG would sell the Crowne Plaza Hotel (the "Hotel") to Crown Plaza Suites Houston, LLC ("Buyer"). The PSA is attached as **Exhibit A**.

1

2. This Court authorized such sale of the Hotel on March 8, 2021 (Dkt. 155).

3. On May 20, 2021, DIG delivered to Buyer the Special Warranty Deed to the Hotel and the sale closed on or about May 27, 2021. A certified copy of the Special Warranty Deed is attached as **Exhibit B**. The Special Warranty Deed was recorded on June 1, 2021.

4. The deadline to submit proofs of claim in this case was March 1, 2023.

5. On February 9, 2023, Claimant submitted Claim No. 8 in the amount of $22,680.00 for inspection and electrical services performed for the Hotel. Claimant's proof of claim includes Invoice No. 163, dated July 27, 2021 (the "Invoice"), which is attached as **Exhibit C**. The Invoice charged for work allegedly performed from July 6, 2021 to July 11, 2021.

## II.   RELIEF REQUESTED

6. The Court overseeing a receivership has the jurisdiction to allow or disallow creditor claims filed therein.

7. During the claims process, the Court may properly deny investor or creditor claims that are not adequately substantiated by the claimant with accurate documentation. *United States v. Fairway Capital Corp.*, 433 F. Supp. 2d 226, 246–47 (D.R.I. 2006), aff'd, 483 F.3d 34 (1st Cir. 2007); 13 Moore's Federal Practice (3d ed.) § 66.06[4][b] ("The powers of the courts include the allowance, disallowance, and subordination of the claims of creditors.").

8. Generally, it is the claimant's burden to establish a valid claim against the receivership estate. *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000) (describing the general rule that, in the bankruptcy context, creditors must establish a valid claim against the debtor); *see also SEC v. Cap. Consultants, LLC*, 397 F.3d 733, 745 (9th Cir. 2005) (finding bankruptcy law "analogous" to and, therefore, persuasive in the administration of receivership estates). A proof of claim itself may be used as evidence to dispute the validity of a claim in cases where the proof of claim is insufficient on its face. *See In re Circle J Dairy, Inc.*,

112 B.R. 297, 299 (W.D. Ark. 1989). Once the objecting party provides evidence sufficient to overcome a claim's prima facie validity, the burden shifts to the claimant who must then establish the validity of the claim by a preponderance of the evidence. *See In re O'Connor*, 153 F.3d 258, 260 (5th Cir. 1998).

9. Receiver objects to the Claim because the Claim is not against DIG. DIG delivered to Buyer the Special Warranty Deed to the Hotel on May 20, 2021, and the sale of the Hotel to Buyer closed on or about May 27, 2021. Pursuant to the supporting documentation, the Claim is for services performed at or for the Hotel in July 2021, after the closing of the sale of the Hotel to Buyer. Pursuant to the PSA, Buyer is alone liable for the payment of all costs and expenses, liabilities, obligations and claims arising out of its ownership of the Hotel which arise and are payable subsequent to the Closing Date. Ex. A, ¶ 46(a). DIG is not liable for any payments of obligations which continue from and after the Closing Date for any portion accruing after the Closing Date. Ex. A, ¶ 46(b). As such, beginning May 27, 2021, Buyer became responsible for all accrued expenses related to maintaining the Hotel. The Claim accrued after May 27, 2021. Therefore, Buyer is liable for payment of the Claim. The Claim is not against DIG. It is evident on the face of the proof of claim that the Claim is not against DIG; accordingly, Receiver has overcome the Claim's prima facie validity, and the Claimant is required to demonstrate the validity of the Claim by preponderance of the evidence.

10. The Receiver's Affidavit in support of this Objection is attached as **Exhibit D** and is incorporated herein for all purposes. If no opposition to this Objection is raised, Receiver requests that the Court adjudicate this Objection.

WHEREFORE, Receiver requests that the Court enter an order disallowing the Claim in full. Receiver also requests such other and further relief as is just.

Dated: March 14, 2023.

Respectfully Submitted,

**NATHAN SOMMERS JACOBS
A PROFESSIONAL CORPORATION**

By: /s/ *Iain L. C. Kennedy*
    Iain L. C. Kennedy
    Attorney-in-Charge
    Texas Bar. No. 24068094
    Federal ID No. 1066018
    Julie Le
    Texas Bar No. 24111324
    Federal ID No. 3778242
    2800 Post Oak Blvd. 61st Floor
    Houston, TX 77056
    (713) 960-0303 (main)
    (713)892-4800 (fax)
    ikennedy@nathansommers.com
    jle@nathansommer.com

**ATTORNEYS FOR RONALD J. SOMMERS, RECIEVER**

## CERTIFICATE OF SERVICE

  The undersigned certifies that on March 14, 2023, a true and correct copy of the foregoing was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system. The undersigned further certifies that the foregoing was served upon all parties listed below no later than the next day after the filing of the foregoing.

| | |
|---|---|
| Qianju Jiao<br>C/O Mosaic Paradigm Law Group Pc<br>10370 Richmond Ave., Suite 850<br>Houston, Texas 77042 | Stephanie G. Udayan<br>c/o Heidi A. Weelborg<br>Weelborg Law, PLLC<br>2121 Sage Road, Suite 100 |
| Jiatong Yu<br>c/o MOSAIC Paradigm Law Group PC<br>10370 Richmond Ave., Suite 850<br>Houston, Texas 77042 | Robert Caltabiano<br>c/o THE LAW OFFICES OF M. CODY MOORE, PLLC<br>19901 Southwest Freeway<br>Sugar Land, Texas 77479 |
| Xuanmei Zhou<br>c/o MOSAIC Paradigm Law Group PC<br>10370 Richmond Ave., Suite 850<br>Houston, Texas 77042 | Melissa Udayan<br>mel.udayan@gmail.com |
| Natura A-R<br>Janice Confer<br>6436 Babcock Rd.<br>San Antonio, Texas 78249 | Estate of Michael Udayan<br>c/o Stephanie Clarke Davis, Court-appointed Temporary 3rd Party Dependent Administrator<br>1117 FM 359, Ste. 200<br>Richmond, Texas 77406 |
| Peter Hui & Hospitality Unlimited<br>c/o The Mussalli Law Firm<br>2441 High Timbers Drive, Suite 220<br>The Woodlands, TX 77380 | Property Care Services LLC<br>c/o Carlos Campos<br>4118 Southfield Court<br>Houston, Texas 77045 |
| United Air Services<br>c/o Noe Llamas<br>2815 Connorvale Rd.<br>Houston, TX 77039 | |

              ___*/s/ Iain L.C. Kennedy*___
                Iain L.C. Kennedy