IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **XIONGEN JIAO**, an individual, **QIANJI JIAO**, an individual, **ZHONGHUA YI**, an individual, **PENGFEI ZHOU**, an individual, **XUAMEI ZHOU**, an individual, *Plaintiffs*, vs. **NINGBO XU**, an individual, and **LCL COMPANY, LLC**, a Texas Limited Liability Company, *Defendants*, and **DONGTAI INVESTMENT GROUP, LLC**, a Texas Limited Liability Company, *Nominal Defendant*. | Case No.: 4:19-CV-01848  Judge: Hon. Keith P. Ellison |

**RECEIVER'S OBJECTION TO CLAIM NO. 12 FILED BY HEWLETT-PACKARD FINANCIAL SERVICES COMPANY**

Ronald J. Sommers, Receiver ("Receiver") for Dongtai Investment Group, LLC ("DIG"), pursuant to this Court's Order establishing procedures for the adjudication of claims (Dkt. 193), files this Receiver's Objection (the "Objection") to Claim No. 12 (the "Claim"), which was untimely filed by Hewlett-Packard Financial Services Company ("Claimant") on March 8, 2023.

**I.   RELEVANT FACTUAL BACKGROUND**

1. The Receiver's Motion to Establish Claims Bar Date with Publication Notice, filed on August 26, 2022, sought this Court's approval to provide 90 days' notices to all creditors of

1

DIG by three consecutive publications in the *Houston Chronicle*, a newspaper circulated in the county where DIG's property is located. (Dkt. 179).

2.      Granting such motion, the Court entered the Order Establishing Claims Bar Date with Publication Notice ("Bar Date Order) on September 28, 2022. The Bar Date Order provides that notice to all creditors of DIG by publication shall be deemed adequate and established the deadline for filing claims for money owed by DIG ("Claims Bar Date") to be December 16, 2022. (Dkt. 181).

3.      Subsequently, upon motion by the Receiver, the Court entered an Order Modifying the Claims Bar Date with Publication Notice ("Modified Bar Order") on October 7, 2022, to extend the Claims Bar Date to March 1, 2023. (Dkt. 183). The Modified Bar Order, attached as **Exhibit A**, provides "Any holder of a claim who fails to file a claim with the Receiver shall be barred, estopped, and enjoined from asserting such claim." Ex. A at ¶ 2.

4.      Pursuant to the Modified Bar Order, the Receiver published a notice (the "Notice") to all creditors of DIG in the *Houston Chronicle* on October 14, 2022, October 21, 2022, and October 28, 2022. The Receiver also published the Notice online at the Houston Chronicle's website[1] from October 14, 2022 until November 12, 2022. Such publications are attached as **Exhibit B**. The Affidavit of Publication by the Newspaper Representative at the *Houston Chronicle* is attached as **Exhibit C**.

5.      Beginning December 8, 2022 until February 6, 2023, the Estate of Michael Udayan, the receiver for DIG prior to his death, produced to the Receiver a number of documents related to DIG that a data forensic firm had been able to extract from Mr. Udayan's electronic devices.

---

[1] *See* https://marketplace.chron.com/houston-marketplace/search/query/all?keywords=NATHAN+SOMMERS+JACOBS+PC.

6. From the document productions, the Receiver first became aware that Claimant was potentially a creditor of DIG and, shortly thereafter on February 16, 2023, served the Notice and the Modified Bar Order to Claimant and filed the corresponding Certificate of Service. (Dkt. 189). The Certificate of Service is attached as **Exhibit D**.

7. On March 8, 2023, Claimant late-filed Claim No. 12 in the amount of $17,629.11 for amounts purportedly due for the lease of certain equipment. Claimant's proof of claim, attached as **Exhibit E**, includes: (A) a 48-month Business Lease Agreement, dated February 6, 2018, and signed by Ningbo Xu as the president of DIG, and (B) a lease payment schedule.

## II. RELIEF REQUESTED

8. The Court overseeing a receivership has the jurisdiction to allow or disallow creditor claims filed therein.

9. During the claims process, the Court may properly deny investor or creditor claims that are not adequately substantiated by the claimant with accurate documentation. *United States v. Fairway Capital Corp.*, 433 F. Supp. 2d 226, 246–47 (D.R.I. 2006), aff'd, 483 F.3d 34 (1st Cir. 2007); 13 Moore's Federal Practice (3d ed.) § 66.06[4][b] ("The powers of the courts include the allowance, disallowance, and subordination of the claims of creditors.").

10. Generally, it is the claimant's burden to establish a valid claim against the receivership estate. *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000) (describing the general rule that, in the bankruptcy context, creditors must establish a valid claim against the debtor); *see also SEC v. Cap. Consultants, LLC*, 397 F.3d 733, 745 (9th Cir. 2005) (finding bankruptcy law "analogous" to and, therefore, persuasive in the administration of receivership estates). A proof of claim itself may be used as evidence to dispute the validity of a claim in cases where the proof of claim is insufficient on its face. *See In re Circle J Dairy, Inc.*, 112 B.R. 297, 299 (W.D. Ark. 1989). Once the objecting party provides evidence sufficient to

overcome a claim's prima facie validity, the burden shifts to the claimant who must then establish the validity of the claim by a preponderance of the evidence. *See In re O'Connor*, 153 F.3d 258, 260 (5th Cir. 1998).

11. A creditor's claim can be barred for untimeliness upon a showing that the creditor received reasonable notice. *In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 735 (5th Cir. 1995). This Court's Modified Bar Order provides "Any holder of a claim who fails to file a claim with the Receiver shall be barred, estopped, and enjoined from asserting such claim." Ex. A at ¶ 2.

12. The Receiver objects that the Claim is untimely and therefore barred. Receiver provided notice to Claimant of the Claims Bar Date by publications in the *Houston Chronicle* on October 14, 2022, October 21, 2022, and October 28, 2022. Receiver also provided notice to Claimant by publications online from October 14, 2022 until November 12, 2022. This Court ordered that notice by publications shall be deemed adequate. (Dkt. 183). Receiver provided further notice directly to Claimant by United States mail. *See* (Dkt. 189); Ex. D at 11. As such, Claimant received reasonable notice of the Claims Bar Date.

13. The Claims Bar Date was March 1, 2023. Claimant submitted its Claim on March 8, 2023. *See* Ex. E. It is evident on the face of the proof of claim that the Claim is untimely; accordingly, Receiver has overcome the Claim's prima facie validity, and the Claimant is required to demonstrate the validity of the Claim by preponderance of the evidence.

14. The Receiver's Affidavit in support of this Objection is attached as **Exhibit F** and is incorporated herein for all purposes. If no opposition to this Objection is raised, Receiver requests that the Court adjudicate this Objection.

WHEREFORE, Receiver requests that the Court enter an order disallowing the Claim in full. Receiver also requests such other and further relief as is just.

Dated: March 14, 2023.

Respectfully Submitted,

**NATHAN SOMMERS JACOBS**
**A PROFESSIONAL CORPORATION**

By: /s/ *Iain L. C. Kennedy*
    Iain L. C. Kennedy
    Attorney-in-Charge
    Texas Bar. No. 24068094
    Federal ID No. 1066018
    Julie Le
    Texas Bar No. 24111324
    Federal ID No. 3778242
    2800 Post Oak Blvd. 61st Floor
    Houston, TX 77056
    (713) 960-0303 (main)
    (713)892-4800 (fax)
    ikennedy@nathansommers.com
    jle@nathansommer.com

**ATTORNEYS FOR RONALD J. SOMMERS, RECIEVER**

5

## CERTIFICATE OF SERVICE

      The undersigned certifies that on March 14, 2023, a true and correct copy of the foregoing was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system. The undersigned further certifies that the foregoing was served upon all parties listed below no later than the next day after the filing of the foregoing.

| | |
|---|---|
| Qianju Jiao<br>C/O Mosaic Paradigm Law Group Pc<br>10370 Richmond Ave., Suite 850<br>Houston, Texas 77042 | Stephanie G. Udayan<br>c/o Heidi A. Weelborg<br>Weelborg Law, PLLC<br>2121 Sage Road, Suite 100 |
| Jiatong Yu<br>c/o MOSAIC Paradigm Law Group PC<br>10370 Richmond Ave., Suite 850<br>Houston, Texas 77042 | Robert Caltabiano<br>c/o THE LAW OFFICES OF M. CODY MOORE, PLLC<br>19901 Southwest Freeway<br>Sugar Land, Texas 77479 |
| Xuanmei Zhou<br>c/o MOSAIC Paradigm Law Group PC<br>10370 Richmond Ave., Suite 850<br>Houston, Texas 77042 | Melissa Udayan<br>mel.udayan@gmail.com |
| Natura A-R<br>Janice Confer<br>6436 Babcock Rd.<br>San Antonio, Texas 78249 | Estate of Michael Udayan<br>c/o Stephanie Clarke Davis, Court-appointed Temporary 3rd Party Dependent Administrator<br>1117 FM 359, Ste. 200<br>Richmond, Texas 77406 |
| Peter Hui & Hospitality Unlimited<br>c/o The Mussalli Law Firm<br>2441 High Timbers Drive, Suite 220<br>The Woodlands, TX 77380 | Property Care Services LLC<br>c/o Carlos Campos<br>4118 Southfield Court<br>Houston, Texas 77045 |
| United Air Services<br>c/o Noe Llamas<br>2815 Connorvale Rd.<br>Houston, TX 77039 | |

                                                             */s/ Iain L.C. Kennedy*
                                                               Iain L.C. Kennedy