IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **XIONGEN JIAO**, an individual, **QIANJI JIAO**, an individual, **ZHONGHUA YI**, an individual, **PENGFEI ZHOU**, an individual, **XUAMEI ZHOU**, an individual,<br><br>*Plaintiffs*,<br><br>vs.<br><br>**NINGBO XU**, an individual, and **LCL COMPANY, LLC**, a Texas Limited Liability Company,<br><br>*Defendants*,<br><br>and<br><br>**DONGTAI INVESTMENT GROUP, LLC**, a Texas Limited Liability Company,<br><br>*Nominal Defendant*. | Case No.: 4:19-CV-01848<br><br>Judge: Hon. Keith P. Ellison |

### RECEIVER'S OBJECTION TO CLAIM NO. 6
### FILED BY PETER HUI AND HOSPITALITY UNLIMITED INVESTMENTS, INC.

Ronald J. Sommers, Receiver ("Receiver") for Dongtai Investment Group, LLC ("DIG"), pursuant to this Court's Order establishing procedures for the adjudication of claims (Dkt. 193), files this Receiver's Objection (the "Objection") to Claim No. 6 (the "Claim") filed by Peter Hui ("Mr. Hui") and Hospitality Unlimited Investments, Inc. ("HUII" and together with Mr. Hui, "Claimants").

### I.   INTRODUCTION

1.   Claimants seek indemnification for certain attorney's fees and litigation expenses incurred in connection with their defense of claims brought against Claimants by a third-party

1

property broker, Gerrit Stryker ("Mr. Stryker"), over Mr. Stryker's purported entitlement to a broker's fee on the purchase of the Crowne Plaza Suites Hotel located at 9090 Southwest Fwy., Houston, Texas 77074 (the "Hotel") by DIG. Claimants successfully defended the litigation through trial and final judgment, obtaining a verdict in their favor. However, Claimants' Claim for indemnification against DIG fails as a matter of law and should be disallowed. Claimants, who are not licensed as real estate brokers in Texas, seek to enforce an indemnification obligation arising from a real estate contract. Texas courts routinely hold that obligations to unlicensed brokers are void as a matter of law. Additionally, the contract at issue provides that Claimants must look to DIG's broker for compensation, which they have failed to do. The Claim also fails on laches grounds, as Claimants failed to seek their attorney's fees in the underlying litigation or against DIG's broker. Finally, Claimants' demand for indemnity does not relate to the Agreement because it is based on a separate contract between Claimants and Mr. Stryker.

## II.   RELEVANT FACTUAL BACKGROUND

2.   On January 6, 2017, DIG and Ningbu Xu ("Xu" and together with DIG, "Buyer") entered into that Commercial Contract-Improved Property (the "Agreement") to acquire the Crowne Plaza Suites Hotel located at 9090 Southwest Fwy., Houston, Texas 77074 (the "Hotel") from Anaheim Coachman Inn LLC, Core Mesa LLC, H.I. Arizona LLC, Shining City LLC and Homer Chan (together, "Seller"). Agreement at p. 1. A true and correct copy of the Agreement is attached as Exhibit A hereto.

3.   Under the Agreement, Mr. Hui was listed as the Seller's real estate broker. *Id.* HUII disclosed that it is a "California licensed Real Estate Broker." Agreement, at p. 9. It did not indicate that it is a Texas licensed real estate broker. The Receiver has reviewed the records of the real estate brokers listed with the Texas Real Estate Commission ("TREC"). Mr. Hui and HUII are not registered as licensed real estate brokers with TREC and were not licensed as real

2

estate brokers with TREC at the time the Agreement was entered into. *See* Affidavit of Ronald J. Sommers, attached as Exhibit B hereto.

4. The Agreement provided for a two (2%) percent broker's fee, to be shared between Buyer's and Seller's brokers. Agreement at p. 10. The Agreement further provided that:

> Buyer agrees to fully and completely indemnify and hold Seller and Seller's Agent harmless from any and all commission disputes by any parties, including any alleged buyer's agent or procuring personnel.
>
> a. In the event of any commission dispute:
>
> 1. Buyer's Agent's share of commission shall remain in the escrow, pending resolution, between/among the disputing parties.
> 2. If Buyer's Agent's commission is in dispute, and if Seller's Agent's commission is not in dispute, Escrow shall release Seller's Agent's commission to Seller's Agent without any further consent or approval by any parties.
> 2. (sic) No such parties, which are disputing commission payment, shall have the right to file a Lis Pendens or take any such action to delay or otherwise imped, for whatever reason, the close of the escrow. Escrow is instructed to close escrow without further consent or signatures from Seller/Buyer.
>
> b. All expenses necessary to cover Buyer's duty to indemnify Seller, (sic) shall be deducted from Buyer[']s Agent's commission. Escrow is instructed to deduct from the sum prior to final distribution.
>
> THE ABOVE PROVISIONS SHALL SURVIVE AT LEAST 12 MONTHS AFTER THE CLOSE OF ESCROW.

Agreement at p. 11.

5. On September 27, 2018, Mr. Stryker filed suit against Claimants in a matter styled *Stryker et al. v. Hui et al.,* No. 2018-69123, in the 334th District Court, Harris County, Texas (the "Underlying Litigation"). A true and correct copy of Mr. Stryker's Original Petition in the Underlying Litigation is attached as Exhibit C hereto. In the Underlying Litigation, Mr. Stryker alleged that on February 11, 2016, his company, Intergroup Realty, Inc., entered into a Cooperating Broker Agreement with Claimants that provided for him to be paid a three (3%) percent

3

commission on the sale price of the Hotel, to be paid in full upon closing.  *See* Ex. C.  Mr. Stryker attached a copy of the Cooperating Broker Agreement to the Original Petition.  *See id.*  Mr. Stryker alleged his counsel made demand for the compensation due to him under the Cooperating Broker Agreement, which Claimants failed to pay.  *Id.*  Mr. Stryker alleged a claim for breach of the Cooperative Broker Agreement, along with a claim for quantum meruit.  On September 28, 2022, Mr. Stryker filed an amended Original Petition, maintaining the same claims based on the Cooperating Broker Agreement.  A true and correct copy of the Amended Original Petition is attached as Exhibit D hereto.

6. The matter proceeded to trial on October 4-7, 2022.  On November 2, 2022, the Court entered a take nothing judgment on Mr. Stryker's claims.  A true and correct copy of the Judgment is attached as Exhibit E hereto.  The Judgment in the Underlying Litigation has since become final.

7. On October 19, 2022, Receiver received a claim submitted by Claimants seeking the reimbursement of certain costs and attorney fees as more fully alleged by HUII in the State Court Litigation totaling $122,302.87.[1]  A true and correct copy of Claim No. 6 is attached as Exhibit F to the Claim Objection.

8. On October 21, 2022, Claimants filed suit against the Receiver and the receivership estate in an action styled *Hui and Hospitality Unlimited Investments, Inc. v. Sommers, as Receiver to Dongtai Investment Group, LLC, et al.*, in the 269th Judicial District Court in Harris County, Texas (the "State Court Litigation").[2]  In the State Court Litigation, Claimants alleged that they

---

[1] Although the initial claim was in the amount of $62,307.71, Receiver understands that the Claim has increased to cover costs through trial and final judgment.

[2] The State Court Litigation Plaintiffs also name Ningbo Xu as a co-defendant.  Mr. Xu has not appeared in the litigation, and it is unclear to the Receiver if he has been served by the State Court Litigation Plaintiffs with their Original Petition.

are owed contractual indemnity arising out of the sale of the Hotel. A true and correct copy of the Original Petition is attached as Exhibit G. That action has been stayed by this Court.

### III. RELIEF REQUESTED

9. The Court overseeing a receivership has the jurisdiction to disallow, estimate, or liquidate creditor claims filed therein.

10. During the claims process, the Court may properly deny investor or creditor claims that are not adequately substantiated by the claimant with accurate documentation. *United States v. Fairway Capital Corp.*, 433 F. Supp. 2d 226, 246–47 (D.R.I. 2006), aff'd, 483 F.3d 34 (1st Cir. 2007); 13 Moore's Federal Practice (3d ed.) § 66.06[4][b] ("The powers of the courts include the allowance, disallowance, and subordination of the claims of creditors.").

11. Generally, it is the claimant's burden to establish a valid claim against the receivership estate. *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000) (describing the general rule that, in the bankruptcy context, creditors must establish a valid claim against the debtor); *see also SEC v. Cap. Consultants, LLC*, 397 F.3d 733, 745 (9th Cir. 2005) (finding bankruptcy law "analogous" to and, therefore, persuasive in the administration of receivership estates). A proof of claim itself may be used as evidence to dispute the validity of a claim in cases where the proof of claim is insufficient on its face. *See In re Circle J Dairy, Inc.*, 112 B.R. 297, 299 (W.D. Ark. 1989). Once the objecting party provides evidence sufficient to overcome a claim's prima facie validity, the burden shifts to the claimant who must then establish the validity of the claim by a preponderance of the evidence. *See In re O'Connor*, 153 F.3d 258, 260 (5th Cir. 1998).

12. Here, the Receiver believes that the documentary evidence submitted by Claimants fails to establish a prima facie valid claim under Texas law. However, even if the Court were to

determine that a prima facie valid claim has been filed by Claimants (and it should not), substantial evidence exists to (a) disallow the Claim in full or (b) equitably reduce the Claim.

### A. The Indemnity Provision Is Void.

13. The Claim should be disallowed because it is based solely on Claimants' unlicensed real estate broker activity.

14. The Receiver's investigation has uncovered that Mr. Hui is a California real estate broker not licensed in Texas. *See* Ex. B. Similarly, HUII is a California entity and is not licensed as a broker of real estate in Texas. *Id.* It is a violation of the Texas Occupational Code to act as a broker or sales agent without holding a license or certificate of registration in Texas to do so. *See, e.g.*, Tex. Occ. Code § 1101.754. Unlicensed brokers are prohibited from collecting a commission on a real estate transaction that they brokered. *Hall v. Hard,* 335 S.W.2d 584, 588 (Tex. 1960); *David Gavin Co. v. Gibson*, 780 S.W.2d 833, 834 (Tex. App.—Houston [14th Dist.] 1989, writ denied).

15. Although the Receiver has not uncovered any Texas court which has directly addressed whether an indemnity agreement in a real estate broker contract owed to an unlicensed broker is void, the Texas Supreme Court has held that indemnity agreements in insurance contracts that are procured by unlicensed brokers are void. *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 680 (Tex. 1998). Here, Claimants' claim to indemnity is based solely on brokering a transaction that they were legally prohibited from doing. As such, there is not legal or factual justification for enforcing an indemnity agreement in favor of Claimants and the Claim should be disallowed.

### B. The Contract Requires Claimants to Only Look to Buyer's Agent.

16. Even if an indemnity were owed (and it is not), the Agreement requires that Claimants look to DIG's broker for payment and not DIG.

17. Here, the Agreement specifically provides that "All expenses necessary to cover Buyer's duty to indemnify Seller, shall be deducted from Buyers['] Agent's commission." Agreement at p. 10. Thus, the Agreement of the Parties provides that Claimants must look to Buyer's Agent (Joanna Xie of Goldenpalm International, LLC (together, "Ms. Xie")) to recover their indemnification expenses. Despite this, Claimants have improperly attempted to collect their indemnity directly from Buyer.

18. Here, there is no evidence in the pleadings that Claimants have made demand upon Ms. Xie, and Claimants failed to name her as a defendant in the State Court Litigation or Underlying Litigation. As such, the Claim against the Receivership is barred by the plain language of the Agreement, and the Claim must be disallowed.

**C. The Claim Is Barred By the Failure to Pursue Other Remedies.**

19. Similarly, the Claim should be disallowed because Claimants failed to timely enforce their purported right to indemnification. Laches is an equitable remedy that prevents a plaintiff from asserting a claim due to a lapse of time. *Green v. Parrack*, 974 S.W.2d 200, 203-04 (Tex. App.—San Antonio 1998, no pet.); *Bluebonnet Sav. Bank, F.S.B. v. Grayridge Apartment Homes, Inc.*, 907 S.W.2d 904, 912 (Tex. App.—Houston [1st Dist.] 1995, writ denied). To prevail, the party asserting laches must show two elements: (1) there was an unreasonable delay by the other party in asserting legal or equitable rights, and (2) the party asserting laches made a good faith change in position to his detriment because of the delay. *Caldwell v. Barnes*, 975 S.W.2d 535, 538 (Tex. 1998).

20. Here, the Agreement specifically provides for fee disputes to be paid from the escrow. Claimants concede that they were aware of this matter no later than October 2018. Yet, despite that, Claimants have to this day failed to attempt to seek indemnification from Ms. Xie via the escrowed funds for their indemnity. Moreover, Claimants failed to file a counterclaim or

otherwise seek their attorney's fees from Mr. Stryker in the Underlying Litigation. As such, the Claim must be disallowed.

### D. The Indemnity Claim Is Based on Another Agreement.

21. Finally, the Claim must be disallowed because the claim for indemnity is not based on defending a claim for a broker's fee under the Agreement but on a claim for a fee owed under another agreement directly between Claimants and Mr. Stryker.

22. In the Underlying Litigation, Mr. Stryker sued for a right to a fee under a "Cooperating Brokerage Agreement" that he signed directly with Claimants. Mr. Stryker expressly referenced that agreement in his Original Petition and in his demand letter. He attached a copy of that agreement as an exhibit to his Original Petition. DIG was not a party to that agreement. In fact, the Cooperating Brokerage Agreement conflicts with the Agreement, as it provides for Mr. Stryker to be paid "a total commission fee of 3% of the total sales price," despite that the Agreement only provides for a 2% total brokerage fee to be split between Buyers' Agent and Sellers' Agent.

23. Mr. Stryker's claims in the Underlying Litigation were not based on the actions of DIG. As such, there is no basis for asserting that a right to indemnification for costs associated with the Underlying Litigation is owed to Claimants under the Agreement, and the Claim must be disallowed.

### IV.  CONCLUSION

24. The Receiver's Affidavit in support of this Objection is attached as <u>Exhibit B</u> and is incorporated herein for all purposes. If no opposition to this Objection is raised, Receiver requests that the Court adjudicate this Objection.

WHEREFORE, Receiver requests that the Court enter an order disallowing the Claim in full and/or equitably estimating the value of the claim. Receiver also requests such other and

further relief as is just.

Dated: March 20, 2023.

                Respectfully Submitted,

                **NATHAN SOMMERS JACOBS**
                **A PROFESSIONAL CORPORATION**

                By: /s/ *Iain L. C. Kennedy*
                    Iain L. C. Kennedy
                    Attorney-in-Charge
                    Texas Bar. No. 24068094
                    Federal ID No. 1066018
                    Julie Le
                    Texas Bar No. 24111324
                    Federal ID No. 3778242
                    2800 Post Oak Blvd. 61st Floor
                    Houston, TX 77056
                    (713) 960-0303 (main)
                    (713)892-4800 (fax)
                    ikennedy@nathansommers.com
                    jle@nathansommer.com

                **ATTORNEYS FOR RONALD J. SOMMERS, RECIEVER**

**CERTIFICATE OF SERVICE**

       The undersigned certifies that on March 20, 2023, a true and correct copy of the foregoing was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system. The undersigned further certifies that the foregoing was served upon all parties listed below no later than the next day after the filing of the foregoing.

| | |
|---|---|
| Qianju Jiao<br>C/O Mosaic Paradigm Law Group Pc<br>10370 Richmond Ave., Suite 850<br>Houston, Texas 77042 | Stephanie G. Udayan<br>c/o Heidi A. Weelborg<br>Weelborg Law, PLLC<br>2121 Sage Road, Suite 100 |
| Jiatong Yu<br>c/o MOSAIC Paradigm Law Group PC<br>10370 Richmond Ave., Suite 850<br>Houston, Texas 77042 | Robert Caltabiano<br>c/o THE LAW OFFICES OF M. CODY MOORE, PLLC<br>19901 Southwest Freeway<br>Sugar Land, Texas 77479 |
| Xuanmei Zhou<br>c/o MOSAIC Paradigm Law Group PC<br>10370 Richmond Ave., Suite 850<br>Houston, Texas 77042 | Melissa Udayan<br>mel.udayan@gmail.com |
| Natura A-R<br>Janice Confer<br>6436 Babcock Rd.<br>San Antonio, Texas 78249 | Estate of Michael Udayan<br>c/o Stephanie Clarke Davis, Court-appointed Temporary 3rd Party Dependent Administrator<br>1117 FM 359, Ste. 200<br>Richmond, Texas 77406 |
| Peter Hui & Hospitality Unlimited<br>c/o The Mussalli Law Firm<br>2441 High Timbers Drive, Suite 220<br>The Woodlands, TX 77380 | Property Care Services LLC<br>c/o Carlos Campos<br>4118 Southfield Court<br>Houston, Texas 77045 |
| United Air Services<br>c/o Noe Llamas<br>2815 Connorvale Rd.<br>Houston, TX 77039 | |

                                                    _/s/ Iain L.C. Kennedy_
                                                      Iain L.C. Kennedy