IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| XIONGEN JIAO, an individual, QIANJI JIAO, an individual, ZHONGHUA YI, an individual, PENGFEI ZHOU, an individual, XUAMEI ZHOU, an individual,<br><br>*Plaintiffs,*<br><br>vs.<br><br>NINGBO XU, an individual, and LCL COMPANY, LLC, a Texas Limited Liability Company,<br><br>*Defendants,*<br><br>and<br><br>DONGTAI INVESTMENT GROUP, LLC, a Texas Limited Liability Company,<br><br>**Nominal Defendant.** | Case No.: 4:19-CV-01848<br><br>Judge: Hon. Keith P. Ellison |

**THE STATE OF TEXAS** §
§
**COUNTY OF HARRIS** §

BEFORE ME, the undersigned authority, on this day personally appeared Ronald J. Sommers, who, being known to me and duly sworn, upon oath deposed and stated as follows:

1. My name is Ronald J. Sommers. My business address is 2800 Post Oak Boulevard, 61st Floor, Houston, Texas 77056. I am over the age of eighteen (18) years, am fully competent to testify, have never been convicted of a felony or crime of moral turpitude and am in no way disqualified from making this affidavit. I have personal knowledge of every fact contained in this affidavit and they are all true and correct.

11

**EXHIBIT B**

2.      I am the Court-Appointed Receiver for Dongtai Investment Group, LLC ("DIG"). I have reviewed business records for DIG that have been provided to me during the course of this receivership, and I— as well as my counsel, at my direction— have researched the basis for the claims that have been filed in the receivership.

3.      On January 6, 2017, DIG and Ningbu Xu ("Xu" and together with DIG, "Buyer") entered into that Commercial Contract-Improved Property (the "Agreement") to acquire the Crowne Plaza Suites Hotel located at 9090 Southwest Fwy., Houston, Texas 77074 (the "Hotel") from Anaheim Coachman Inn LLC, Core Mesa LLC, H.I. Arizona LLC, Shining City LLC and Homer Chan (together "Seller").  Agreement at p. 1.  A true and correct copy of the Agreement is attached as Exhibit A to this Claim Objection.

4.      Under the Agreement, Mr. Hui was listed as the Seller's real estate broker.  *Id.* HUII disclosed that it is a "California licensed Real Estate Broker."  Agreement, at p. 9.  It did not indicate that it is a Texas licensed real estate broker.

5.      I have reviewed records of the real estate brokers listed with the Texas Real Estate Commission ("TREC").  Mr. Hui and HUII are not registered as licensed real estate brokers with TREC and were not licensed as real estate brokers with TREC at the time the Agreement was entered into.

6.      The Agreement provided for a two (2%) percent broker's fee, to be shared between Buyer's and Seller's broker.  Agreement at p. 10.  The Agreement further provided that:

> Buyer agrees to fully and completely indemnify and hold Seller and Seller's Agent harmless from any and all commission disputes by any parties, including any alleged buyer's agent or procuring personnel.
>
> a. In the event of any commission dispute:
>
> 1. Buyer's Agent's share of commission shall remain in the escrow, pending resolution, between/among the disputing parties.
> 2. If Buyer's Agent's commission is in dispute, and if Seller's Agent's commission is not in dispute, Escrow shall release Seller's Agent's commission to Seller's Agent without any further consent or approval by any parties.
> 2. (sic) No such parties, which are disputing commission payment, shall have the right to file a Lis Pendens or take any such action to delay or otherwise imped, for whatever reason, the close of the escrow.  Escrow is instructed to close escrow without further consent or signatures from Seller/Buyer.
>
> b. All expenses necessary to cover Buyer's duty to indemnify Seller, (sic) shall be deducted from Buyer[']s Agent's commission.  Escrow is instructed to deduct from the sum prior to final distribution.
>
> THE ABOVE PROVISIONS SHALL SURVIVE AT LEAST 12 MONTHS AFTER THE CLOSE OF ESCROW.

Agreement at p. 11.

7.  On September 27, 2018, Mr. Stryker filed suit against Mr. Hui and HUII in a matter styled *Stryker et al. v. Hui et al.,* No. 2018-69123, in the 334th District Court, Harris County, Texas (the "Underlying Litigation"). A true and correct copy of Mr. Stryker's Original Petition in that action is attached as <u>Exhibit C</u> to this Claim Objection. In that action, Mr. Stryker alleged that on February 11, 2016, his company, Intergroup Realty, Inc., entered into a Cooperating Broker Agreement with Claimants that provided for him to be paid a three (3%) percent commission on the sale price of the Hotel, to be paid in full upon closing. *see* Ex. C. Mr. Stryker attached a copy of the Cooperating Broker Agreement to the Original Petition. *See id.* Mr. Stryker alleged his counsel made demand for the compensation due to him under the Cooperating Broker Agreement, which Claimants failed to pay. *Id.* Mr. Stryker alleged a claim for breach of the Cooperative Broker Agreement, along with a claim for quantum meruit. On September 28, 2022, Mr. Stryker filed an amended Original Petition, maintaining the same claims based on the Cooperating Broker Agreement. A true and correct copy of the Amended Original Petition is attached as <u>Exhibit D</u> to the Claim Objection.

8.  On October 19, 2022, Receiver received a claim submitted by Claimants seeking the reimbursement of certain costs and attorney fees as more fully alleged by Claimants in the State Court Litigation. A true and correct copy of the Claim is attached as <u>Exhibit F</u> to the Claim Objection.

1.  I object to the Claim because Claimants, who are not licensed as real estate brokers in Texas, seek to enforce an indemnification obligation arising from a real estate contract. Additionally, the contract at issue provides that the Claimants must look to DIG's broker for compensation, which they did not do. Claimants also failed to seek their attorney's fees in the Underlying Litigation or against DIG's broker. Finally, Claimants' demand for indemnity does not relate to the Agreement because it is based on the separate contract between Claimants and Mr. Stryker.

2.  Based upon the foregoing, I request that the Court sustain my Objection and enter an order disallowing the Claim in full.

_____
Ronald J. Sommers

SWORN TO AND SUBSCRIBED BEFORE ME this 20th day of March, 2023, to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of Texas
My Commission Expires:



COURTNEY ALEXUS LEMONS
NOTARY ID #13149759-3
My Commission Expires
March 23, 2026