Case 4:19-cv-01848   Document 199-4   Filed on 03/20/23 in TXSD   Page 1 of 16

9/28/2022 6:28 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 68719467
By: SIMONE MILLS
Filed: 9/28/2022 6:28 PM

CAUSE NO. 2018-69123

| | | |
|---|---|---|
| GERRIT STRYKER<br>AND INTERGROUP REALTY, INC.,<br>      Plaintiffs, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | 334ᵀᴴ JUDICIAL DISTRICT |
| PETER HUI AND HOSPITALITY<br>UNLIMITED INVESTMENTS, INC.<br>      Defendants. | §<br>§<br>§<br>§ | HARRIS COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

Plaintiffs Gerrit Stryker and Intergroup Realty, Inc., file their First Amended Original Petition against Peter Hui and Hospitality Unlimited Investments, Inc., and would show the court the following:

### I. DISCOVERY CONTROL PLAN

1.01

Plaintiffs intend to conduct discovery in this matter under Level 3 as provided by Rule 190.4 of the Texas Rules of Civil Procedure.

### II. PARTIES

2.01

Plaintiff Gerrit Stryker is an individual residing in Houston, Harris County, Texas. The last three numbers of his driver's license number are 815 and the last three numbers of his Social Security number are 708.

2.02

Plaintiff Intergroup Realty, Inc., is a corporation licensed to do business in the State of Texas, whose principal place of business is located at 1119A Waverly Street, Houston, Texas 77008.

{00426150.1}
4889540.1

**EXHIBIT D**

2.03

Defendant Peter Hui is an individual residing in Cerritos, California. Hospitality Unlimited Investments, Inc., is a corporation organized under the laws of the State of California that is doing business in Texas. Defendant Hui and Defendant Hospitality Unlimited Investments, Inc. have been served, are represented by counsel and are before this Court for all purposes.

### III. JURISDICTION AND VENUE

3.01

This Court has jurisdiction over the parties and subject matter of this cause of action. The amount in controversy is within the jurisdictional limits of this Court. Plaintiff seek monetary relief of $1,000,000 or less and nonmonetary relief. TEX. R. CIV. P. 47(c)(2). Venue is proper and in Harris County, Texas, pursuant to §15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this action occurred in Harris County, Texas.

### IV. FACTS

4.01

Plaintiff Stryker is a licensed real estate agent associated with United Real Estate – Houston, which is a d/b/a of URE Houston, LLC ("United"). Plaintiff Intergroup Realty, Inc., ("Intergroup") is a real estate brokerage company. Peter Hui is a licensed real estate broker and a certified hotel administrator. Mr. Hui is also the President, CEO, CFO, and Secretary of Defendant Hospitality Unlimited Investments ("HUI").

4.02

On or about February 11, 2016, United and Intergroup entered into a Cooperating Brokerage Agreement ("Agreement") with Defendants, under which Defendants, as Listing Broker/Partner, agreed to pay United and Intergroup, as Cooperating Broker, a three percent (3%) commission fee of the total sales price of the Crowne Plaza Hotel located at 9090 Southwest Freeway in Houston, Texas. Pursuant to the Agreement, the commission fee was to be paid in full upon closing. A true and correct copy of the Agreement is attached hereto as Exhibit "A."

4.03

Thereafter, Stryker, on behalf of United, and/or Tandy Lofland, on behalf of Intergroup, introduced HUI and the hotel to a prospect that included American Liberty Hospitality, Inc. and its investors, Ningbo "Kevin" Xu and a "Mr. Jiao" from China, all of whom attended tours of the hotel. In July/August of 2016, these prospects entered into a contract to purchase the hotel, but the sale did not close and the contract terminated. In December of 2016, HUI agreed to an extension of the Agreement for an additional six months. A true and correct copy of the email communication setting out the agreed-upon extension is attached hereto as Exhibit "B."

4.04

On May 18, 2017, the owners of the hotel signed a Warranty Deed conveying the hotel property to Dongtai Investment Group, LLC, a Texas limited liability company ("Dongtai"). Mr. Xu is the Manager of Dongtai and, based on information and belief, Mr. Jiao is an investor. Even though HUI was aware that this purchaser

included prospects introduced by Plaintiffs, HUI knowingly and deliberately excluded Plaintiffs from the transaction. Having introduced the ultimate buyers of the hotel to HUI as prospective purchasers, Plaintiffs are owed a commission on the sale.

4.05

To date, HUI has wholly failed and/or refused to pay the commission in question. On August 31, 2018, Plaintiffs made written demand upon HUI to pay the three percent (3%) commission pursuant to the terms of the Agreement and the subsequent extension of the Agreement. A true and correct copy of that demand letter is attached to this Petition as Exhibit "C." As of the date of filing this Petition, HUI has failed to pay the commission to Plaintiffs.

## V. CLAIMS AND CAUSES OF ACTION

5.01

### Conditions Precedent

All conditions precedent to HUI's performance under the Agreement have occurred or have been excused due to the actions of Defendants and/or the buyers of the hotel. As provided for under the Agreement: (a) the hotel sale closed with "one of the Cooperating Broker's registered Prospects" as buyers; (b) Plaintiffs attended all property showings as needed; (c) Plaintiffs met with the Seller and Buyer; and (d) Plaintiffs engaged in due diligence activities. However, due to Defendants' and/or buyers' actions alleged herein, Plaintiffs were prevented and therefore excused from "represent[ing] the buyer in all parts of the transaction…attending escrow closing and change over."

{00426150.1} 4

5.02

**Breach of Contract**

As a result of HUI's failure to pay for the services contracted for in the Agreement, HUI has breached its contract with Plaintiffs for which Plaintiffs now sue. As a result of this breach, HUI owes Plaintiffs three percent (3%) of the sales price for the hotel, and additional fees, expenses and interest that are still accruing as a result of this breach.

5.03

**Quantum Meruit**

Alternatively, United and Intergroup rendered valuable services to HUI in introducing prospects for the purchase of the hotel and those services were accepted, used and enjoyed by HUI.  By accepting those services, HUI knew and understood that United and Intergroup were expecting to be paid a commission on the sale of the hotel to an investment group which included the prospects introduced by them. Therefore, HUI is liable to United and Intergroup under *quantum meruit* for the reasonable value of the services provided.

**VI. ATTORNEY'S FEES**

6.01

Plaintiffs incorporate herein all paragraphs set forth above. Plaintiffs have been forced to employ the law firm of Hornberger Fuller Garza & Cohen Incorporated to pursue legal remedies against Defendants.  Plaintiffs may recover attorney's fees under a written contract pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001(8).

{00426150.1}                                                       5

Plaintiffs presented their claim to Defendants, and Defendants did not tender the amount owed within 30 days after the claim was presented.

## VII. REQUEST FOR DISCLOSURE

7.01

Under Texas Rules of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2

## VIII. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that the Defendants be cited to appear and answer, and that upon final hearing in this matter, Plaintiffs be granted judgment including the following relief:

1. Award of all damages resulting from Defendants' breach of the Agreement;
2. Alternatively, award of the reasonable value of the services provided to Defendant by Plaintiffs;
3. Pre-judgment and post-judgment interest on Plaintiffs' recovery at the highest legal rate allowed by law or equity;
4. Costs of Court;
5. Reasonable and necessary attorney's fees allowed under Texas law;
6. All legal and equitable relief requested herein; and
7. Such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**HORNBERGER FULLER GARZA & COHEN INCORPORATED**
7373 Broadway, Suite 300
San Antonio, Texas 78209
(210) 271-1700 – Telephone
(210) 271-1730 – Facsimile


By: */s/ David Jed Williams*
    David Jed Williams
    State Bar No. 21518060
    David W. Navarro
    dnavarro@hfgtx.com
    State Bar No. 24027683

ATTORNEYS FOR PLAINTIFFS


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document was served on the following counsel, via the Electronic Service Manager, on September 28, 2022:

Matthew J. Mussalli
Margaret Urquhart
The Mussalli Law Firm
2441 High Timbers Drive, Suite 220
The Woodlands, Texas 77380


    */s/ David W. Navarro*
    David W. Navarro

## COOPERATING BROKERAGE AGREEMENT

Peter Hui, with Hospitality Investments, Inc. (the "Listing Broker / Partner") has agreed to pay United Real Estate and Intergroup Companies ( the "Cooperating Broker's ) a total commission fee of 3% of the total sale price, regarding the Crowne Plaza Hotel located at 9090 Southwest Freeway, only if the transaction closes with one of the Cooperating Broker's registered Prospects. The Coop Fee shall be paid in full to the Cooperating Broker's at Closing. Cooperating Broker agrees to perform the following duties to the best of their abilities:

i. Cooperating Broker agrees to represent the Buyer in all parts of the transaction.

ii. Cooperating Broker will attend all property showings as needed, meetings with the Seller, Buyer due diligence activities, escrow closing and change over.

iii. Cooperating Broker is not acting as a principal or taking any ownership position in the Property.

*(4) This agreement will expired in 6 months from signing (PH)*

I have read and agree to all of the terms and conditions as set forth above.

_____  2/11/16      _____  2/11/16
Gerrit Stryker (Cooperating Broker)   Date      Peter Hui (Listing Broker/Partner)   Date



| | |
|---|---|
| **Subject:** | Fwd: Cooperating Brokerage Agreement |
| **From:** | Gerrit Stryker (gerritstryker@yahoo.com) |
| **To:** | tandy@intergroupcompanies.com; |
| **Date:** | Tuesday, August 8, 2017 3:34 PM |

# Exhibit B

Begin forwarded message:

**From:** Gerrit Stryker <gerritstryker@yahoo.com>
**Date:** February 23, 2017 at 4:27:39 PM CST
**To:** William Harmeyer <wharmeyer@harmeyerlaw.com>
**Subject: Fwd: Cooperating Brokerage Agreement**

Here is the email thread for the extension.


Begin forwarded message:

**From:** Peter Hui <peter@huihotels.com>
**Date:** December 5, 2016 at 6:34:30 PM CST
**To:** 'Gerrit Stryker' <gerritstryker@yahoo.com>
**Cc:** Sanjay Govind <Sgovind@innvestment.net>
**Subject: RE: Cooperating Brokerage Agreement**

O.K. I will extend that for another 6 months.


**From:** Gerrit Stryker [mailto:gerritstryker@yahoo.com]
**Sent:** Monday, December 05, 2016 4:28 PM
**To:** Peter Hui
**Cc:** Sanjay Govind
**Subject:** Re: Cooperating Brokerage Agreement


We can't approach other prospects unless we are protected. We only go to previous contacts we know are qualified. But we can't register clients or buyers with you without having protection.

Just reply agreeing is all we need to continue working on this for you guy. I assure you we are the best around.

On Dec 5, 2016, at 5:45 PM, Peter Hui <peter@huihotels.com> wrote:

Dear Gerrit.

I will consider it If and when you have a qualified buyer on the table.

**From:** Gerrit Stryker [mailto:gerritstryker@yahoo.com]
**Sent:** Monday, December 05, 2016 9:21 AM
**To:** Peter Hui; Sanjay Govind
**Subject:** Re: Cooperating Brokerage Agreement

Hi Peter and Sanjay,

We are still speaking with Nick on a regular basis and attempting to get him to move forward again as well as find out at what price he feels comfortable with, given the drastic decline in income since we first got started. We have a few other avenues of buyers we want to pursue, however we realized that our agreement has expired. So if you could please reply to this email approving a 6 month extension to our cooperating agreement, effective at the date of replying, for any buyers me and Tandy bring to the table, so we are protected.

Thanks

Gerrit Stryker

Begin forwarded message:

**From:** Peter Hui <peter@huihotels.com>
**Date:** February 11, 2016 at 1:41:21 PM CST
**To:** 'Gerrit Stryker' <gerritstryker@yahoo.com>
**Subject: FW: Cooperating Brokerage Agreement**

Here it go.

**From:** Terisa Liang
**Sent:** Thursday, February 11, 2016 11:15 AM
**To:** Peter Hui
**Subject:** Cooperating Brokerage Agreement

### Terisa Liang

Hospitality Unlimited Investments, Inc.

17785 Center Court Drive N

Suite 720

Cerritos, CA 90703

Tel: (562) 865-6411

Fax: (562) 865-6511

Email: terisa@huihotels.com

Website: www.huihotels.com

***Attention: Please note new phone number and address as above

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

fdx04304364 - p. 12 of 15

# Hornberger Fuller & Garza
INCORPORATED

**Exhibit C**

**David Jed Williams**
jwilliams@hfgtx.com
Direct Dial: (210) 271-1731

August 31, 2018

*Via Email and*
*Via CMRRR*
Mr. Peter Hui
Hospitality Unlimited Investments, Inc.
17785 Center Court Dr., Suite 720
Cerritos, California 90703

Re:   Cooperating Brokerage Agreement with United Real Estate and Intergroup Realty, Inc. pertaining to Crown Plaza Hotel, 9090 Southwest Freeway, Houston, Texas

Dear Mr. Hui:

This firm represents United Real Estate, Intergroup Realty, Inc., and their principals, Gerrit Stryker and Tandy O. Lofland.

On February 11, 2016, you entered into a Cooperating Brokerage Agreement with our clients pertaining to the prospective sale of the Crown Plaza Hotel located at 9090 Southwest Freeway, Houston, Texas. Under the terms of this agreement, you agreed to pay our clients a commission fee of 3% of the total sales price of the hotel if a sales transaction closed with one of our clients' registered prospects.

Our clients introduced to you and the hotel a prospect that included American Liberty Hospitality and its investors Ningbo "Kevin" Xu and Mr. Jiao from China, all of whom attended tours of the hotel. In July/August, 2016, our clients' prospects entered into a contract to purchase the hotel, but the sale did not close and the contract terminated.

In December, 2016, you agreed to an extension of the Cooperating Broker Agreement for an additional six months.

On May 18, 2017, the owners of the hotel signed a Warranty Deed conveying the hotel property to Dongtai Investment Group, LLC, a Texas limited liability company ("Dongtai"). Mr. Xu is the Manager of Dongtai and we suspect that Mr. Jiao is involved as an investor.

{00223150.1}

7373 Broadway, Suite 300 · San Antonio, Texas 78209
(210) 271-1700 · Fax (210) 271-1740

Mr. Peter Hui
Hospitality Unlimited Investments, Inc.
August 31, 2018
Page 2

Because our clients introduced the ultimate buyers of the hotel to you as prospective purchasers, our clients are owed their commission on the sale. This letter constitutes a demand for payment of a commission equaling 3% of the total sales price of the hotel. If you fail to honor the agreement and pay this commission, our clients will have no choice but to pursue all available legal remedies, including filing suit to seek all damages and recovery of attorneys' fees.

Our clients are interested in resolving this matter without litigation, if possible, but if not, please be assured that we will move forward with filing a lawsuit if we do not resolve this matter soon.

Please contact us if you wish to discuss this matter further.

Sincerely,

HORNBERGER FULLER & GARZA
INCORPORATED

By: _____
David Jed Williams

DJW:mec

{00223150.1}

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Marcy Castanon on behalf of David Williams
Bar No. 21518060
MCastanon@hfgtx.com
Envelope ID: 68719467
Status as of 9/29/2022 10:14 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Matthew J.Mussalli | | matt@mussallilaw.com | 9/28/2022 6:28:26 PM | SENT |
| David WNavarro | | dnavarro@hfgtx.com | 9/28/2022 6:28:26 PM | SENT |
| Susie Reeves | | sreeves@hfgtx.com | 9/28/2022 6:28:26 PM | SENT |
| Marcy Castanon | | mcastanon@hfgtx.com | 9/28/2022 6:28:26 PM | SENT |
| David JedWilliams | | JWilliams@hfgtx.com | 9/28/2022 6:28:26 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   March 20, 2023

Certified Document Number:        104304364 Total Pages:  15

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**