IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **XIONGEN JIAO, an individual, QIANJI JIAO, an individual, ZHONGHUA YI, an individual, PENGFEI ZHOU, an individual, XUAMEI ZHOU, an individual,**<br><br>*Plaintiffs,*<br><br>vs.<br><br>**NINGBO XU, an individual, and LCL COMPANY, LLC, a Texas Limited Liability Company,**<br><br>*Defendants,*<br><br>and<br><br>**DONGTAI INVESTMENT GROUP, LLC,** a Texas Limited Liability Company,<br><br>Nominal Defendant. | Case No.: 4:19-CV-01848<br><br>Judge: Hon. Keith P. Ellison |

**RECEIVER'S OBJECTION TO CLAIM NO. 10 FILED BY
<u>PROPERTY CARE SERVICES LLC</u>**

Ronald J. Sommers, Receiver ("Receiver") for Dongtai Investment Group, LLC ("DIG"), pursuant to this Court's Order establishing procedures for the adjudication of claims (Dkt. 193), files this Receiver's Objection (the "Objection") to Claim No. 12 (the "Claim"), which was filed by Property Care Services LLC ("Claimant").

**I.   RELEVANT FACTUAL BACKGROUND**

1.  The deadline to submit proofs of claim in this case was March 1, 2023.

2.  On February 21, 2023, Claimant submitted its Claim in the amount of $153,823.00 for deep cleaning services provided to DIG. *See* Proof of Claim No. 6, a true and correct copy of which is attached as <u>Exhibit A</u>. In support of the Claim, Claimant submitted a single invoice,

dated April 22, 2021; the business card for Claimant's principal, Carlos Campos, which identifies himself as the Director of Engineering for the Crowne Plaza Hotel (the "Hotel"); and an email from the former receiver, Michael Udayan ("Mr. Udayan"), to two third parties dated April 28, 2021, where Mr. Udayan notes "the vast majority of the Cleanup has already been finished." Upon the Receiver's demand for further documentation to support the Claim, Claimant provided certain pictures, and messages none of which appeared to provide support that an agreement existed between DIG and Claimant to pay Claimant the amount demanded.

3. The Receiver has reviewed the business records for DIG which have been provided to him by the Estate of the former receiver and other sources. The Receiver has not uncovered any other records which relate to any services purportedly provided by Claimant for the benefit of DIG. The Receiver notes that payroll records for the hotel indicate that Mr. Campos was employed by the hotel and receiving a salary from the hotel. The Receiver has requested that Claimant provide additional documentation that supports its claim but has not received anything further as of the date of filing of the Objection.

4. Specifically, the Receiver has not reviewed any documentation indicating that (a) Mr. Udayan hired Mr. Campos to provide services to the hotel beyond those which he was already performing as a salaried employee; (b) that the prices charged by Claimant were approved by Mr. Udayan; or (c) that the work was actually performed. In the absence of sufficient support to validate the Claim, Receiver is required to file this Objection.

## II. RELIEF REQUESTED

5. The Court overseeing a receivership has the jurisdiction to disallow, estimate or liquidate creditor claims filed therein.

6. During the claims process, the Court may properly deny investor or creditor claims that are not adequately substantiated by the claimant with accurate documentation. *United States*

*v. Fairway Capital Corp.*, 433 F. Supp. 2d 226, 246– 47 (D.R.I. 2006), aff'd, 483 F.3d 34 (1st Cir. 2007); 13 Moore's Federal Practice (3d ed.) § 66.06[4][b] ("The powers of the courts include the allowance, disallowance, and subordination of the claims of creditors.").

7. Generally, it is the claimant's burden to establish a valid claim against the receivership estate. *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000) (describing the general rule that, in the bankruptcy context, creditors must establish a valid claim against the debtor); *see also SEC v. Cap. Consultants, LLC*, 397 F.3d 733, 745 (9th Cir. 2005) (finding bankruptcy law "analogous" to and, therefore, persuasive in the administration of receivership estates). A proof of claim itself may be used as evidence to dispute the validity of a claim in cases where the proof of claim is insufficient on its face. *See In re Circle J Dairy, Inc.*, 112 B.R. 297, 299 (W.D. Ark. 1989). Once the objecting party provides evidence sufficient to overcome a claim's prima facie validity, the burden shifts to the claimant who must then establish the validity of the claim by a preponderance of the evidence. *See In re O'Connor*, 153 F.3d 258, 260 (5th Cir. 1998).

8. Here, the documents submitted by Claimant are insufficient to establish a prima facie valid claim. The Receiver initially received a single invoice for deep cleaning services at the Crowne Plaza in the amount of $153,823, dated April 22, 2021 that does not appear to be acknowledged by Dongtai/the former receiver Mr. Michael Udayan. *See* Proof of Claim No. 10, attached hereto as <u>Exhibit A</u>. The Receiver also received the business card for Claimant's principal, Carlos Campos, which identifies himself as the Director of Engineering for the Crowne Plaza Hotel (the "Hotel"); and an email from the former receiver, Michael Udayan ("Mr. Udayan"), to two third parties dated April 28, 2021, where Mr. Udayan notes "the vast majority of the Cleanup has already been finished." The Receiver has since made repeated attempts to follow up and solicit more information from Claimant to substantiate the claim—such as

3

documents supporting that (a) Mr. Udayan hired Mr. Campos to provide services to the hotel beyond those which he was already performing as a salaried employee; (b) that the prices charged by Claimant were approved by Mr. Udayan; or (c) that the work was actually performed.

9. In response to those demands, Claimant provided the following additional information:

(a) Photographs of damage and repair work, presumably at the Crowne Plaza which do not appear to be time stamped, as well as photos presumably of the repaired Crowne Plaza. In two photos, a person is wearing a hat and shirt that state "Property Care Services, LLC" and loading items into a dumpster.

(b) A July 30 message[1] from "Michael" (presumably, Mr. Udayan), requesting that Mr. Campos clean mold from floors 1 through 6 and he will "leave it up to you to pay at whatever rate you wish."

(c) An undated text message string with Michael where Mr. Campos states "150 rooms need to clean only Tuesday is not possible 3 and me total 4 person" and Michael responds "OK use what you think is best. It's not full clean. Just remove mold if they see any. It does not have to be spotless. It is already mostly clean[.] Honestly if you just focus on 10 rooms or so on the corners where the water leak was it will be fine."

(d) An October 15, 2021 text message from Michael stating "Thanks to you and Noe for the extra income. I am waiting for the insurance to pay and then we will make more."

(e) A July 1 message from Michael requesting that Mr. Campos "not say that you have been fixing everything yourself to the insurance adjuster."

(f) Contact information for two persons who Claimant says will support its proof of claim, but for whom Claimant has not provided statements.

*See* Supplemental Documentation Submitted in Support of Proof of Claim No. 10, attached hereto as <u>Exhibit B</u>.

10. Although the provided documents do substantiate that certain repair and cleaning work appears to have been done at some point at the Crowne Plaza hotel, it lacks sufficient documentation to validate the more than $150,000 claim that Claimant has submitted. In

---

[1] The message does not indicate the year. The Crowne Plaza property was sold by DIG on May 27, 2021. Therefore, it is unclear whether this message relates to the period before or after DIG's disposition of the property.

particular, Receiver has demanded and Claimant has failed to provide documents such as the following:

    (a) Any documents or communication indicating that DIG and/or Mr. Udayan agreed to employ Claimant to perform the deep cleaning services documented in the invoice or accepted the price that Claimant alleges in its invoice.

    (b) Any documents or communication indicating that Claimant performed the specific deep cleaning services that it alleges were performed.

    (c) Any documents or financial records for Claimant indicating that Claimant hired any employees/contractors at its own cost or incurred any other costs to perform the services— e.g., bank statements or checks showing payments to employees for the work performed.

    (d) Any communications with employees/contractors of Claimant coordinating with them the performance of the services for which Claimant bases its claim.

    (e) Statements/affidavits from any other parties confirming the details of its claim.

See Receiver's Affidavit attached as Exhibit C hereto.

11. Furthermore, the Receiver has reviewed the business records for DIG which have been provided to him by the Estate of the former receiver and other sources. *Id.* The Receiver has not uncovered any other records which relate to any services purportedly provided by Claimant for the benefit of DIG. *Id.* To the contrary, Payroll records for the Crowne Plaza hotel indicate that Mr. Campos was employed by DIG and receiving a salary from the hotel. *Id.*

12. As a result, the Receiver's investigation into the Claim has not uncovered sufficient evidence to validate the Claim, and Claimant has not provided sufficient support for the claim. *Id.* Therefore, in the absence of additional evidence, the Claim must be disallowed.

13. The Receiver's Affidavit in support of this Objection is attached as Exhibit C and is incorporated herein for all purposes. If no opposition to this Objection is raised, Receiver requests that the Court adjudicate this Objection.

WHEREFORE, Receiver requests that the Court enter an order disallowing the Claim in full. Receiver also requests such other and further relief as is just.

Dated: March 24, 2023.

        Respectfully Submitted,

        **NATHAN SOMMERS JACOBS**
        **A PROFESSIONAL CORPORATION**

        By: /s/ *Iain L. C. Kennedy*
            Iain L. C. Kennedy
            Attorney-in-Charge
            Texas Bar. No. 24068094
            Federal ID No. 1066018
            Julie Le
            Texas Bar No. 24111324
            Federal ID No. 3778242
            2800 Post Oak Blvd. 61st Floor
            Houston, TX 77056
            (713) 960-0303 (main)
            (713)892-4800 (fax)
            ikennedy@nathansommers.com
            jle@nathansommer.com

        **ATTORNEYS FOR RONALD J. SOMMERS, RECIEVER**

## CERTIFICATE OF SERVICE

      The undersigned certifies that on March 24, 2023, a true and correct copy of the foregoing was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system. The undersigned further certifies that the foregoing was served upon all parties listed below no later than the next day after the filing of the foregoing.

| | |
|---|---|
| Qianju Jiao<br>C/O Mosaic Paradigm Law Group Pc<br>10370 Richmond Ave., Suite 850<br>Houston, Texas 77042 | Stephanie G. Udayan<br>c/o Heidi A. Weelborg<br>Weelborg Law, PLLC<br>2121 Sage Road, Suite 100 |
| Jiatong Yu<br>c/o MOSAIC Paradigm Law Group PC<br>10370 Richmond Ave., Suite 850<br>Houston, Texas 77042 | Robert Caltabiano<br>c/o THE LAW OFFICES OF M. CODY MOORE, PLLC<br>19901 Southwest Freeway<br>Sugar Land, Texas 77479 |
| Xuanmei Zhou<br>c/o MOSAIC Paradigm Law Group PC<br>10370 Richmond Ave., Suite 850<br>Houston, Texas 77042 | Melissa Udayan<br>mel.udayan@gmail.com |
| Natura A-R<br>Janice Confer<br>6436 Babcock Rd.<br>San Antonio, Texas 78249 | Estate of Michael Udayan<br>c/o Stephanie Clarke Davis, Court-appointed Temporary 3rd Party Dependent Administrator<br>1117 FM 359, Ste. 200<br>Richmond, Texas 77406 |
| Peter Hui & Hospitality Unlimited<br>c/o The Mussalli Law Firm<br>2441 High Timbers Drive, Suite 220<br>The Woodlands, TX 77380 | Property Care Services LLC<br>c/o Carlos Campos<br>4118 Southfield Court<br>Houston, Texas 77045 |
| United Air Services<br>c/o Noe Llamas<br>2815 Connorvale Rd.<br>Houston, TX 77039 | |

                                                */s/ Iain L.C. Kennedy*
                                                  Iain L.C. Kennedy