# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **XIONGEN JIAO, an individual, QIANJI JIAO, an individual, ZHONGHUA YI, an individual, PENGFEI ZHOU, an individual, XUAMEI ZHOU, an individual,**<br><br>*Plaintiffs,*<br><br>vs.<br><br>**NINGBO XU, an individual, and LCL COMPANY, LLC, a Texas Limited Liability Company,**<br><br>*Defendants,*<br><br>and<br><br>**DONGTAI INVESTMENT GROUP, LLC, a Texas Limited Liability Company,**<br><br>Nominal Defendant. | Case No.: 4:19-CV-01848<br><br>Judge: Hon. Keith P. Ellison |

**THE STATE OF TEXAS** §
§
**COUNTY OF HARRIS** §

    BEFORE ME, the undersigned authority, on this day personally appeared Ronald J. Sommers, who, being known to me and duly sworn, upon oath deposed and stated as follows:

    1.    My name is Ronald J. Sommers. My business address is 2800 Post Oak Boulevard, 61st Floor, Houston, Texas 77056. I am over the age of eighteen (18) years, am fully competent to testify, have never been convicted of a felony or crime of moral turpitude and am in no way disqualified from making this affidavit. I have personal knowledge of every fact contained in this affidavit and they are all true and correct.

1



EXHIBIT C

2. I am the Court-Appointed Receiver for Dongtai Investment Group, LLC ("DIG"). I have reviewed the business records for DIG that have been provided to me during the course of this receivership, and I— as well as my counsel, at my direction— have researched the bases for the claims that have been filed in the receivership.

3. On February 21, 2023, Claimant Property Care Services LLC ("Claimant") submitted Claim No. 6 (the "Claim") in the amount of $153,823.00 for deep cleaning services provided to DIG. In support of the Claim, I initially received a single invoice for deep cleaning services at the Crowne Plaza in the amount of $153,823, dated April 22, 2021 that does not appear to be acknowledged by Dongtai/the former receiver Mr. Michael Udayan. I also received the business card for Claimant's principal, Carlos Campos, which identifies himself as the Director of Engineering for the Crowne Plaza Hotel (the "Hotel"); and an email from the former receiver, Michael Udayan ("Mr. Udayan"), to two third parties dated April 28, 2021, where Mr. Udayan notes "the vast majority of the Cleanup has already been finished."

4. Following receipt of that claim, I and my counsel have made repeated attempts to follow up and solicit more information from Claimant to substantiate the claim—such as documents supporting that (a) Mr. Udayan hired Mr. Campos to provide services to the hotel beyond those which he was already performing as a salaried employee; (b) that the prices charged by Claimant were approved by Mr. Udayan; or (c) that the work was actually performed.

5. In response to those demands, Claimant provided the following additional information:

(g) Photographs of damage and repair work, presumably at the Crowne Plaza which do not appear to be time stamped, as well as photos presumably of the repaired Crowne Plaza. In two photos, a person is wearing a hat and shirt that state "Property Care Services, LLC" and loading items into a dumpster.

(h) A July 30 message from "Michael" (presumably, Mr. Udayan), requesting that Mr. Campos clean mold from floors 1 through 6 and he will "leave it up to you to pay at whatever rate you wish." Due to the lack of a year in the date, it is unclear to me whether this message pre-dates DIG's sale of the property on May 27, 2021.

(i) An undated text message string with Michael where Mr. Campos states "150 rooms need to clean only Tuesday is not possible 3 and me total 4 person" and Michael responds "OK use what you think is best. It's not full clean. Just remove mold if they see any. It does not have to be spotless. It is already mostly clean[.] Honestly if you just focus on 10 rooms or so on the corners where the water leak was it will be fine."

(j) An October 15, 2021 text message from Michael stating "Thanks to you and Noe for the extra income. I am waiting for the insurance to pay and then we will make more."

(k) A July 1 message from Michael requesting that Mr. Campos "not say that you have been fixing everything yourself to the insurance adjuster."

2

(l) Contact information for two persons who Claimant says will support its proof of claim, but for whom it has not provided statements.

6. Although the provided documents do substantiate that certain repair and cleaning work appears to have been done at some point at the Crowne Plaza hotel, I believe that the Claim lacks sufficient documentation to validate the more than $150,000 claim that Claimant has submitted. In particular, my counsel has demanded and Claimant has failed to provide documents such as the following:

(a) Any documents or communication indicating that DIG and/or Mr. Udayan agreed to employ Claimant to perform the deep cleaning services documented in the invoice or accepted the price that Claimant allege in its invoice.

(b) Any documents or communication indicating that Claimant performed the specific deep cleaning services that it alleges were performed.

(c) Any documents or financial records for Claimant indicating that Claimant hired any employees/contractors at its own cost or incurred any other costs to perform the services—e.g., bank statements or checks showing payments to employees for the work performed.

(d) Any communications with employees/contractors of Claimant coordinating with them the performance of the services for which Claimant bases its Claim.

(e) Statements/affidavits from any other parties confirming the details of Claimant's Claim.

7. I have reviewed business records for DIG which have been provided to him by the Estate of the former receiver and other sources. I have not uncovered any other records which relate to any services purportedly provided by Claimant for the benefit of DIG. I note that payroll records for DIG indicates that, at some point, Mr. Campos was employed by the Crowne Plaza and receiving a salary from the hotel.

8. Specifically, I have not reviewed any documentation indicating that (a) Mr. Udayan hired Mr. Campos to provide services to the hotel beyond those which he was already performing as a salaried employee; (b) that the prices charged by Claimant were approved by Mr. Udayan; or (c) that the specific deep cleaning work reflected on the submitted invoice was actually performed.

9. I object to the Claim because I have not received sufficient documentation to validate this Claim as of the date of this Objection. As such, the Claim should be barred.

10. Based upon the foregoing, I request that the Court sustain my Objection and enter an order disallowing the Claim in full.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

_____
Ronald J. Sommers

SWORN TO AND SUBSCRIBED BEFORE ME this 24th day of March, 2023, to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of Texas
My Commission Expires:

COURTNEY ALEXUS LEMONS
NOTARY ID #13149759-3
My Commission Expires
March 23, 2026

4