IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **XIONGEN JIAO, QIANJU JIAO, ZHONGHUA YU, JIATONG YU, PENGFEI ZHOU & XUANMEI ZHOU,** *Plaintiffs*, | § § § § § | |
| vs. | § § | Case No.: 4:19-CV-01848 |
| **NINGBO XU, an individual, and LCL COMPANY, LLC, a Texas Limited Liability Company,** *Defendants*, | § § § § § | |
| **DONGTAI INVESTMENT GROUP, a Texas Limited Liability Company,** *Nominal Defendant*. | § § § § | |

---

**PLAINTIFFS' OBJECTION TO CLAIM NO. 6
FILED BY PETER HUI AND HOSPITALITY UNLIMITED INVESTMENTS, INC.**

---

COME NOW, Xiongen Jiao, Qianju Jiao, Zhonghua Yu, Jiatong Yu, Pengfei Zhou and Xuanmei Zhou, Plaintiffs and Receivership Claimants herein, and file this, their Objection to Claim No. 6 Filed by Peter Hui and Hospitality Unlimited Investments, Inc.  In doing so, they would show this Honorable Court as follows:

**I
SUMMARY & FACTS**

Claimant, Peter Hui and Hospitality Unlimited Investments, Inc., seeks to recover from the receivership estate pursuant to a contractual indemnification provision.  However, the contract in question specifies that Claimant may recover its indemnification from funds held by a third party, not from Dongtai Investment Group, LLC directly.  Accordingly, Plaintiff objects to the claim and respectfully requests the Court to disallow it.

## II
## STANDARD

During the claims process, the Court may properly deny creditor claims that are not adequately substantiated by the claimant with accurate documentation. *United States v. Fairway Capital Corp.*, 433 F. Supp. 2d 226, 246–47 (D.R.I. 2006), *aff'd*, 483 F.3d 34 (1st Cir. 2007); 13 Moore's Federal Practice (3d ed.) § 66.06[4][b] ("The powers of the courts include the allowance, disallowance, and subordination of the claims of creditors.").

Generally, it is the claimant's burden to establish a valid claim against the receivership estate. *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000) (describing the general rule that, in the bankruptcy context, creditors must establish a valid claim against the debtor); *see also SEC v. Cap. Consultants, LLC*, 397 F.3d 733, 745 (9th Cir. 2005) (finding bankruptcy law "analogous" to and, therefore, persuasive in the administration of receivership estates). A proof of claim itself may be used as evidence to dispute the validity of a claim in cases where the proof of claim is insufficient on its face. *See In re Circle J Dairy, Inc.*, 112 B.R. 297, 299 (W.D. Ark. 1989). Once the objecting party provides evidence sufficient to overcome a claim's prima facie validity, the burden shifts to the claimant, who must then establish the validity of the claim by a preponderance of the evidence. *See In re O'Connor*, 153 F.3d 258, 260 (5th Cir. 1998).

While this is not a summary judgment proceeding, the Court has ordered that claim submission evidentiary matters will be governed by summary judgment evidentiary standards. "Any evidence supporting such objection [or response to objection] should be submitted in the same manner as that required under Fed. R. Civ. P. 56 practice." Order to Establish Procedures to Determine and/or Disallow Disputed Claims Against the Receivership, Docket Entry 192, p. 2-3.

Summary judgment is proper where there is no genuine issue of material fact, or the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either: (1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim. *See Celotex Corp.*, 477 U.S. at 322-23. The opposing party has a duty to present affirmative evidence in order to defeat a properly supported motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012)(citing *Celotex Corp.*, 477 U.S. 317, 323 (1986). While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the non-movant's case. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). "When the moving party has met its Rule 56 burden, the non-moving party cannot survive a summary judgment motion by resting on mere allegations of its pleadings." *Id*. The non-movant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Id*. "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transportation Co.*, 402 F.3d 536, 540 (5th Cir. 2005)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

## III
## CONTRACTUAL CLAIM

The claim in question is for a contractual indemnification, pursuant to a Cooperating Broker Agreement entered into on February 11, 2016, regarding the purchase of the hotel made the subject matter of this litigation. Claimant was sued by Gerrit Stryker, a third-party real estate broker, for a share of the broker's fee in the transaction. Claimant was successful in the litigation, but brought this claim for attorney's fees and litigation costs in defending the Stryker lawsuit, as an indemnification action. However, Claimant's contract with Dongtai provides that it must seek indemnification from "Buyers Agent" through the escrow process.

The elements for a breach of contract action are as follows: (1) the parties had a valid, enforceable contract; (2) the plaintiff performed, or was excused from performance of the contractual obligations; (3) defendant breached the contract; and, (4) the defendant's breach caused the plaintiff's injury. *Southwell v. University of the Incarnate Word*, 974 S.W.2d 351, 354-55 (Tex. App.—San Antonio 1998, writ denied); *Hussong v. Schwan's Sales Enter., Inc.*, 896 S.W.2d 320, 326 (Tex. App.—Houston [1st Dist.] 1995, no writ); *Snyder v. Eanes ISD*, 860 S.W.2d 692, 695 (Tex. App.—Austin 1993, writ denied).

The Agreement specifically provides that "All expenses necessary to cover Buyer's duty to indemnify Seller, shall be deducted from Buyers Agent's commission." Agreement at p. 10, Docket Entry 196-1, incorporated herein by reference. Thus, the Agreement of the Parties specifically provides that Claimants must look to Buyer's Agent, Joanna Xie of Goldenpalm International, LLC, to recover their indemnification expenses. Despite this, Claimants have improperly attempted to collect their indemnity directly from Buyer, through the receivership estate.

The rules of construction in Texas applicable to contracts are well established. When a contract is unambiguous it must be construed as written. *See Sun Oil Co. v. Mandeley,* 626 S.W.2d 726, 727-28 (Tex. 1981). In the interpretation of an agreement, the primary concern is to ascertain and give effect to the intentions of the parties as expressed in the writing. *See Lenape Resources Corp. v. Tennessee Gas Pipeline Co.,* 925 S.W.2d 565, 574 (Tex. 1996); *R & P Enterprises v. LaGuarta, Gavrel & Kirk,* 596 S.W.2d 517 (Tex.1980). To achieve this object the court will examine and consider the entire instrument so that none of the provisions will be rendered meaningless. *See R & P Enterprises,* 596 S.W.2d at 518-19. A court will give effect to each part of a contract. *See Barnett v. Aetna Life Ins. Co.,* 723 S.W.2d 663, 666 (Tex. 1987). Such a construction is necessary because a court must presume that the parties to a contract intend every clause to have some effect. *See Steeger v. Beard Drilling Co.* 371 S.W.2d 684, 688 (Tex. 1963). Likewise, an interpretation will not be given to one part of a contract which will annul another part of it. *Mercer v. Hardy,* 444 S.W.2d 593, 595 (Tex. 1969).

In construing a contract, the language used by the parties should be accorded its plain, grammatical meaning unless it definitely appears that the intentions of the parties would thereby be defeated. *See Lyons v. Montgomery,* 701 S.W.2d 641, 643 (Tex. 1985). In other words, a court will give words, terms, and phrases their ordinary meaning. *See Fox v. Thoreson,* 398 S.W.2d 88 (Tex. 1966). The court should accept only reasonable and logical interpretation of the terms of the contract under the ordinary rules of construction. *See Reilly v. Rangers Management, Inc.,* 727 S.W.2d 527 (Tex. 1987).

Under the commonsensical Texas rules of interpretation and construction of contracts, Claimant must seek its indemnification from Joanna Xie of Goldenpalm International, LLC, not Dongtai or the receivership estate. Under the unequivocal terms of the contract, Claimant may

not recover directly from Dongtai Investment Group or the Receiver. The Court should enforce the contract as written and disallow this claim.

  WHEREFORE, premises considered, Plaintiffs respectfully pray that the Court disallow Peter Hui and Hospitality Unlimited Investments, Inc.'s claim. Plaintiffs pray for all other relief, either at law or in equity, to which they may be justly entitled.

               Respectfully submitted,

               */s/ Stacey L. Barnes*
               Stacey L. Barnes
               sbarnes@kmd.law
               Kearney, McWilliams & Davis, PLLC
               55 Waugh Drive, Suite 150
               Houston, Texas 77007
               (713) 936-9620 x121
               (832) 413-5405 *fax*
               ***Counsel for Plaintiffs Xiongen Jiao, Qianju Jiao, Zhonghua Yu, Jiatong Yu, Pengfei Zhou and Xuanmei Zhou***

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of March, 2023, I served a true and correct copy of the foregoing pursuant to Rule 5 of the Federal Rules of Civil Procedure, via the CM/ECF system and/or electronic mail and/or by depositing in the United States Mail, postage prepaid and properly addressed to all known counsel of record.

*/s/ Stacey L. Barnes*
Stacey L. Barnes