IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **XIONGEN JIAO, an individual, QIANJI JIAO, an individual, ZHONGHUA YI, an individual, PENGFEI ZHOU, an individual, XUAMEI ZHOU, an individual,** <br><br> *Plaintiffs,* <br><br> **vs.** <br><br> **NINGBO XU, an individual, and LCL COMPANY, LLC, a Texas Limited Liability Company,** <br><br> *Defendants,* <br><br> **and** <br><br> **DONGTAI INVESTMENT GROUP, LLC, a Texas Limited Liability Company,** <br><br> **Nominal Defendant.** | **Case No.: 4:19-CV-01848** <br><br> **Judge: Hon. Keith P. Ellison** |

<u>**RECEIVER'S OBJECTION TO CLAIM NO. 9 FILED BY**</u>
<u>**ESTATE OF MICHAEL S. UDAYAN**</u>

Ronald J. Sommers, Receiver ("Receiver") for Dongtai Investment Group, LLC ("DIG"), pursuant to this Court's Order establishing procedures for the adjudication of claims (Dkt. 193), files this Receiver's Objection (the "Objection") to Claim No. 9 (the "Claim") filed by Estate of Michael S. Udayan ("Claimant").

**I.   RELEVANT FACTUAL BACKGROUND**

1.      Michael S. Udayan served as the receiver for DIG from June 3, 2019, until his death on January 27, 2022. (Dkt. 19).

2.      As the Court-appointed receiver, Mr. Udayan was tasked with operating the Crowne Plaza Hotel ("Hotel"), discharging DIG's debts, and winding down DIG's business affairs.

3.      Mr. Udayan's plan as receiver was for DIG to use the proceeds (the "Sale Proceeds") from DIG's sale of the Hotel and insurance claim for storm-related damages the Hotel sustained ("Insurance Proceeds") to pay all of DIG's creditors, including Mr. Udayan and his companies, Ameristar Hospitality Group and FMH Investment Group.

4.      On or about May 27, 2021, DIG, through Mr. Udayan, closed on the sale of the Hotel, which this Court authorized. (Dkt. 155).

5.      Mr. Udayan used the Sale Proceeds to pay DIG's creditors, including himself and his companies. After the exhaustion and distribution of the Sale Proceeds to DIG's creditors, DIG still owed almost one million dollars to creditors, including Mr. Udayan and his companies.

6.      On August 5, 2021, Mr. Udayan and DIG's shareholders entered into that certain Allocation of Insurance Proceeds Agreement (the "Allocation Agreement"), agreeing to a specific allocation of the Insurance Proceeds to pay DIG's remaining creditors. *See* Allocation Agreement at Section 1, a true and correct copy of which is attached hereto as Exhibit 1. The parties attached the Allocation Agreement to The Receiver and Plaintiffs' Expedited Joint Application for Approval of Dongtai's Allocation of Insurance Proceeds Agreement. (Dkt. 166).

7.      Section 1 of the Allocation Agreement provides:

A. Payment shall first be fully made to attorneys McClenny Moseley & Associates and Nguyen & Chen, LLC in accordance with each firm's respective Engagement/Retainer Agreements.

B. The Receiver shall use up to $930,000.00 of the Claim proceeds to make timely payment to all remaining creditors of Dongtai including payment to Michael Udayan for services rendered as Receiver ("Remaining Creditors") as set forth in Exhibit "A". The Receiver affirms and warrants that there are no other creditors of Dongtai other than those set forth in Exhibit "A". The Receiver shall defend and

indemnify the Members from any and all creditors if the Receiver fails to carry out his duties in timely rendering payment under 1A and 1B. The Receiver shall defend and indemnify the Members from any and all creditors if the amount Dongtai owes to its Remaining Creditors exceeds $930,000.00; and

C. After Payment is rendered under 1A and 1B, the Receiver shall then tender payment of the remaining Claim Proceeds to the Members by wiring said proceeds to Members' counsel's IOLTA account where said funds shall be disbursed to Members in accordance with the Members' written disbursement instructions signed by all the member and sent to Member's counsel.

Ex. 1 at 2 (references to footnotes omitted).

8.      Exhibit A to the Allocation Agreement (the "Spreadsheet") provides an accounting of DIG's outstanding debt and delineates the specific agreed to allocations of the Insurance Proceeds, as well as Mr. Udayan's distribution of the Sale Proceeds.

9.      Notably, the Spreadsheet shows that Mr. Udayan used the Sale Proceeds to pay off at least $434,974.23 of the $692,055.23 he calculated he and his company were owed by DIG as of the date of the Spreadsheet and provides that the remaining $257,081.00 owed to him and his company were expected to be satisfied with the Insurance Proceeds.

3

**Total outstanding expenses due for Dongtai Investments to be paid from Sale Proceeds**

| Name of Vendor | Final Payoff on closing date | Disbursement from Sale proceeds | Disbursement from Insurance proceeds |
|---|---|---|---|
| Property Care Services | $14,500 | $14,500 | $0 |
| Total American Express payment past due | $78,148.81 | $ 78,148.81 | $0.00 |
| Loans From FMH Investment Through August 28, 2020 | $501,000.00 | $393,919 | $107,081.00 |
| Dongtai Court Appointed receiver expenses ( Michael expenses property) | $41,055.23 | $ 41,055.23 | $0.00 |
| City of Houston Water past dues | $57,180.51 | $25,000 | $32,180.51 |
| Centerpoint Gas | $13,491.00 | $ - | $13,491.00 |
| Capital Hospitality & Accounting Services | $30,255.69 | $30,256 | $0.00 |
| Amerisafe Security June 16-July31 2020 | $7,250.00 | $7,250 | $0.00 |
| Elevator Fix (2 of them) | $100,000.00 | $ 75,000.00 | $25,000.00 |
| Juan Varga United Air Services | $5,700.00 | $ 5,700.00 | $0.00 |
| **Total** | **$848,581.24** | **$ 656,328.73** | **$177,752.51** |

**Total outstanding expenses due for Dongtai Investments to be paid from the insurance claim**

| Name of Vendor | Final Payoff on closing date | Disbursement from Sales Proceeds | Disbursement from Insurance proceeds |
|---|---|---|---|
| NG Energy Current Electricity Provider | $36,000 | | $30,000 |
| IHG Franchise & other bills bill by IHG current with late fees | $130,943.57 | $ - | $130,943.57 |
| Satisfaction services professional fees | $1,427.28 | $142 | $0.00 |
| MP2 Electricity Bill past due January & February 2020 | $29,059.11 | | $29,059.11 |
| Green Mountain Energy Electricity until 9/16/2020 | $72,048.00 | | $52,048 |
| PPP FEDERAL GOVERNMENT LOAN | $335,835.00 | $ - | $336,236.27 |
| Royal Cup Coffee          settled @ 10% | $2,013.56 | $210.00 | $0.00 |
| Supply Works | $4,610.78 | $0 | $0.00 |
| Guest supply | $12,500.00 | $2,500 | $0.00 |
| HD Supply | $13,071.00 | $1,307 | $0.00 |
| Mueller Water ( contract water sofetening February-July 2020) | $2,505.20 | $ 2,505.00 | $0.00 |
| Comcast phone hotel | $2,278.81 | $ - | $0.00 |
| Comcast sales office and front desk Internet and fax phone | $2,408.04 | $ - | $0.00 |
| ATT Global Internet opera | $694.74 | $ - | $694.74 |
| Republic Waste ( Garbage  Waste Removal) | $1,682.14 | $ - | $1,682.14 |
| Plant Interscape | $13,438.00 | $1,343.80 | $0.00 |
| Ecolab Pest control | $5,032.61 | $ - | $0.00 |
| US Foodservice | $6,058.84 | $1,514 | $0.00 |
| Golden Malted Waffle | $3,753.25 | $ - | $3,752.00 |
| Booking.com | $8,055.97 | $ - | $8,055.99 |
| Agoda Commission reservations | $1,046.16 | $ - | $1,046.00 |
| United Imaging ( Front desk ink catridge) | $412.97 | $ - | $0.00 |
| HP Computer leases ( Feb & July 2020) | $3,740.19 | $ - | $0.00 |
| Safety Net Access | $2,580.39 | $ - | $0.00 |
| Oracle contract fees (June 28 2020  renewal)     The Hotel Closed March 25 | $11,457.90 | $ - | $0.00 |
| Dongtan Innvestment Group Receiver Salary | $150,000.00 | $ - | $150,000.00 |
| Reiubursement Of Associate payroll & expense reports submitted | $4,900.00 | $ 4,900.00 | $0.00 |
| Suretech (plastic room  keys) | $219.50 | $ 219.50 | $0.00 |
| Liquid Waste Solutions ( Grease trap and lint removal) | $1,161.47 | $0.00 | $1,161.47 |
| Primary Fire Services (Inspection alarm, smoke detector & Ansol) | $6,704.50 | $ - | $6,704.04 |
| Airgas | $861.40 | $ - | $861.00 |
| **Total** | **$866,500.38** | **$14,641.45** | **$752,244.33** |
| | $848,581 | $656,128.00 | $177,752.51 |
| | $1,715,081.62 | $670,759.45 | $929,997 |

Ex. A to Ex. 1.

10.     In connection with the Allocation Agreement, on August 2, 2021, Mr. Udayan executed and filed with this Court that certain Declaration of Michael Udayan (Court Appointed Receiver) ("Declaration"), which is attached hereto as Exhibit 2. (Dkt. 166-8). Mr. Udayan swore

4

in his Declaration that the Spreadsheet shows "all legitimate creditors of Dongtai and the amounts currently owed." Ex. 2, ¶ 15.

11.     On August 16, 2021, this Court entered an order approving and authorizing DIG's allocations of the Insurance Proceeds in accordance with the Allocation Agreement (the "Order"). (Dkt. 169). The Order is attached hereto as Exhibit 3.

12.     On or about September 27, 2021, DIG settled its insurance claim with its insurer. Pursuant to the Allocation Agreement, the insurer rendered payment of the Insurance Proceeds to McClenny, Moseley & Associates, PLLC. McClenny, Moseley & Associates, PLLC then rendered such payment, minus attorney's fees, to DIG. Attached as Exhibit 4 is a true and correct copy of the check evidencing the Insurance Proceeds.

13.     On November 8, 2021, Mr. Udayan represented to DIG's shareholders "all my bills, and salary have been paid and Included (sic) in the final total." Attached hereto as Exhibit 5 is such correspondence; *see also* Affidavit of Fan Chen ("Chen Affidavit") at 2, attached hereto as Exhibit 9.

14.     On December 8, 2021, Mr. Udayan sent an email to DIG's shareholders, which is attached hereto as Exhibit 6, stating:

> The Dongtai account balance currently is $1,704,847. I am still negotiating a couple of checks, which are included in the math but the checks have not been mailed to get the maximum share for your partners. Presently I can safely send a check for $1.5 million and leave $204, 847 for the next 30 days for any unforsen (sic) charges, etc. and subject to approvals.

Ex. 5 at 1; *see also* Chen Affidavit at 2.

15.     Shortly afterwards, Mr. Udayan fell ill and passed away on January 27, 2022. Claimant is currently pending in probate in the matter styled Cause No. 22-CPR-037255; *Estate of Michael Udayan, Deceased*; In the County Court at Law No. 6 of Fort Bend County, Texas.

16.     On February 7, 2023, Claimant, the Estate of Mr. Udayan, submitted the Claim in the amount of $1,197,190.60, purportedly representing the total amount of various debts owed by DIG to Mr. Udayan and his companies, including loans, reimbursement expenses, salary, court-approved payments, and promissory notes. The Claim and supporting documents are attached hereto as Exhibit 7. Exhibit A to the Claim (the "Proof of Claim") includes correspondence, the Allocation Agreement, a promissory note dated July 21, 2019, checks from Mr. Udayan's company, Ameristar Hospital Group, to DIG, schedules, and various bills. Exhibit B to the Claim (the "Recoveries from DIG") includes checks from DIG to Mr. Udayan and his company for repayment of loans, receiver expenses, and receiver salary, totaling $758,077.23.

17.     Each and every one of the charges documented in Exhibit A to the Proof of Claim appears to pre-date Mr. Udayan's November 8, 2021 representation to DIG's shareholders "all my bills, and salary have been paid and Included (sic) in the final total."

18.     The term for the Court-Appointed Temporary Third-Party Dependent Administrator for Claimant expired on February 8, 2023, and no executor for Claimant has since been appointed.  Notice of this Objection and this Court's procedures for resolving objections have been provided to all interested parties and/or beneficiaries to Claimant that are known to the Receiver.

## II.   RELIEF REQUESTED

19.     The Court overseeing a receivership has the jurisdiction to allow or disallow creditor claims filed therein.

20.     During the claims process, the Court may properly deny investor or creditor claims that are not adequately substantiated by the claimant with accurate documentation. *United States v. Fairway Capital Corp.*, 433 F. Supp. 2d 226, 246– 47 (D.R.I. 2006), aff'd, 483 F.3d 34 (1st Cir.

2007); 13 Moore's Federal Practice (3d ed.) § 66.06[4][b] ("The powers of the courts include the allowance, disallowance, and subordination of the claims of creditors.").

21.     Generally, it is the claimant's burden to establish a valid claim against the receivership estate. *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000) (describing the general rule that, in the bankruptcy context, creditors must establish a valid claim against the debtor); *see also SEC v. Cap. Consultants, LLC*, 397 F.3d 733, 745 (9th Cir. 2005) (finding bankruptcy law "analogous" to and, therefore, persuasive in the administration of receivership estates). A proof of claim itself may be used as evidence to dispute the validity of a claim in cases where the proof of claim is insufficient on its face. *See In re Circle J Dairy, Inc.*, 112 B.R. 297, 299 (W.D. Ark. 1989). Once the objecting party provides evidence sufficient to overcome a claim's prima facie validity, the burden shifts to the claimant who must then establish the validity of the claim by a preponderance of the evidence. *See In re O'Connor*, 153 F.3d 258, 260 (5th Cir. 1998).

22.     The Receiver objects to the Claim because DIG has already satisfied any and all debts purportedly owed to Claimant, and Mr. Udayan admitted to such. *See* Ex. 5; *see also* Ex. 6. The Claim's satisfaction is evidenced by: (1) the Spreadsheet indicating that Mr. Udayan used the Sales Proceeds to pay off at least $434,974.23 of the $692,055.23 he calculated he was owed by DIG as of the date of the Spreadsheet, s*ee* Ex. A to Ex. 1; (2) the Recoveries from DIG by Claimant, which even Claimant tacitly acknowledges, show a total of $758,077.23 was paid to Mr. Udayan for repayment of loans and Mr. Udayan's salary and expenses as the Receiver, *see* Ex. B to Ex. 7; (3) Mr. Udayan's statement on November 8, 2021 that all his bills and salary have been paid, Ex. 5; and (4) Mr. Udayan's representation to DIG's shareholders on December 8, 2021 that he was prepared to render the balance of the Insurance Proceeds to DIG's shareholders, which the

Allocation Agreement and the Order requires to be rendered after DIG's creditors have been paid. Ex. 1, § 1(C); Ex. 6; Ex. 3. As such, the Claim should be disallowed because it has already been satisfied.

23.     To the extent to any portion of Claim was excluded from the Spreadsheet, the Receiver further objects that that portion of the Claim is barred by the Allocation Agreement, Mr. Udayan's Declaration, and this Court's Order approving of the same. The Allocation Agreement and Mr. Udayan's Declaration provide that the Spreadsheet details all legitimate creditors of DIG and the amounts currently owed. *See* Ex. 1, § 1(B); Ex. 2, ¶ 15. The Order requires Mr. Udayan to allocate the Insurance Proceeds to DIG's creditors in accordance with the Allocation Agreement. Ex. 3. Furthermore, Mr. Udayan further agreed to indemnify and defend DIG's shareholders from any and all claims not provided for in the Spreadsheet. *See* Ex. 1, § 1(B). As such, notwithstanding that DIG has already satisfied all its debt to Claimant, the Claim is barred from obtaining any additional recovery on the Claim by the Allocation Agreement, Mr. Udayan's Declaration, and the Order.

24.     The Receiver's Affidavit in support of this Objection is attached as Exhibit 8 and is incorporated herein for all purposes. If no opposition to this Objection is raised, Receiver requests that the Court adjudicate this Objection.

WHEREFORE, Receiver requests that the Court enter an order disallowing the Claim in full. Receiver also requests such other and further relief as is just.

Dated:   March 29, 2023.

Respectfully Submitted,

**NATHAN SOMMERS JACOBS**
**A PROFESSIONAL CORPORATION**

By: /s/ *Iain L. C. Kennedy*
        Iain L. C. Kennedy
        Attorney-in-Charge
        Texas Bar. No. 24068094
        Federal ID No. 1066018
        Julie Le
        Texas Bar No. 24111324
        Federal ID No. 3778242
        2800 Post Oak Blvd. 61st Floor
        Houston, TX 77056
        (713) 960-0303 (main)
        (713)892-4800 (fax)
        ikennedy@nathansommers.com
        jle@nathansommer.com

**ATTORNEYS FOR RONALD J. SOMMERS,**
**RECIEVER**


**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 29, 2023, a true and correct copy of the foregoing was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system. The undersigned further certifies that the foregoing was served upon all parties listed on the attached Service List no later than the next day after the filing of the foregoing.

        /s/ *Iain L.C. Kennedy*
            Iain L.C. Kennedy

9