# ALLOCATION OF INSURANCE PROCEEDS AGREEMENT

THIS ALLOCATION OF INSURANCE PROCEEDS AGREEMENT ("AGREEMENT") is made and entered into as of this [date] (the "Effective Date") by and between MICHAEL UDAYAN as the Court-Appointed Receiver of Dongtai Investment Group, LLC ("RECIEVER") and DONGTAI INVESTMENT GROUP, LLC'S MEMBERS- Qianju Jiao ("QJ"), Jiatong Yu ("JY"), and Xuanmei Zhou ("XZ"), (collectively "MEMBERS"), via said MEMBERS' authorized Agent/Member Representative QJ ("MEMBERS' AGENT"). Receiver and Members' Agent shall each be individually referred to as a ("Party"), and collectively referred to as the ("Parties").

## W I T N E S S E T H

**WHEREAS**, Dongtai is a limited liability corporation formed under the laws of the State of Texas. Dongtai's rightful members QJ, JY, and XZ own 100% interest in Dongtai. In SDTX Civil Action No. 4:19-CV-01848, U.S. District Court Judge Hon. Keith P. Ellison appointed Michael Udayan as Dongtai's Court-Appointed Receiver as set forth in the Court's Orders;

**WHEREAS**, On or around August 26, 2017, the Crowne Plaza Hotel ("the Hotel"), owned and operated by Dongtai, sustained substantial storm-related damage and loss as a result of Hurricane Harvey. The loss was covered under Dongtai's insurance policy ("Policy") which was in effect from May 30, 2017 to May 30, 2018. On September 18, 2017, Dongtai filed an insurance claim with insurance company ("Insurers") as a result of the covered losses under the Policy;

**WHEREAS,** On January 10, 2018, the Insurers sent correspondence to Dongtai wrongfully denying Dongtai's insurance claim in its entirety. As a result of the Insurers wrongful conduct and refusal to issue full and fair payment for the covered loss as rightly owed under the Policy, Dongtai has and continues to sustain damages and injury;

**WHEREAS,** In the Spring of 2018, Dongtai commenced an arbitration action against the Insurers under the Policy's arbitration clause ("Claim"). The hearing for the arbitration is set for late September 2021;

**WHEREAS,** The Receiver and the Members anticipate either settling the Claim with Insurers or receiving an award from the arbitrators for the Claim, the Parties hereby enter into this Agreement to govern the allocation of any settlement or award proceeds associated with the Claim;

**NOW, THEREFORE,** The Receiver and the Members via Member's Agent, intending to be legally bound, agree as follows as to the allocation of any and all Claim proceeds:

**EXHIBIT 1**

1. **Allocation of any and all Claim proceeds:**

    A. Payment shall first be fully made to attorneys McClenny Moseley & Associates and Nguyen & Chen, LLC in accordance with each firm's respective Engagement/Retainer Agreements;

    B. The Receiver shall use up to $930,000.00 of the Claim proceeds to make timely payment to all remaining creditors of Dongtai including payment to Michael Udayan for services rendered as Receiver ("Remaining Creditors") as set forth in Exhibit "A".[1] The Receiver affirms and warrants that there are no other creditors of Dongtai other than those set forth in Exhibit "A". The Receiver shall defend and indemnify the Members from any and all creditors if the Receiver fails to carry out his duties in timely rendering payment under 1A and 1B. The Receiver shall defend and indemnify the Members from any and all creditors if the amount Dongtai owes to its Remaining Creditors exceeds $930,000.00[2]; and

    C. After Payment is rendered under 1A and 1B, the Receiver shall then tender payment of the remaining Claim Proceeds to the Members by wiring said proceeds to Members' counsel's IOLTA account where said funds shall be disbursed to Dongtai's designated in writing company bank account. Said disbursement shall not occur until Members' counsel receives a properly executed written designation from the Members.

2. **Time of the Essence**

    Time is of the essence to the performance of the Parties' obligations under this Agreement.

3. **Multiple Counterparts**

    This AGREEMENT may be executed in several counterparts, all of which taken together shall constitute one single AGREEMENT between the Parties.

4. **Agreement Binding on Successors**

    This AGREEMENT shall be binding upon and shall inure to the benefit of the Parties hereto, their heirs, administrators, successors and assigns.

---

[1] In the event the Receiver is able to negotiate favorable terms with the unsecured creditors and is able to certify and warrant that the amount of the Claim proceeds used to make timely payment to all remaining creditors of Dongtai including payment to Michael Udayan for services rendered as Receiver ("Remaining Creditors") as set forth in Exhibit "A" is $750,000.00 or less, the Shareholders agree to pay the Receiver $50,000.00 out of the $180,000.0 saved as a bonus with the remaining $130,000.00 going to the Shareholders as set forth in Paragraph 1C.

[2] Neither the Receiver nor the Members believe that the Lender, the Buyer, Ningbo Xu or his attorney have any viable or rightful claims to assert against any of the potential insurance proceeds.

5. **Waiver**

No waiver by either party of any default shall be deemed as a waiver of any prior or subsequent default of the same or other provisions of this AGREEMENT.

6. **Severability**

If any provision hereof is held invalid or unenforceable by a court of competent jurisdiction, such invalidity shall not affect the validity or operation of any other provision and such invalid provision shall be deemed to be severed from the AGREEMENT.

7. **Integration**

This AGREEMENT and the attached Exhibits contains the entire understanding between the Parties with respect to its subject matter and supersedes all previous negotiations, agreements or understandings between the Parties, whether written or verbal. This AGREEMENT may not be amended or modified, except in writing and executed by duly authorized representatives of the Parties.

8. **Authority**

The Parties acknowledge they have read this AGREEMENT and its attendant exhibits and executed it for the stated consideration as their free and voluntary act. The Parties further expressly represent the signatories to the AGREEMENT and its attendant exhibits are fully authorized to enter into and execute this AGREEMENT and bind the Parties to its terms and conditions. The Parties have had the opportunity to be represented by competent, experienced counsel in regard to this AGREEMENT including throughout all negotiations which preceded the execution of this AGREEMENT, and this AGREEMENT is made and entered into by the Parties knowingly and willingly.

**[SIGNATURES ON NEXT PAGE]**

**Signatures**

EXECUTED as of the date first listed above.

IN WITNESS WHEREOF, this Agreement has been duly executed by or on behalf of the Parties as of its Effective Date.

**Dongtai's Court-Appointed Receiver**

Date: 7/4/21

By: MICHAEL S. UDAYAN

Title: DONGTAI COURT APPOINTED RECIEVER

Signature: _/s/ Michael Shaleya_

**Members' Agent on Members behalf**

Company: DONGTAI INVESTMENT GROUP, LLC

Date:

By:

Title:

Signature: _____

**Signatures**

EXECUTED as of the date first listed above.

IN WITNESS WHEREOF, this Agreement has been duly executed by or on behalf of the Parties as of its Effective Date.

**DONGTAI'S COURT-APPOINTED RECEIVER**

Date:

By:

Title:

Signature:

_____

**MEMBERS' AGENT ON MEMBERS BEHALF**

Company: DONGTAI INVESTMENT GROUP, LLC

Date: 8/5/21

By: Qianju Jiao

Title: Member

**Signature:** _____

| Total outstanding expenses due for Dongtai Investments to |
|---|
| Name of Vendor |
| Property Care Services |
| Total American Express payment past due |
| Loans From FMH Investment Through August 28, 2020 |
| *Dongtai Court Appointed receiver expenses ( Michael expens* |
| City of Houston Water past dues |
| Centerpoint Gas |
| Capital Hospitality & Accounting Services |
| Amerisafe Security June 16-July31 2020 |
| Elevator Fix (2 of them) |
| Juan Vargas United Air Services |
| Total |

| Total outstanding expenses due for Dongtai Investments to |
|---|
| Name of Vendor |
| NG Energy Current Electricity Provider |
| IHG Franchise & other bills bill by IHG current with late fees |
| Satisfaction services professional fees |
| MP2 Electricity Bill past due January & February 2020 |
| Green Mountain Energy Electricity until 9/16/2020 |
| PPP FEDERAL GOVERNMENT LOAN |
| Royal Cup Coffee |
| Supply Works |
| Guest supply |
| HD Supply |
| Mueller Water ( contract water sofetening February-July 20 |
| Comcast phone hotel |
| Comcast sales office and front desk Internet and fax phone |
| ATT Global Internet opera |
| Republic Waste ( Garbage  Waste Removal) |
| Plant Interscape |
| Ecolab Pest control |
| US Foodservice |
| Golden Malted Waffle |
| Booking.com |
| Agoda Commission reservations |
| United Imaging ( Front desk ink catridge) |
| HP Computer leases ( Feb & July 2020) |
| Safety Net Access |
| Oracle contract fees (June 28 2020  renewal) |
| Dongtan Innvestment Group Receiver Salary |
| Reiubursement Of Associate payroll & expense reports subn |
| Suretech (plastic room  keys) |
| Liquid Waste Solutions ( Grease trap and lint removal) |

EXHIBIT A to AGREEMENT

| Primary Fire Services (Inspection alarm, smoke detector & A |
|---|
| Airgas |
| **Total** |

| be paid from Sale Proceeds | Final Payoff on closing date | Disbursement from Sale proceeds | Disbursement from Insurance proceeds |
|---|---|---|---|
|  | $14,500 | $14,500 | $0 |
|  | $78,148.81 | $ 78,148.81 | $0.00 |
|  | $501,000.00 | $443,919 | $157,081.00 |
| ses property) | $91,055.23 | $ 41,055.23 | $50,000.00 |
|  | $57,180.51 | $25,000 | $32,180.51 |
|  | $13,491.00 | $ - | $13,491.00 |
|  | $30,255.69 | $30,256 | $0.00 |
|  | $7,250.00 | $7,250 | $0.00 |
|  | $100,000.00 | $ 75,000.00 | $25,000.00 |
|  | $5,700.00 | $ 5,700.00 | $0.00 |
|  | **$898,581.24** | **$ 706,328.73** | **$277,752.51** |

| be paid from the insurance claim | Final Payoff on closing date | Disbursement from Sales Proceeds | Disbursement from Insurance proceeds |
|---|---|---|---|
|  | $36,000 |  | $20,000 |
|  | $130,943.57 | $ - | $120,943.00 |
|  | $1,427.28 | $142 | $0.00 |
|  | $29,059.11 |  | $20,059.00 |
|  | $72,048.00 |  | $35,000 |
|  | $335,835.00 | $ - | $336,236.27 |
| settled @ 10% | $2,013.56 | $210.00 | $0.00 |
|  | $4,610.78 | $0 | $0.00 |
|  | $12,500.00 | $2,500 | $0.00 |
|  | $13,071.00 | $1,307 | $0.00 |
| 20) | $2,505.20 | $ 2,505.00 | $0.00 |
|  | $2,278.81 | $ - | $0.00 |
|  | $2,408.04 | $ - | $0.00 |
|  | $694.74 | $ - | $694.74 |
|  | $1,682.14 | $ - | $1,682.14 |
|  | $13,438.00 | $1,343.80 | $0.00 |
|  | $5,032.61 | $ - | $0.00 |
|  | $6,058.84 | $1,514 | $0.00 |
|  | $3,753.25 | $ - | $3,752.00 |
|  | $8,055.97 | $ - | $8,055.99 |
|  | $1,046.16 | $ - | $1,046.00 |
|  | $412.97 | $ - | $0.00 |
|  | $3,740.19 | $ - | $0.00 |
|  | $2,580.39 | $ - | $0.00 |
| The Hotel Closed March 25 | $11,457.90 | $ - | $0.00 |
|  | $150,000.00 | $ - | $150,000.00 |
| nitted | $4,900.00 | $ 4,900.00 | $0.00 |
|  | $219.50 | $ 219.50 | $0.00 |
|  | $1,161.47 | $0.00 | $1,161.47 |

EXHIBIT A to AGREEMENT

| | | | |
|---|---:|---:|---:|
| nsol) | $6,704.50 | $ - | $2,500.00 |
| | $861.40 | $ - | $861.00 |
| | **$866,500.38** | **$14,641.45** | **$701,991.61** |
| | $848,581 | $656,128.00 | **$277,752.51** |
| | **$1,715,081.62** | **$670,759.45** | **$979,744** |

EXHIBIT A to AGREEMENT

| | | |
|---|---|---|
| Made settlement offer through attorney No response | | Reserved |
| Made settlement offer through attorney No response | | Reserved |
| **Made Settlement Offer Repeatedly via Phone and email No response** | | |
| **Made settlement offer through attorney No response** | | **Reserved** |
| **Made settlement offer through attorney No response** | | **Reserved** |

final number as of 6192021
**Settled with Vendor**
Account has been witten off by Vendor
**Settled with Vendor**
**Settled with Vendor**

**The Account has been Wriiten off**
**The Account has been Wriiten off**
**Unable To Reach anyone despiterepeated attempts**   Reserved
**Unable To Reach anyone despiterepeated attempts**   Reserved
Settled Paid ACH have all Documentation
Account has sbeen written off
Settled mailed Check
**Repeaedly tried to get a hold of someone with no esonse**   Reserved
**Repeaedly tried to get a hold of someone with no esonse**   Reserved
**Repeaedly tried to get a hold of someone with no esonse**   Reserved

No lease was ever signed so we do not owe this mon
Cannot get a hold of anyone. The account is most likely written off. This was a monthly se
This Renewal lease was never signed since hotel closed on March 25th 2020

**Reached out AR and they wantd me to write this leeter of explanation with backups. Sent everythin**

EXHIBIT A to AGREEMENT

| | | |
|---|---|---|
| **Offered a sttlement but have had no response** | Reserved | Amount In I |
| **Called and left several messages** | Reserved | Amount In I |

EXHIBIT A to AGREEMENT

**Amount In Insurance Proceeds**

**Amount In Insurance Proceeds**
        Reserved    **Amount In Insurance Proceeds**

**Amount In Insurance Proceeds**
**Amount In Insurance Proceeds**

**Amount In Insurance Proceeds**
**Amount In Insurance Proceeds**

**Amount In Insurance Proceeds**
**Amount In Insurance Proceeds**
**Amount In Insurance Proceeds**

ey
rvice
We Do not owe this

g. **No response**        Reserved

EXHIBIT A to AGREEMENT

**Insurance Proceeds**
**Insurance Proceeds**