## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **XIONGEN JIAO, an individual, QIANJU JIAO, an individual, ZHONGHUA YU, an individual, JIATONG YU, an individual, PENGFEI ZHOU, an individual, XUANMEI ZHOU, an individual,**<br><br>    Plaintiffs,<br><br> vs.<br><br>**NINGBO XU, an individual, and LCL COMPANY LLC, a Texas Limited Liability Company,**<br><br>    Defendants,<br><br>And<br><br>**DONGTAI INVESTMENT GROUP, LLC, a Texas Limited Liability Company.**<br><br>    Nominal Defendant. | **DECLARATION OF MICHAEL UDAYAN (COURT APPOINTED RECEIVER)**<br><br>**Case No.: 4:19-CV-01848**<br><br>**Judge: Hon. Keith P. Ellison** |

I, MICHAEL UDAYAN, as Dongtai Investment Group, LLC's Court-appointed Receiver hereby Declare as Follows:

1. I am a Texas resident residing at 7503 Northwoods Dr, Sugarland TX 77479 and am over the age of 18, and have personal knowledge of all matters declared herein.

2. I am the Court-Appointed Receiver for Dongtai Investment Group, LLC in this matter. [Doc. #s 19 and 25].

3. I hereby affirm as truthful and accurate under the penalty of perjury the statements and representations set forth in the Expediated Joint Application For Approval of

**EXHIBIT 2**

Dongtai's Allocation Insurance Proceeds Agreement.

4. As a result of Defendants Xu and LCL's wrongful conduct as set forth in the pleadings, Plaintiff's Emergency Application for Injunctive and Declaratory Relief, Plaintiff's Order to Show Cause for Contempt, the Court's findings and relevant Orders [*see* Doc. #s 21, 30, 33, 56, 62, 99, 100, 125, 136]; and the Insurers' wrongful conduct and refusal to issue full and fair payment for the covered loss as rightly owed under the Policy as alleged in the Claimants Amended Statement of Claim [*see* Ex. B attached to the Joint Application] Dongtai, despite all efforts, was forced to liquidate its most valuable asset, the Hotel in order to prevent foreclosure of the property by the Lender.

5. At the time the Lender sent its notice of default in November 2020, Dongtai had only two valuable assets: 1) the Hotel and the attendant property as set forth in the Property Deed; and 2) Dongtai's pending Hurricane Harvey insurance claim which was contingent on Dongtai either reaching a settlement with the Insurers or Dongtai prevailing in the arbitration hearing which had yet to be rescheduled.

6. In order to avoid default with Dongtai's secured creditors, and foreclosure by the Lender, Dongtai had no choice but to liquidate its most valuable asset-the Hotel. This was not an easy task given the damage Defendants and the Insurers had done to Dongtai which severely impaired the Hotel's ability to operate and caused the Hotel's value to greatly diminish.

7. Against all odds, I was able to locate a buyer for the best price I could sell the Hotel for. As a result, on January 11, 2021, I entered into a Purchase Sale Agreement ("PSA") with Crown Plaza Suites Houston, LLC ("Buyer") in which Dongtai would sell the Hotel at a sizeable loss at the price of $11.8 million dollars. The second highest offer for the Hotel was around $9.9 million.

8. In early March 2021, I asked the Court to approve the sale which it did on March 8, 2021. [Doc. #155].

9. Around that same time, Plaintiff's counsel asked me to conduct a thorough accounting of Dongtai's liabilities in order to ascertain the total amount Dongtai needed to pay all of its creditors, with the priority being Dongtai's secured creditors. I did so and created a spreadsheet which I continually updated so that reliable and accurate forecasts could be made. [*See* Ex. 1 attached hereto].

10. The hotel sale closed in May 2021, and unfortunately, the sale proceeds were only enough to pay off the secured creditors, namely the Lender which on May 28, 2021 issued a Release of Liens Letter to Dongtai.

11. Following my exhaustion of and distribution of the sale proceeds to creditors, Dongtai still owes a little under $1 million to its remaining creditors (all of which are unsecured). [*See* Ex. 1]. Adding further insult to injury, Plaintiffs still have yet to receive a penny to compensate them for their millions of dollars in loss as a result of Defendants and Insurers wrongful conduct.

12. Fortunately, Dongtai has one valuable asset left, the Hurricane Harvey insurance claim currently pending in arbitration, in which Dongtai has claimed over $10 million in damages.

13. As this is the only possible means from which Dongtai will be able to pay all of its outstanding creditors and attempt to compensate Plaintiffs for their millions of dollars in loss it is imperative that Dongtai is successful in either settling or prosecuting the insurance claim.

14. In order for Dongtai's Members and I to determine how much of a recovery (whether via settlement or an award) from the insurance claim Dongtai needs to fully pay off all

remaining valid creditors, compensate me for my services, and reduce the millions of dollars in loss the Plaintiffs have already sustained, Dongtai's members and I negotiated and entered into an Allocation of Insurance Proceeds Agreement (Agreement) [*see* Ex. A] based upon my accounting of Dongtai's remaining outstanding liabilities as set forth in Ex. 1 should Dongtai receive any proceeds from the insurance claim whether via a settlement or a judgment/arbitral award.

15. I hereby warrant and affirm that the information in Ex. 1, which serves as the basis for the Agreement, is accurate and complete and that I am not aware of any other persons or entities other than those set forth in Ex. 1 that would be a legitimate creditor of Dongtai. In short, all legitimate creditors of Dongtai and the amounts currently owed are encapsulated in Ex. 1 and have been accounted for.

16. As the arbitration hearing date is on the horizon and given the high probability that the Insurers will pull/withdraw or drastically reduce any offer it has made to Dongtai if a settlement is not reached soon, I jointly request with the Plaintiffs that the Court approve the Allocation Agreement [*see* Ex. A] as the Court's action in this regard, like it did with the approval of the sale, will provide Dongtai with assurance, certainty, and protection.

I declare under criminal penalty of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of August, 2021.

*Michael S Udayan*
MICHAEL S UDAYAN