# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **XIONGEN JIAO, an individual, QIANJI JIAO, an individual, ZHONGHUA YI, an individual, PENGFEI ZHOU, an individual, XUAMEI ZHOU, an individual,**<br><br>*Plaintiffs,*<br><br>vs.<br><br>**NINGBO XU, an individual, and LCL COMPANY, LLC, a Texas Limited Liability Company,**<br><br>*Defendants,*<br><br>and<br><br>**DONGTAI INVESTMENT GROUP, LLC, a Texas Limited Liability Company,**<br><br>Nominal Defendant. | Case No.: 4:19-CV-01848<br><br>Judge: Hon. Keith P. Ellison |

**THE STATE OF TEXAS** §
§
**COUNTY OF HARRIS** §

BEFORE ME, the undersigned authority, on this day personally appeared Ronald J. Sommers, who, being known to me and duly sworn, upon oath deposed and stated as follows:

1. My name is Ronald J. Sommers. My business address is 2800 Post Oak Boulevard, 61st Floor, Houston, Texas 77056. I am over the age of eighteen (18) years, am fully competent to testify, have never been convicted of a felony or crime of moral turpitude and am in no way disqualified from making this affidavit. I have personal knowledge of every fact contained in this affidavit and they are all true and correct.

**EXHIBIT 8**

2. I am the Court-Appointed Receiver for Dongtai Investment Group, LLC ("DIG"). I have reviewed the business records for DIG that have been provided to me during the course of this receivership, and I— as well as my counsel, at my direction— have researched the bases for the claims that have been filed in the receivership.

3. Michael Udayan served as the temporary receiver for DIG from June 3, 2019, until his death on January 27, 2022. (Dkt. 19). As the Court-appointed receiver, Mr. Udayan was tasked with discharging DIG's debts and winding down DIG's business affairs.

4. Mr. Udayan's plan as receiver was for DIG to use the proceeds (the "Sale Proceeds") from its sale of the Crowne Plaza Hotel (the "Hotel") and insurance claim for storm-related damages the Hotel sustained ("Insurance Proceeds") to pay all of DIG's creditors, including Mr. Udayan and his companies, Ameristar Hospitality Group and FMH Investment Group.

5. On or about May 27, 2021, DIG, through Mr. Udayan, closed on the sale of the Hotel, which this Court authorized. (Dkt. 155). Accordingly, Mr. Udayan used the Sale Proceeds to pay DIG's creditors, including himself and his companies. After the exhaustion and distribution of the Sale Proceeds to DIG's creditors, DIG still owed almost one million dollars to creditors, including Mr. Udayan and his companies.

6. On August 5, 2021, Mr. Udayan and DIG's shareholders entered into that certain Allocation of Insurance Proceeds Agreement (the "Allocation Agreement"), agreeing to a specific allocation of the Insurance Proceeds to pay DIG's remaining creditors. *See* Allocation Agreement at Section 1, a true and correct copy of which is attached as Exhibit 1 to the Objection.

7. Section 1 of the Allocation Agreement provides:

> B. The Receiver shall use up to $930,000.00 of the Claim proceeds to make timely payment to all remaining creditors of Dongtai including payment to Michael Udayan for services rendered as Receiver ("Remaining Creditors") as set forth in Exhibit "A". The Receiver affirms and warrants that there are no other creditors of Dongtai other than those set forth in Exhibit "A". The Receiver shall defend and indemnify the Members from any and all creditors if the Receiver fails to carry out his duties in timely rendering payment under 1A and 1B. The Receiver shall defend and indemnify the Members from any and all creditors if the amount Dongtai owes to its Remaining Creditors exceeds $930,000.00; and
>
> C. After Payment is rendered under 1A and 1B, the Receiver shall then tender payment of the remaining Claim Proceeds to the Members by wiring said proceeds to Members' counsel's IOLTA account where said funds shall be disbursed to Members in accordance with the Members' written disbursement instructions signed by all the member and sent to Member's counsel.

Ex. 1 at 2 (references to footnotes omitted).

8. Exhibit A to the Allocation Agreement (the "Spreadsheet") provides the total outstanding debt to be paid by DIG and delineates the specific agreed to allocations of the Insurance Proceeds, as well as Mr. Udayan's distribution of the Sale Proceeds.

9.  Notably, the Spreadsheet shows that Mr. Udayan used the Sale Proceeds to pay off at least $434,974.23 of the $692,055.23 he calculated he was owed by DIG as of the date of the Spreadsheet and provides that DIG's remaining debt owed to Mr. Udayan and his company, $257,081.00, were expected to be satisfied with the Insurance Proceeds.

**Total outstanding expenses due for Dongtai Investments to be paid from Sale Proceeds**

| Name of Vendor | Final Payoff on closing date | Disbursement from Sale proceeds | Disbursement from Insurance proceeds |
|---|---|---|---|
| Property Care Services | $14,500 | $14,500 | $0 |
| Total American Express payment past due | $78,148.81 | $78,148.81 | $0.00 |
| Loans From FMH Investment Through August 28, 2020 | $501,000.00 | $393,919 | $107,081.00 |
| Dongtai Court Appointed receiver expenses (Michael expenses property) | $41,055.23 | $41,055.23 | $0.00 |
| City of Houston Water past dues | $57,180.51 | $25,000 | $32,180.51 |
| Centerpoint Gas | $13,491.00 | - | $13,491.00 |
| Capital Hospitality & Accounting Services | $30,255.69 | $30,256 | $0.00 |
| Amerisafe Security June 16-July31 2020 | $7,250.00 | $7,250 | $0.00 |
| Elevator Fix (2 of them) | $100,000.00 | $75,000.00 | $25,000.00 |
| Juan Varga United Air Services | $5,700.00 | $5,700.00 | $0.00 |
| **Total** | **$848,581.24** | **$656,328.73** | **$177,752.51** |

**Total outstanding expenses due for Dongtai Investments to be paid from the Insurance claim**

| Name of Vendor | Final Payoff on closing date | Disbursement from Sales Proceeds | Disbursement from Insurance proceeds |
|---|---|---|---|
| NG Energy Current Electricity Provider | $36,000 | | $30,000 |
| IHG Franchise & other bills bill by IHG current with late fees | $130,943.57 | - | $130,943.57 |
| Satisfaction services professional fees | $1,427.28 | $142 | $0.00 |
| MP2 Electricity Bill past due January & February 2020 | $29,059.11 | | $29,059.11 |
| Green Mountain Energy Electricity until 9/16/2020 | $72,048.00 | | $52,048 |
| PPP FEDERAL GOVERNMENT LOAN | $335,835.00 | - | $336,236.27 |
| Royal Cup Coffee   settled @ 10% | $2,013.56 | $210.00 | $0.00 |
| Supply Works | $4,610.78 | $0 | $0.00 |
| Guest supply | $12,500.00 | $2,500 | $0.00 |
| HD Supply | $13,071.00 | $1,307 | $0.00 |
| Mueller Water (contract water softening February-July 2020) | $2,505.20 | 2,505.00 | $0.00 |
| Comcast phone hotel | $2,278.81 | - | $0.00 |
| Comcast sales office and front desk internet and fax phone | $2,408.04 | - | $0.00 |
| ATT Global internet opera | $694.74 | - | $694.74 |
| Republic Waste (Garbage Waste Removal) | $1,682.14 | - | $1,682.14 |
| Plant Interscape | $13,438.00 | $1,343.80 | $0.00 |
| Ecolab Pest control | $5,032.61 | - | $0.00 |
| US Foodservice | $6,058.84 | $1,514 | $0.00 |
| Golden Malted Waffle | $3,753.25 | - | $3,752.00 |
| Booking.com | $8,055.97 | - | $8,055.99 |
| Agoda Commission reservations | $1,046.16 | - | $1,046.00 |
| United Imaging (Front desk ink catridge) | $412.97 | - | $0.00 |
| HP Computer leases (Feb & July 2020) | $3,740.19 | - | $0.00 |
| Safety Net Access | $2,580.39 | - | $0.00 |
| Oracle contract fees (June 28 2020 renewal) The Hotel Closed March 25 | $11,457.90 | - | $0.00 |
| Dongtan Innvestment Group Receiver Salary | $150,000.00 | - | $150,000.00 |
| Reiubursement Of Associate payroll & expense reports submitted | $4,900.00 | 4,900.00 | $0.00 |
| Suretech (plastic room keys) | $219.50 | 219.50 | $0.00 |
| Liquid Waste Solutions (Grease trap and lint removal) | $1,161.47 | $0.00 | $1,161.47 |
| Primary Fire Services (Inspection alarm, smoke detector & Ansol) | $6,704.50 | - | $6,704.04 |
| Airgas | $861.40 | - | $861.00 |
| **Total** | **$866,500.38** | **$14,641.45** | **$752,244.33** |
| | $848,581 | $656,128.00 | $177,752.51 |
| | **$1,715,081.62** | **$670,759.45** | **$929,997** |

Ex. A to Ex. 1.

10.  In connection with the Allocation Agreement, on August 2, 2021, Mr. Udayan executed and filed with this Court that certain Declaration of Michael Udayan (Court Appointed Receiver) ("Declaration"). A true and correct copy of the Declaration is attached as <u>Exhibit 2</u> to the Objection. Mr. Udayan testified in his Declaration confirming that the Spreadsheet shows "all legitimate creditors of Dongtai and the amounts currently owed." Ex. 2, ¶ 15.

11. On August 16, 2021, this Court entered an Order approving and authorizing DIG's allocations of the Insurance Proceeds in accordance with the Allocation Agreement (the "Order"). (Dkt. 169). A true and correct copy of the Order is attached to the Objection as <u>Exhibit 3</u>.

12. On or about September 27, 2021, DIG settled its insurance claim with its insurer. Pursuant to the Allocation Agreement, the insurer rendered payment of the Insurance Proceeds to McClenny, Moseley & Associates, PLLC. McClenny, Moseley & Associates, PLLC then rendered such payment, minus attorney's fees, to DIG. A true and correct copy of the check evidencing the Insurance Proceeds is attached as <u>Exhibit 4</u> to the Objection.

13. On November 8, 2021, Mr. Udayan represented to DIG's shareholders "all my bills, and salary have been paid and Included (sic) in the final total." A true and correct copy of that correspondence is attached as <u>Exhibit 5</u> to the Objection.

14. On December 8, 2021, Mr. Udayan sent an email to DIG's shareholders. A true and correct copy of that email is attached as <u>Exhibit 6</u> of the Objection. Exhibit 6 provides:

> The Dongtai account balance currently is $1,704,847. I am still negotiating a couple of checks, which are included in the math but the checks have not been mailed to get the maximum share for your partners. Presently I can safely send a check for $1.5 million and leave $204, 847 for the next 30 days for any unforseen (sic) charges, etc. and subject to approvals.

Ex. 6 at 1.

15. Shortly afterwards, Mr. Udayan fell ill and passed away on January 27, 2022. Claimant is currently pending in probate in the matter styled Cause No. 22-CPR-037255; *Estate of Michael Udayan, Deceased*; In the County Court at Law No. 6 of Fort Bend County, Texas.

16. On February 7, 2023, Claimant, the Estate of Mr. Udayan, submitted the Claim in the amount of $1,197,190.60, purportedly representing the total amount of various debts owed by DIG to Mr. Udayan and his companies, including loans, reimbursement expenses, salary, court-approved payments, and promissory notes. A true and correct copy of the Claim, and supporting documents are attached as <u>Exhibit 7</u> to the Objection. Exhibit A to the Claim (the "Proof of Claim") includes correspondence, the Allocation Agreement, a promissory note dated July 21, 2019, checks from Mr. Udayan's company, Ameristar Hospital Group, to DIG, schedules, and various bills. Exhibit B to the Claim (the "Recoveries from DIG") includes checks from DIG to Mr. Udayan and his company for repayment of loans, receiver expenses, and receiver salary, totaling $758,077.23.

17. Each and every one of the charges documented in Exhibit A to the Proof of Claim appears to pre-date Mr. Udayan's November 8, 2021 representation to DIG's shareholders "all my bills, and salary have been paid and Included (sic) in the final total."

18. The term for the Court-Appointed Temporary Third-Party Dependent Administrator for Claimant expired on February 8, 2023, and no executor for Claimant has since been appointed. Notice of this Objection and this Court's procedures for resolving objections have

been provided to all interested parties and/or beneficiaries to Claimant that are known to the Receiver.

19. Receiver objects to the Claim because DIG has already satisfied any and all debts purportedly owed to Claimant, and Mr. Udayan admitted to such.

20. I object to the Claim because DIG has already satisfied any and all debts purportedly owed to Claimant, and Mr. Udayan admitted to such. *See* Ex. 5; *see also* Ex. 6. The Claim's satisfaction is evidenced by: (1) the Spreadsheet indicating that Mr. Udayan used the Sales Proceeds to pay off at least $434,974.23 of the $692,055.23 he calculated he was owed by DIG as of the date of the Spreadsheet, see Ex. A to Ex. 1; (2) the Recoveries from DIG by Claimant, which even Claimant tacitly acknowledges, show a total of $758,077.23 was paid to Mr. Udayan for repayment of loans and Mr. Udayan's salary and expenses as the Receiver, see Ex. B to Ex. 7; (3) Mr. Udayan's statement on November 8, 2021 that all his bills and salary have been paid, Ex. 5; and (4) Mr. Udayan's representation to DIG's shareholders on December 8, 2021 that he was prepared to render the balance of the Insurance Proceeds to DIG's shareholders, which the Allocation Agreement and the Order requires to be rendered after DIG's creditors have been paid. Ex. 1, § 1(C); Ex. 6; Ex. 3. As such, the Claim should be disallowed because it has already been satisfied.

21. Based upon the foregoing, I request that the Court sustain my Objection and enter an order disallowing the Claim in full.

_____
Ronald J. Sommers

SWORN TO AND SUBSCRIBED BEFORE ME this 29th day of March, 2023, to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of Texas
My Commission Expires:

COURTNEY ALEXUS LEMONS
NOTARY ID #13149759-3
My Commission Expires
March 23, 2026