IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **XIONGEN JIAO, QIANJU JIAO,** § <br> **ZHONGHUA YU, JIATONG YU,** § <br> **PENGFEI ZHOU & XUANMEI ZHOU,** § <br> *Plaintiffs*, § <br> § <br> vs. § <br> § <br> **NINGBO XU, an individual, and** § <br> **LCL COMPANY, LLC, a Texas** § <br> **Limited Liability Company,** § <br> *Defendants*, § <br> § <br> **DONGTAI INVESTMENT GROUP, a** § <br> **Texas Limited Liability Company,** § <br> *Nominal Defendant.* § | | Case No.: 4:19-CV-01848 |

### PLAINTIFFS' OBJECTION TO CLAIM NO. 8 FILED BY UNITED AIR SERVICES

COME NOW, Xiongen Jiao, Qianju Jiao, Zhonghua Yu, Jiatong Yu, Pengfei Zhou and Xuanmei Zhou, Plaintiffs and Receivership Claimants (the "Plaintiffs") herein, and file this, their Objection to Claim No. 8 Filed by United Air Services ("United"). In doing so, they would show this Honorable Court as follows:

**I**
**SUMMARY & FACTS**

Claimant, United Air Services, seeks to recover from the receivership estate for inspection and electrical services performed for the Crowne Plaza Hotel ("Hotel"). However, Pursuant to the supporting documentation, the claim by United Air Services is for services performed at or for the Hotel in July 2021, after the closing of the sale on May 27, 2021. Pursuant to the purchase sale agreement , the buyer is alone liable for the payment of all costs and expenses, liabilities, obligations and claims arising out of its ownership of the Hotel that occurred after the date of

closing. Exhibit A. Dongtai Investment Group, LLC ("DGI") is not liable for any payment of obligations which continues from and after the closing date for any portion accruing after the closing date. Exhibit A. As of May 27, 2021, buyer became responsible for all accrued expenses relating to maintain the Hotel and therefore the buyer is liable for the claim. Accordingly, Plaintiff objects to the claim and respectfully requests the Court to disallow it.

## II
### STANDARD

During the claims process, the Court may properly deny creditor claims that are not adequately substantiated by the claimant with accurate documentation. *United States v. Fairway Capital Corp.*, 433 F. Supp. 2d 226, 246–47 (D.R.I. 2006), *aff'd*, 483 F.3d 34 (1st Cir. 2007); 13 Moore's Federal Practice (3d ed.) § 66.06[4][b] ("The powers of the courts include the allowance, disallowance, and subordination of the claims of creditors.").

Generally, it is the claimant's burden to establish a valid claim against the receivership estate. *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000) (describing the general rule that, in the bankruptcy context, creditors must establish a valid claim against the debtor); *see also SEC v. Cap. Consultants, LLC*, 397 F.3d 733, 745 (9th Cir. 2005) (finding bankruptcy law "analogous" to and, therefore, persuasive in the administration of receivership estates). A proof of claim itself may be used as evidence to dispute the validity of a claim in cases where the proof of claim is insufficient on its face. *See In re Circle J Dairy, Inc.*, 112 B.R. 297, 299 (W.D. Ark. 1989). Once the objecting party provides evidence sufficient to overcome a claim's prima facie validity, the burden shifts to the claimant, who must then establish the validity of the claim by a preponderance of the evidence. *See In re O'Connor*, 153 F.3d 258, 260 (5th Cir. 1998).

While this is not a summary judgment proceeding, the Court has ordered that claim submission evidentiary matters will be governed by summary judgment evidentiary standards.

"Any evidence supporting such objection [or response to objection] should be submitted in the same manner as that required under Fed. R. Civ. P. 56 practice." Order to Establish Procedures to Determine and/or Disallow Disputed Claims Against the Receivership, Docket Entry 192, p. 2-3.

Summary judgment is proper where there is no genuine issue of material fact, or the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either: (1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim. *See Celotex Corp.*, 477 U.S. at 322-23. The opposing party has a duty to present affirmative evidence in order to defeat a properly supported motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012)(*citing Celotex Corp.*, 477 U.S. 317, 323 (1986). While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the non-movant's case. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). "When the moving party has met its Rule 56 burden, the non-moving party cannot survive a summary judgment motion by resting on mere allegations of its pleadings." *Id*. The non-movant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Id*. "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'"

*Boudreaux v. Swift Transportation Co.*, 402 F.3d 536, 540 (5th Cir. 2005)(*quoting Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

### III
### CAUSES OF ACTION

A. Declaratory Judgment

Plaintiff brings this Declaratory Action in response to United's filed claim under both Federal Rule of Civil Procedure 57 and 28 U.S.C §§ 2201 and 2202.

The claim in question is for inspection and electrical services performed for the Hotel. United Air Services claims that Plaintiffs are responsible for $22,680.00 based on a contractual relationship between the parties.

The elements for a breach of contract action are as follows: (1) the parties had a valid, enforceable contract; (2) the plaintiff performed, or was excused from performance of the contractual obligations; (3) defendant breached the contract; and, (4) the defendant's breach caused the plaintiff's injury. *Southwell v. University of the Incarnate Word*, 974 S.W.2d 351, 354-55 (Tex. App.—San Antonio 1998, writ denied); *Hussong v. Schwan's Sales Enter., Inc.*, 896 S.W.2d 320, 326 (Tex. App.—Houston [1st Dist.] 1995, no writ); *Snyder v. Eanes ISD*, 860 S.W.2d 692, 695 (Tex. App.—Austin 1993, writ denied).

Here, there exists no valid enforceable contract between the parties. Pursuant to the supporting documentation, the claim by United is for services performed for the Hotel in July 2021, after the closing of the sale on May 27, 2021. Additionally, as per the purchase sale agreement, the buyer is alone liable for the payment of all costs and expenses, liabilities, obligations, and claims arising out of its ownership of the Hotel which arise. Exhibit A. Dongtai Investment Group, LLC ("DGI") is not liable for any payment of obligations which continues from

and after the closing date for any portion accruing after the closing date. Exhibit A. As of May 27, 2021, buyer became responsible for all accrued expenses relating to maintain the Hotel and therefore the buyer is liable for the claim.

The rules of construction in Texas applicable to contracts are well established. When a contract is unambiguous it must be construed as written. *See Sun Oil Co. v. Mandeley,* 626 S.W.2d 726, 727-28 (Tex. 1981). In the interpretation of an agreement, the primary concern is to ascertain and give effect to the intentions of the parties as expressed in the writing. *See Lenape Resources Corp. v. Tennessee Gas Pipeline Co.,* 925 S.W.2d 565, 574 (Tex. 1996); *R & P Enterprises v. LaGuarta, Gavrel & Kirk,* 596 S.W.2d 517 (Tex.1980). To achieve this object the court will examine and consider the entire instrument so that none of the provisions will be rendered meaningless. *See R & P Enterprises,* 596 S.W.2d at 518-19. A court will give effect to each part of a contract. *See Barnett v. Aetna Life Ins. Co.,*723 S.W.2d 663, 666 (Tex. 1987). Such a construction is necessary because a court must presume that the parties to a contract intend every clause to have some effect. *See Steeger v. Beard Drilling Co.* 371 S.W.2d 684, 688 (Tex. 1963). Likewise, an interpretation will not be given to one part of a contract which will annul another part of it. *Mercer v. Hardy,* 444 S.W.2d 593, 595 (Tex. 1969).

In construing a contract, the language used by the parties should be accorded its plain, grammatical meaning unless it definitely appears that the intentions of the parties would thereby be defeated. *See Lyons v. Montgomery,* 701 S.W.2d 641, 643 (Tex. 1985). In other words, a court will give words, terms, and phrases their ordinary meaning. *See Fox v. Thoreson,* 398 S.W.2d 88 (Tex. 1966). The court should accept only reasonable and logical interpretation of the terms of the contract under the ordinary rules of construction. *See Reilly v. Rangers Management, Inc.,* 727 S.W.2d 527 (Tex. 1987).

Under the commonsensical Texas rules of interpretation and construction of contracts, Claimant must seek its claim from the buyer of the Hotel because the purchase sale agreement establishes that the Hotel is no longer owned by DGI and subsequently there exists no valid contract between DGI and Claimant for all of the services provided after the sale date of the Hotel, May 27, 2021. The Court should declare that there is no valid agreement between Plaintiff and United for which Plaintiff would owe payment for services and deny United's claim.

WHEREFORE, premises considered, Plaintiffs respectfully pray that the Court disallow United Air Services claim and declare no agreement between Plaintiff and United. Plaintiffs pray for all other relief, either at law or in equity, to which they may be justly entitled.

Respectfully submitted,

Kearney, McWilliams & Davis, PLLC

*/s/ Stacey L. Barnes*
Stacey L. Barnes
TX Bar No.: 24006800
sbarnes@kmd.law
Kearney, McWilliams & Davis, PLLC
55 Waugh Drive, Suite 150
Houston, Texas 77007
(713) 936-9620 x121
(832) 413-5405 *fax*
**Counsel for Plaintiffs Xiongen Jiao, Qianju Jiao, Zhonghua Yu, Jiatong Yu, Pengfei Zhou and Xuanmei Zhou**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2023, I served a true and correct copy of the foregoing pursuant to Rule 5 of the Federal Rules of Civil Procedure, via the CM/ECF system and/or electronic mail and/or by depositing in the United States Mail, postage prepaid and properly addressed to all known counsel of record.

United Air Services
c/o Noe Llamas
2815 Connorvale Road
Houston, TX 77039

Robert Caltabiano
c/o The Law Offices of
M. Cody Moore, PLLC
19901 Southwest Freeway
Sugar Land, Texas 77479

Natura A-R
c/o Janice Confer
6436 Babcock Road
San Antonio, Texas 78249

Peter Hui & Hospitality Unlimited
c/o Matthew J. Mussalli
The Mussalli Law Firm
2441 High Timbers Drive, Suite 220
The Woodlands, TX 77380

Property Care Services LLC
c/o Carlos Campos
4118 Southfield Court
Houston, Texas 77045

Estate of Michael Udayan
c/o Stephanie Clarke Davis
SHOWALTER COLGIN & DAVIS
1117 FM 359, Ste. 200
Richmond, Texas 77406

Stephanie G. Udayan
c/o Heidi A. Weelborg
WEELBORG LAW, PLLC
2121 Sage Road, Suite 100
Houston, Texas 77056

/s/ *Stacey L. Barnes*
Stacey L. Barnes