IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| XIONGEN JIAO, an individual, QIANJI JIAO, an individual, ZHONGHUA YI, an individual, PENGFEI ZHOU, an individual, XUAMEI ZHOU, an individual, <br><br>*Plaintiffs,*<br><br>vs.<br><br>NINGBO XU, an individual, and LCL COMPANY, LLC, a Texas Limited Liability Company,<br><br>*Defendants,*<br><br>and<br><br>DONGTAI INVESTMENT GROUP, LLC, a Texas Limited Liability Company,<br><br>Nominal Defendant. | Case No.: 4:19-CV-01848<br><br>Judge: Hon. Keith P. Ellison |

**RECEIVER'S REPLY IN SUPPORT OF OBJECTION TO CLAIM NO. 6
FILED BY PETER HUI AND HOSPITALITY UNLIMITED INVESTMENTS, INC.
& INCORPORATED EVIDENTIARY OBJECTIONS**

Ronald J. Sommers, Receiver ("Receiver") for Dongtai Investment Group, LLC ("DIG"), pursuant to this Court's Order establishing procedures for the adjudication of claims [Dkt. 193], files this Reply in Support of his Objection (the "Objection") [Dkt. 199] to Claim No. 6 (the "Claim") filed by Peter Hui ("Mr. Hui") and Hospitality Unlimited Investments, Inc. ("HUII" and together with Mr. Hui, "Claimants"), responding to the arguments raised in Claimants' Response (the "Response") [Dkt. 210] and objecting to certain evidence relied upon by Claimants.

1

## I. INTRODUCTION

Claimants, who concede that they are not licensed as real estate brokers in Texas, have filed a claim seeking indemnification related to their provision of real estate broker services in listing and acting as seller's agent on the sale of the Crowne Plaza Suites Hotel located at 9090 Southwest Fwy., Houston, Texas 77074 (the "Hotel") to DIG. Claimants' attempts to argue that their claim to indemnification is not barred by law each fail. Claimants fail to present any agreement between themselves and seller's sales agent (who is not a licensed broker) to act as cooperating broker on the transaction, nor do they present any evidence that the transaction involved a Texas broker. Claimants do not present any case law or argument why indemnification should be permitted to protect Claimants' right to a brokerage fee for unlicensed work. Similarly, Claimants fail to meaningfully address that the underlying claim by Gerrit Stryker ("Mr. Stryker") relates to his right to a purported 3% of the hotel fee under a separate contract between Mr. Hui and Mr. Stryker, the "Cooperative Brokerage Agreement." Finally, the Receiver has established that Claimants must look to the buyer's agent commission for payment and indemnity and their claim is barred by their failure to timely assert such a claim.

Here, Mr. Hui seeks to triple dip. He has already received proceeds from the sale of the hotel as a Seller under his entity, Shining Star, LLC:



*See* Objection, Exhibit A at 12. He has received a brokerage fee for listing the hotel. Now he wants indemnification as well, for a situation that he apparently created through signing the

Cooperative Brokerage Agreement with Mr. Stryker—an agreement he was prohibited from entering into as an unlicensed Texas listing broker. This Court should bar Claimants' attempts to strip DIG a third time.

## II.  OBJECTIONS TO CLAIMANTS' EVIDENCE

Receiver objects to Claimants' Exhibit 1 (Affidavit of Peter Hui). Specifically, Receiver objects to Paragraphs 5 and 6 of the Affidavit in that Mr. Hui improperly attempts to offer an unqualified expert opinion barred by Fed. R. Evid. 702. Mr. Hui concedes that he is not licensed as a real estate agent in Texas. Mr. Hui offers no basis for his knowledge or ability to testify about regulations which apply to Texas real estate transactions and his opinions are conclusory *ipse dixit*. Additionally, Receiver objects to Paragraph 6 under Fed. R. Evid. 704 as it states a legal conclusion and opines on an ultimate issue of fact.

## III.  ARGUMENT

### A. The Indemnity Provision Is Void.

Claimants argue that the indemnity provision is valid because (1) Claimants were cooperating foreign brokers that are permitted to share in Goldenpalm International, LLC's commissions under Texas law; and (2) enforcing the indemnity provision does not require that Claimants be licensed Texas real estate brokers. Response at pp 4-5. Both of these arguments fail.

> **1. Claimants Were Listing Brokers, Not Cooperating Foreign Brokers, and They Fail to Present Evidence Their Transaction Complied with Texas Law.**

Claimants' fail to present sufficient evidence in support of their purported right to compensation for the sale of the hotel. Contrary to Claimants' insinuation, they were the listing broker or seller's agent and not the cooperating broker in the transaction. *See Newman v. McClure*, 459 S.W.2d 703, 704 (Tex. App.—Fort Worth 1970, no writ) ("The member with the

3

exclusive listing is known as the 'seller's agent.' The member of MLS with a prospective purchaser is known as a 'cooperating broker.'"). In fact, in the underlying "Cooperating Broker Agreement" that Claimants signed with Mr. Stryker, they identified themselves as the listing broker and Mr. Stryker as the cooperating broker:

[Signature] 2/11/16       [Signature] 2/11/16
Gerrit Stryker (Cooperating Broker)   Date        Peter Hui (Listing Broker/Partner)   Date

*See* Objection, Exhibit D. Claimants' claim that a listing broker's provision of real estate services in Texas can be cured by the fact that the transaction subsequently involved Ms. Joanna Xie as agent for the buyers. First, Claimants have failed to present any such cooperative agreement between themselves and Ms. Xie. Moreover, Claimants have failed to provide any support for their argument that they could solicit a listing in Texas prior to Ms. Xie's involvement. 22 Tex. Admin. Code § 535.4 ("A real estate license is required for a person to solicit listings or to negotiate in Texas for listings. . . . For the purposes of the Act, a person conducting brokerage business from another state by mail, telephone, the Internet, email, or other medium is acting within Texas if the real property concerned is located wholly or partly in Texas"). There is no evidence from Claimants that Ms. Xie (or Mr. Stryker) were involved from the beginning of the transaction.

Additionally, while Texas law does permit a Texas licensed broker to cooperate with a foreign broker, the foreign broker is required to prove that he did not "conduct in this state any of the negotiations for which the commission or other compensation is paid." Tex. Occ. Code Ann. § 1101.651; *Tower Ten, Ltd. v. Real, Inc.*, 619 S.W.2d 186, 187 (Tex. App.—Houston [1st Div.]

4

1981, no writ). Here, Mr. Hui's affidavit fails to address where any negotiations occurred, let alone establish that all negotiations occurred outside of Texas. *See* Response, Exhibit 1.

Moreover, Claimants argue that their contract was permitted because their broker fee was paid to GoldenPalm International, LLC and not directly to them and GoldenPalm later divided the fee between them. Response at p. 5. Here, the Agreement provided for the payment of a "combined real estate brokerage commission" for "Seller's Agent and Buyer's Agent" to "GoldenPalm International, LLC"

> Seller reaffirms its agreement to pay to Seller's Agent and Buyer's Agent a combined real estate brokerage commission equal to two percent (2%) of the Purchase Price to GoldenPalm International, LLC. Said commission is payable in full on the Closing Date and shall be paid through escrow, through closing at the Title Company. Escrow Agent is directed to make such payment to agents from Seller's proceeds of sale.

*See* Objection, Exhibit A. If Claimants' position is that they performed the job of listing agent but did not earn a commission, such a reading is contradicted by the Agreement's acknowledgment that the commission was being paid to "Seller's Agent and Buyer's Agent." However, even if the Court were willing to accept this interpretation, Claimants' argument still fails because GoldenPalm was not a licensed corporate broker entity. "A business entity owned by a broker or sales agent which receives compensation on behalf of the license holder must be licensed as a broker under the Act." 22 Tex. Admin. Code § 535.4; *see also* 22 Tex. Admin. Code § 535.147 ("A broker or salesperson may not share a commission or fees with an unlicensed business entity created by a license holder for the purpose of collecting a commission or fees on behalf of the license holder"). Here, GoldenPalm is not a licensed entity, and thus could not share any compensation with Claimants.



*See* Affidavit of Receiver Ronald J. Sommers, a true and correct copy of which is attached as <u>Exhibit 1</u> hereto. Nor was Ms. Xie licensed as a real estate broker – she was only licensed as a sales agent:



*Id.* To the extent that Claimants argue that they were entitled to share in the fee as a cooperating broker, such fee was required to be paid by Ms. Xie's supervising broker, Kingfay, Inc. *See* 22 Tex. Admin. Code § 535.131 ("a **broker** licensed in Texas may cooperate with a foreign broker and share earned commissions with a foreign broker) (emphasis added). As TREC's website provides:

6

> - Can a sales agent receive or pay a commission to a party in a real estate transaction?
>
>   No. A sales agent may not accept compensation for a real estate transaction from anyone other than the broker the sales agent was associated with at the time the commission was earned and may not pay a commission to a person except through the sales agent's sponsoring broker. [TRELA §1101.651(b) and (c)]

*See* Sommers Affidavit. However, Claimants do not allege that their commission was paid via Kingfay, Inc., and thus there is no basis for the claim that they performed services or received compensation permitted under Texas law.

## 2. Claimants Present No Argument in Favor of Permitting Indemnification for the Unlicensed Provision of Real Estate Services.

Claimants argue that no claim law prohibits an unlicensed real estate broker from enforcing an indemnity provision in an agreement. Response at 4-5. However, Claimants fail to address, let alone distinguish, the case law cited by Receiver regarding why indemnity agreements in void contracts should not also be void. Texas Supreme Court has held that indemnity agreements in insurance contracts that are procured by unlicensed brokers are void. *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 680-81 (Tex. 1998) (holding "[b]ecause INA solicited and procured the bond and indemnification agreements in violation of the Texas Insurance Code, we hold that the indemnification agreements are void for illegality. . . . Frayser was not at any time a licensed local recording agent of the State of Texas. These violations compromised the enforceability of the Investors' obligations under the bond and indemnification agreements"). Additionally, Texas law prohibits *any compensation*—not just payment of a commission—to an unlicensed broker. *See* Tex. Occ. Code Ann. § 1101.651 ("A licensed broker may not pay a commission to or otherwise compensate a person directly or indirectly for performing an act . . ."); *see also* 22 Tex. Admin. Code § 535.5.1(5) (defining compensation as "[a] commission, fee ***or other valuable consideration*** for real estate brokerage services provided by a license holder under the Act.") (emphasis added). Here, Claimants' claim to indemnity is based solely on brokering a transaction

7

that they were legally prohibited from brokering. As such, there is not legal or factual justification for enforcing an indemnity agreement in favor of Claimants and the Claim should be disallowed.

### B. The Indemnity Claim Is Based on Another Agreement.

Claimants do not directly address that Mr. Stryker's claims were not based on the Agreement (the Commercial Contract-Improved Property by which DIG acquired the Crowne Plaza Hotel), but under the separate Cooperating Brokerage Agreement signed by Mr. Stryker and Mr. Hui. Instead, Claimants only cite the seemingly broad language of the Agreement. *See* Response at 9. Under the Agreement, DIG agreed to indemnify Seller's Agent from any disputes as to the 2% real estate brokerage commission it was paying.

> Seller reaffirms its agreement to pay to Seller's Agent and Buyer's Agent a combined real estate brokerage commission equal to two percent (2%) of the Purchase Price to GoldenPalm International, LLC. Said commission is payable in full on the Closing Date and shall be paid through escrow, through closing at the Title Company. Escrow Agent is directed to make such payment to agents from Seller's proceeds of sale.
>
> Buyer agrees to fully and completely indemnify and hold Seller and Seller's Agent harmless from any and all commission disputes by any parties, including any alleged buyer's agent or procuring personnel.

Objection, Exhibit A. However, Mr. Stryker did not seek a percentage of that commission. Instead, Mr. Stryker sought a 3% commission on the sale from Mr. Hui, who said he was "with Hospitality Investments, Inc.":

> Peter Hui, with Hospitality Investments, Inc. (the "Listing Broker / Partner") has agreed to pay United Real Estate and Intergroup Companies ( the "Cooperating Broker's ) a total commission fee of 3% of the total sale price, regarding the Crowne Plaza Hotel located at 9090 Southwest Freeway, only if the transaction closes with one of the Cooperating Broker's registered Prospects. The Coop Fee shall be paid in full to the Cooperating Broker's at Closing. Cooperating Broker agrees to perform the following duties to the best of their abilities:

Objection, Exhibit D. Mr. Hui signed that agreement individually, and not on behalf of Hospitality Investments, Inc. (or Hospitality Unlimited Investments, Inc., the Claimant here):

*[Signatures: Gerrit Stryker (Cooperating Broker), 2/11/16; Peter Hui (Listing Broker/Partner), 2/11/16]*

In his Petition, Mr. Stryker asserted claims only under the Cooperative Broker Agreement:

> 4.02
>
> On or about February 11, 2016, United and Intergroup entered into a Cooperating Brokerage Agreement ("Agreement") with Defendants, under which Defendants, as Listing Broker/Partner, agreed to pay United and Intergroup, as Cooperating Broker, a three percent (3%) commission fee of the total sales price of the Crowne Plaza Hotel located at 9090 Southwest Freeway in Houston, Texas. Pursuant to the Agreement, the commission fee was to be paid in full upon closing. A true and correct copy of the Agreement is attached hereto as Exhibit "A."
>
> . . .
>
> To date, HUI has wholly failed and/or refused to pay the commission in question. On August 31, 2018, Plaintiffs made written demand upon HUI to pay the three percent (3%) commission pursuant to the terms of the Agreement and the subsequent extension of the Agreement. A true and correct copy of that demand letter is attached to this Petition as Exhibit "C." As of the date of filing this Petition, HUI has failed to pay the commission to Plaintiffs.

Objection, Exhibit D.

Despite Claimants' contention, it is impossible that Mr. Stryker requested a portion of Mr. Hui's broker's commission under the Agreement (the Commercial Contract-Improved Property). Rather, he requested a fee of 3% of the total sale price, an amount nearly $150,000 greater than

9

the total commission earned by *any agent* on the Crowne Plaza transaction. Under Claimants' interpretation of the Agreement, if Claimants had agreed under the Cooperating Brokerage Agreement to pay Mr. Stryker 100% of the transaction price and never disclosed that to DIG, DIG would still be responsible for indemnifying their agreement. Such an interpretation defies logic and must be rejected. Accordingly, the Claim should be disallowed.

### C. The Contract Requires Claimants to Only Look to Buyer's Agent.

Claimants argue that the Agreement does not require that they look solely to DIG's agent, Ms. Xie and Goldenpalm, for payment because the provision that "[a]ll expenses necessary to cover Buyer's duty to indemnify Seller, shall be deducted from Buyers['] Agent's commission" only applies to disputes before escrow closes. Response at pp. 5-7. However, the provision is not so limited under the Agreement. To the contrary, the provision applies "[i]n the event of any commission dispute" and is expressly extended "at least 12 months after the close of escrow":

> Buyer agrees to fully and completely indemnify and hold Seller and Seller's Agent harmless from any and all commission disputes by any parties, including any alleged buyer's agent or procuring personnel.
>   a. In the event of any commission dispute:
>
>     1. Buyer Agent's share of commission shall remain in the escrow, pending resolution, between/among the disputing parties.
>     2. If Buyer's Agent's commission is in dispute, and if Seller's Agent's commission is not in dispute, Escrow shall release Seller's Agent's commission to Seller's Agent without any further consent or approval by any parties.
>     2. No such parties, which are disputing commission payment, shall have the right to file a Lis Pendens or take any action to delay or otherwise impede, for whatever reason, the close of the escrow. Escrow is instructed to close escrow without further consent or signatures from Seller/Buyer.
>
>   b. All expenses necessary to cover Buyer's duty to indemnify Seller, shall be deducted from Buyers Agent's commission. Escrow is instructed to deduct from the sum prior to final distribution.
> THE ABOVE PROVISIONS SHALL SURVIVE AT LEAST 12 MONTHS AFTER THE CLOSE OF ESCROW

Objection, Exhibit A. Here, there is no evidence in the pleadings that Claimants have made demand upon Ms. Xie or Goldenpalm, and Claimants failed to name her as a defendant in the State Court Litigation or Underlying Litigation. As such, the Claim against the Receivership is barred by the plain language of the Agreement, and the Claim must be disallowed.

### D. The Claim Is Barred by Laches or the Failure to Pursue Other Remedies.

Finally, Claimants argue that their claim is not barred by failure to pursue other remedies because Receiver has not proven laches and no claim could have been filed for recovery of attorney's fees. Response at 7-8. These arguments also fail.

Claimants argue that Receiver has failed to show a change of position because of the delay. *Id.* But, as Claimants concede, funds were held in escrow to pay any claims to commissions. Had Claimants timely alerted Receiver of the claim or had Claimants delayed their withdrawal of funds from escrow or asserted a claim to any funds held in escrow, those funds would be available to pay Claimants' current demand for indemnity.

### IV. CONCLUSION

The Receiver's Affidavit in support of this Reply in Support of the Objection is attached as Exhibit 1 and is incorporated herein for all purposes.

WHEREFORE, Receiver requests that the Court enter an order disallowing the Claim in full and/or equitably estimating the value of the claim. Receiver also requests such other and further relief as is just.

Dated: May 15, 2023.

                              Respectfully Submitted,

                              NATHAN SOMMERS JACOBS
                              A PROFESSIONAL CORPORATION

                              By: /s/ *Iain L. C. Kennedy*
                                    Iain L. C. Kennedy
                                    Attorney-in-Charge
                                    Texas Bar. No. 24068094
                                    Federal ID No. 1066018
                                    Julie Le
                                    Texas Bar No. 24111324
                                    Federal ID No. 3778242
                                    2800 Post Oak Blvd. 61st Floor
                                    Houston, TX 77056
                                    (713) 960-0303 (main)
                                    (713)892-4800 (fax)
                                    ikennedy@nathansommers.com
                                    jle@nathansommer.com

                              **ATTORNEYS FOR RONALD J. SOMMERS, RECIEVER**

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 15, 2023, a true and correct copy of the foregoing was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system. The undersigned further certifies that the foregoing was served upon all parties listed below no later than the next day after the filing of the foregoing.

| | |
|---|---|
| Qianju Jiao<br>C/O Mosaic Paradigm Law Group Pc<br>10370 Richmond Ave., Suite 850<br>Houston, Texas 77042 | Stephanie G. Udayan<br>c/o Heidi A. Weelborg<br>Weelborg Law, PLLC<br>2121 Sage Road, Suite 100 |
| Jiatong Yu<br>c/o MOSAIC Paradigm Law Group PC<br>10370 Richmond Ave., Suite 850<br>Houston, Texas 77042 | Robert Caltabiano<br>c/o THE LAW OFFICES OF M. CODY MOORE, PLLC<br>19901 Southwest Freeway<br>Sugar Land, Texas 77479 |
| Xuanmei Zhou<br>c/o MOSAIC Paradigm Law Group PC<br>10370 Richmond Ave., Suite 850<br>Houston, Texas 77042 | Melissa Udayan<br>mel.udayan@gmail.com |
| Natura A-R<br>Janice Confer<br>6436 Babcock Rd.<br>San Antonio, Texas 78249 | Estate of Michael Udayan<br>c/o Stephanie Clarke Davis, Court-appointed Temporary 3rd Party Dependent Administrator<br>1117 FM 359, Ste. 200<br>Richmond, Texas 77406 |
| Peter Hui & Hospitality Unlimited<br>c/o The Mussalli Law Firm<br>2441 High Timbers Drive, Suite 220<br>The Woodlands, TX 77380 | Property Care Services LLC<br>c/o Carlos Campos<br>4118 Southfield Court<br>Houston, Texas 77045 |
| United Air Services<br>c/o Noe Llamas<br>2815 Connorvale Rd.<br>Houston, TX 77039 | |

                                               */s/ Iain L.C. Kennedy*
                                                   Iain L.C. Kennedy