# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| XIONGEN JIAO, an individual, QIANJI JIAO, an individual, ZHONGHUA YI, an individual, PENGFEI ZHOU, an individual, XUAMEI ZHOU, an individual,<br><br>*Plaintiffs,*<br><br>vs.<br><br>NINGBO XU, an individual, and LCL COMPANY, LLC, a Texas Limited Liability Company,<br><br>*Defendants,*<br><br>and<br><br>DONGTAI INVESTMENT GROUP, LLC, a Texas Limited Liability Company,<br><br>Nominal Defendant. | Case No.: 4:19-CV-01848<br><br>Judge: Hon. Keith P. Ellison |

## RECEIVER'S EVIDENTIARY OBJECTIONS AND REPLY IN SUPPORT OF OBJECTION TO CLAIM NO. 10 FILED BY PROPERTY CARE SERVICES LLC

Ronald J. Sommers, Receiver ("Receiver") for Dongtai Investment Group, LLC ("DIG"), pursuant to this Court's Order establishing procedures for the adjudication of claims (Dkt. 193), files this Receiver's Evidentiary Objections and Reply in Support of his Objection (Dkt. 201) (the "Objection") to Claim No. 10 (the "Claim"), which was filed by Property Care Services LLC ("Claimant").

## I. INTRODUCTION

Claimant seeks payment in the amount of $153,823.00 for purported deep-cleaning services at the Crown Plaza Hotel (the "Hotel") for the period April 2, 2021 to April 25, 2021 (the "Relevant Period"). Receiver objected, demanding that Claimant provide sufficient evidence that supports that the former receiver agreed to pay such amounts, that Claimant performed work supporting the demanded amount, and that Claimant had not already been paid for the work. In Response, Claimant fails to provide sufficient evidence to support its claim. Claimant submits the Affidavit of two associates and Claimant's owner which are riddled with hearsay and fail to establish the necessary elements of the claim. Moreover, Claimant's affidavit is seemingly contradicted by all the other evidence that Receiver has received. Because Claimant's evidence is insufficient and its credibility is unreliable, its claim should be denied.

## II. OBJECTIONS

The Court's Order Establishing Procedures for the Adjudication of Claims requires that any evidence supporting a Claimant's response to an objection must be submitted in the same manner as that required under Fed. R. Civ. P. 56 practice. (Dkt. 193). As such, the evidence submitted must comply with the Federal Rules of Evidence.

The Receiver objects to the Affidavit of Faramarz Salahshou ("Salahshou Aff."), which is Exhibit A to the Response, and Affidavit of Carlos Campos ("Campos Aff."), which is Exhibit C to the Response.

Specifically, the Receiver objects to Paragraphs 4, 5, 6, 7, 8 9, 10, and 11 of the Salahshou Aff. as hearsay. The Receiver further objects to Paragraph 7 as improper expert testimony that is prohibited under Rule 702. Mr. Salahshou's knowledge, skill, experience or training to offer such opinions has not been established, there is no evidence it is based on sufficient facts or data,

or that it is the product of reliable principles and methods. The Receiver further objects to Paragraph 4's statement that "Mr. Udayan . . . had the authority to manage all maintenance and repair activities for the operation of the hotel," Paragraph 8's statement that "they had an oral contract," and Paragraph 12's statement that "Carlos Campos was acting as an agent/owner of Property Care Services" as improper legal conclusions. The Receiver further objects to Paragraph 8's statement that ". . . that is why there was no written contract" as speculation.

The Receiver objects to the Campos Aff. Specifically, each of Mr. Campos' statements in the paragraph beginning "In the spring of 2021" are hearsay. The Receiver further objects to this paragraph as improper expert opinion that is prohibited by Rule 702. Mr. Campos' knowledge, skill, experience or training to offer such opinions has not been established, there is no evidence it is based on sufficient facts or data, or that it is the product of reliable principles and methods. The Receiver objects to the sentence in the final paragraph that "I am informed that the Hotel sold for significantly more than was estimated prior to the deep cleaning services provided by PCS" as hearsay.

### III.  ARGUMENT

Notwithstanding the evidentiary defects, the Proof of Claim lacks sufficient documentation to validate the more than $150,000 claim that Claimant has submitted. Despite Claimant's arguments to the contrary, it has provided insufficient evidence to show that there was an oral contract at an agreed amount, that the work was performed, and that the work has not been paid for. Moreover, the evidence that Claimant has provided—and that the Receiver has received from other sources—undermines Claimant's arguments.

Claimant asserts that it provided deep-cleaning services for the Hotel, which included removing collapsed drywall ceilings, chemically cleaning all carpets, and scrubbing mold off the

3

walls, for 243 suite rooms and all the common areas in the Hotel within a twenty-day period. Ex. C-4 to Claimant's Response (Invoice) (Dkt. 211-3). However, the Proof of Claim only substantiates that four people conducted work for the Hotel during this period for a sum total of less than $2,000. *See* Exhibit C-3 to Claimant's Response (attaching four checks, totaling $1,535.00, paid by Claimant to workers relating to the Hotel) (Dkt. 211-3). Although a vendor is entitled to make a profit, Claimant fails to present any evidence as to the other $151,000 that it seeks. Notably, despite the Receiver's request, Claimant did not provide any bank records or other financial records showing any cash withdrawals to pay Claimant's employees for their labor in providing the deep-cleaning services. Nor did Claimant provide 1099 or W-2 forms for its employees reflecting that they had been paid additional sums.

Claimant's argument that "he received no compensation for the deep cleaning work" is simply not credible because it is contradicted by the evidence that the Receiver has received. (Dkt. 211-3 at 2). Golden Bank produced checks of payments, attached hereto as <u>Exhibit 1</u> and <u>Exhibit 2</u>, to Claimant for cleanup work, totaling $18,631.00:





The $2,225.00 payment by DIG for cleaning services is supported by an invoice from Property Care Services that differs markedly in how it looks from the one that Claimant now relies upon:



Dongtai00087, attached hereto as <u>Exhibit 3</u>.

Notably, Claimant fails to even mention this invoice—let alone explain how work that was compensated at $15-20/hour rates now results in charges exceeding $150,000.[1]

---

[1] Mr. Campos' affidavit does mention a request in July 2021, from Mr. Udayan to Mr. Campos for additional cleaning work. See Campos Aff. At pp. 2 and Ex. 5. However, it appears that request may post-date the work above, as the only date reflected on the text messages is July 31, 2021. Even if the text messages do relate to the work invoiced July 16, 2021, it is hard to align the rates and amounts charged in July 2021 to what Mr. Campos seeks for April 2021. Applying the $20 rate received as compensation for his work in July as a test of the nearly $150,000 figure Mr. Campos seeks for the April work, Mr. Campos would have billed for nearly 7,500 hours of work over a 20-day period and only be able to account for less than $2,000 in labor costs.

Significantly, the Claim is also undermined by the sworn declaration of the former receiver. Mr. Udayan filed a Declaration of Michael Udayan (Court Appointed Receiver) dated August 2, 2021, in support of The Receiver and Plaintiffs' Expediated Joint Application for Approval of Dongtai's Allocation of Insurance Proceeds Agreement ("Application for Allocation") (Dkt. 166), attached hereto as <u>Exhibit 4</u>, including all exhibits, wherein Mr. Udayan testified that he kept and continually updated a spreadsheet accounting for all DIG's liabilities as part of his business of serving as the court-appointed receiver. Mr. Udayan attached the spreadsheet as Exhibit 1-A to the Application for Allocation. (Dkt. 166-1). Mr. Udayan testified that the spreadsheet represents all liabilities of DIG to Mr. Udayan's knowledge as of August 2, 2021. Notably, the spreadsheet indicates that Claimant had charged $14,500 for cleaning services and had been fully paid.

| Total outstanding expenses due for Dongtai Investments to be paid from Sale Proceeds | | | |
|---|---|---|---|
| Name of Vendor | Final Payoff on closing date | Disbursement from Sale proceeds | Disbursement from Insurance proceeds |
| Property Care Services | $14,500 | $14,500 | $0 |

Again, Claimant fails to even address Mr. Udayan's sworn declaration or explain how or why Mr. Udayan's calculation of a less-than-$15,000 charge (which had been paid) resulted in a claim for more than 10 times that amount. As such, Claimant has failed to establish the facts underlying its claim.

WHEREFORE, Receiver requests that the Court enter an order sustaining the Receiver's objections and denying that Claimant has submitted a prima facie valid claim. Receiver also requests such other and further relief as is just.

Dated: May 15, 2023.

Respectfully Submitted,

**NATHAN SOMMERS JACOBS
A PROFESSIONAL CORPORATION**

By: /s/ *Iain L. C. Kennedy*
    Iain L. C. Kennedy
    Attorney-in-Charge
    Texas Bar. No. 24068094
    Federal ID No. 1066018
    Julie Le
    Texas Bar No. 24111324
    Federal ID No. 3778242
    2800 Post Oak Blvd. 61st Floor
    Houston, TX 77056
    (713) 960-0303 (main)
    (713)892-4800 (fax)
    ikennedy@nathansommers.com
    jle@nathansommer.com

**ATTORNEYS FOR RONALD J. SOMMERS, RECIEVER**

# CERTIFICATE OF SERVICE

The undersigned certifies that on May 15, 2023, a true and correct copy of the foregoing was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system. The undersigned further certifies that the foregoing was served upon all parties listed below no later than the next day after the filing of the foregoing.

| | |
|---|---|
| Qianju Jiao<br>C/O Mosaic Paradigm Law Group Pc<br>10370 Richmond Ave., Suite 850<br>Houston, Texas 77042 | Stephanie G. Udayan<br>c/o Heidi A. Weelborg<br>Weelborg Law, PLLC<br>2121 Sage Road, Suite 100 |
| Jiatong Yu<br>c/o MOSAIC Paradigm Law Group PC<br>10370 Richmond Ave., Suite 850<br>Houston, Texas 77042 | Robert Caltabiano<br>c/o THE LAW OFFICES OF M. CODY MOORE, PLLC<br>19901 Southwest Freeway<br>Sugar Land, Texas 77479 |
| Xuanmei Zhou<br>c/o MOSAIC Paradigm Law Group PC<br>10370 Richmond Ave., Suite 850<br>Houston, Texas 77042 | Melissa Udayan<br>mel.udayan@gmail.com |
| Natura A-R<br>Janice Confer<br>6436 Babcock Rd.<br>San Antonio, Texas 78249 | Estate of Michael Udayan<br>c/o Stephanie Clarke Davis, Court-appointed Temporary 3rd Party Dependent Administrator<br>1117 FM 359, Ste. 200<br>Richmond, Texas 77406 |
| Peter Hui & Hospitality Unlimited<br>c/o The Mussalli Law Firm<br>24 Waterway Ave Ste 830<br>Spring, TX 77380-4324 | Property Care Services LLC<br>c/o T. Michael Neville<br>26314 Wedgewood Park Lane<br>Cypress, Texas 77433 |
| United Air Services<br>c/o Noe Llamas<br>2815 Connorvale Rd.<br>Houston, TX 77039 | Stacey L. Barnes<br>Kearney, McWilliams & Davis, PLLC<br>55 Waugh Drive, Suite 150<br>Houston, Texas 77007 |
| Hewlett-Packard Financial Services Company<br>c/o Kate R. Buck<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801 | |

                                                              */s/ Iain L.C. Kennedy*
                                                                       Iain L.C. Kennedy