# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **XIONGEN JIAO, an individual, QIANJI JIAO, an individual, ZHONGHUA YI, an individual, PENGFEI ZHOU, an individual, XUAMEI ZHOU, an individual,** *Plaintiffs,* vs. **NINGBO XU, an individual, and LCL COMPANY, LLC, a Texas Limited Liability Company,** *Defendants,* and **DONGTAI INVESTMENT GROUP, LLC,** a Texas Limited Liability Company, *Nominal Defendant.* | Case No.: 4:19-CV-01848 Judge: Hon. Keith P. Ellison |

## ORDER SUSTAINING RECEIVER'S EVIDENTIARY OBJECTIONS AND DISALLOWING CLAIM NO. 10 FILED BY PROPERTY CARE SERVICES LLC

CAME ON for consideration the Receiver's Evidentiary Objections ("Evidentiary Objections") and Reply in Support of his Objection (Dkt. 201) (the "Objection") to Claim No. 10 (the "Claim"), filed by Property Care Services, LLC. The Court, after reviewing the Objection, the Evidentiary Objections, considering the arguments of counsel, and considering the evidence, finds as follows:

For all objections that are sustained as indicated herein below:

It is ORDERED, ADJUDGED, and DECREED that all such items or matters are hereby

1

stricken from the record and are not considered by the Court as part of the Proof of Claim supporting the Claim.

The Receiver's objections that Paragraphs 4, 5, 6, 7, 8 9, 10, and 11 of the Affidavit of Faramarz Salahshou ("Salahshou Aff.") are hearsay are SUSTAINED.

The Receiver's objection that Salahshou Aff. Paragraph 7 is improper expert testimony that is prohibited under Fed. R. Evid. 702 is SUSTAINED.

The Receiver's objections that Salahshou Aff. Paragraph 4's statement that "Mr. Udayan . . . had the authority to manage all maintenance and repair activities for the operation of the hotel," Salahshou Aff. Paragraph 8's statement that "they had an oral contract," and Salahshou Aff. Paragraph 12's statement that "Carlos Campos was acting as an agent/owner of Property Care Services" are improper legal conclusions are SUSTAINED.

The Receiver's objection that Salahshou Aff. Paragraph 8's statement of that ". . . that is why there was no written contract" is speculation is SUSTAINED.

The Receiver's objection that the paragraph beginning "In the spring of 2021" of the Affidavit of Carlos Campos ("Campos Aff.") is hearsay is SUSTAINED.

The Receiver's objection that the paragraph beginning "In the spring of 2021" of Campos Aff. is improper expert opinion that is prohibited by Fed. R. Evid. 702 is SUSTAINED.

The Receiver's objection that the sentence in the final paragraph of Campos Aff. that "I am informed that the Hotel sold for significantly more than was estimated prior to the deep cleaning services provided by PCS" is hearsay is SUSTAINED. It is further

ORDERED, ADJUDGED, AND DECREED that the Objection is SUSTAINED; and it is further

ORDERED, ADJUDGED, AND DECREED that Claim No. 10 is DISALLOWED in its

entirety.

Signed the _____ day of May, 2023.

_____
UNITED STATES DISTRICT JUDGE