United States District Court
Southern District of Texas
**ENTERED**
September 21, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **XIONGEN JIAO, an individual, QIANJI JIAO, an individual, ZHONGHUA YI, an individual, PENGFEI ZHOU, an individual, XUAMEI ZHOU, an individual,**  *Plaintiffs,*  vs.  **NINGBO XU, an individual, and LCL COMPANY, LLC, a Texas Limited Liability Company,**  *Defendants,*  and  **DONGTAI INVESTMENT GROUP, LLC, a Texas Limited Liability Company,**  Nominal Defendant. | **Case No.: 4:19-CV-01848** |

## ORDER CLOSING CASE

The Court has considered the Receiver for Dongtai Investment Group ("DIG")'s Motion to Close Out Receivership and Request to Pay Professional Fees ("Motion") (Dkt. 235). The Court finds that the Receiver properly and diligently performed all responsibilities and duties as required of him under the Order Granting Plaintiffs' Unopposed Motion for Appointment of Ronald J. Sommers as the Receiver for DIG ("Appointment"). (Dkt. 175). Specifically, the Court finds that the Receiver properly and diligently performed the following responsibilities and duties:

a. Exercised the powers as a manager of DIG under Texas law and DIG's First Amended and Restated Operating Agreement for DIG's dissolution;

b. Took all actions the Receiver considered appropriate or expedient to liquidate DIG's assets and wound-up DIG's business affairs;

c. Accessed DIG's books, records, and assets;

d. Reinstated DIG with the Texas Secretary of State;

e. Collected debts owed to DIG;

f. Pursued, settled, released, or obtained release of, for cash or other consideration, claims and demands against DIG;

g. Paid any sum the Receiver deemed necessary or advisable to preserve, conserve, or protect DIG's assets or property;

h. Paid, out of the assets of DIG, all approved claims of indebtedness in accordance with the priorities;

i. Negotiated, settled, paid, satisfied, and discharged all DIG's debts, liabilities and obligations;

j. Employed accountants and attorneys to give advice and assistance to the receivership on the dissolution;

k. Executed corporate documents for DIG's dissolution;

l. Instituted, prosecuted, maintained, defended, intervened, and otherwise participated in any legal proceeding by or against DIG;

m. Distributed all remaining assets of DIG to its members, Qianju Jiao (28.52%), Xuanmei Zhou (28.52%), and Jiatong Yu (42.96%) on a pro-rata basis of the percentage of their membership interests;

n. Contacted DIG's members and updated the process and status of winding up, through their attorney;

o. Paid, out of the assets of DIG, all expenses of the receivership and all costs of

  carrying out or exercising the rights, power, privileges, and duties as receiver; and

p. Took all other actions the Receiver considered necessary for DIG's dissolution.

As such, the Court finds that the relief requested in the Motion should be granted. Accordingly, it is therefore **ORDERED** that the Motion is

**GRANTED.** It is further **ORDERED** that:

a. the Assignment of Judgment and Assignment of Brokerage Fee Claim in the form of Exhibits 2 and 3, respectively, is approved;

b. the Receiver's Final Accounting is approved;

c. the Receiver shall pay his counsel, Nathan Sommers Jacobs, $27,167.24, inclusive of estimated fees and expenses, his accountant, TPS-West, LLC, $5,232.74, and his Receiver fee $13,166.02, inclusive of estimated fees and expenses;

d. the Receiver shall distribute to Qianju Jiao 28.52%, Xuanmei Zhou 28.52%, and Jiatong Yu 42.96% of the remaining funds on deposit;

e. the Receiver shall file DIG's final tax return with the Internal Revenue Service within 15 days of entry of this Order Closing Case;

f. the Receiver shall file DIG's certificate of termination with the Texas Secretary of State within 15 days of entry of this Order Closing Case;

g. the Receiver shall destroy and dispose of all DIG's business records further notice or hearing if, within 15 days after entry of the Order Closing Case, DIG's members do not take custody of such records;

h. all the Receiver's activities taken with respect to the administration of the receivership was proper and in the best interests of the receivership estate and is hereby ratified by the Court;

i.  upon completing the forgoing activities, the Receiver shall be discharged and released from any further obligations or responsibilities in connection with this receivership.

**IT IS SO ORDERED.**

SIGNED at Houston, Texas on this the __20th__ day of September, 2023.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE